UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLENE A. ROYCE, as parent and guardian of TIFFANY M. WHEELER, a Minor, : | **JUDGE SWEET** |
| Plaintiff, : | |
| - against - : | **COMPLAINT** |
| THOMAS R. WHEELER, LISA W. HUZELLA, : and MICHAELON A. WRIGHT, each individually and as acting successor trustee of the Thomas M. Wheeler Revocable Trust, u/a dated : April 9, 1986, as Amended and Restated, and 43 WEST 64TH STREET LLC, a Michigan : corporation, | **TRIAL BY JURY REQUESTED** 07 Civ. No. CV 10968 |
| Defendants. : | **RECEIVED** DEC 0 3 2007 U.S.D.C. S.D. N.Y. CASHIERS |

Plaintiff, Charlene Royce ("Plaintiff"), as parent and guardian of Tiffany M. Wheeler, an

infant, by and through Plaintiff's undersigned attorneys, for her Complaint against Thomas R.

Wheeler, Lisa W. Huzella, Michaelon A. Wright (each individually and as acting successor

trustee of the Thomas M. Wheeler Revocable Trust, u/a dated April 9, 1986, as Amended and

Restated (the "Wheeler Trust" or the "Trust")) (collectively, the "Individual Defendants"), and

43 West 64th Street LLC (collectively, "Defendants"), alleges as follows:

## Introduction

1.      This is an action for construction of an instrument and declaratory and related

relief concerning the rights of Plaintiff's ward, her minor daughter, Tiffany M. Wheeler

("Tiffany"), with respect to (a) an *inter vivos* trust established by Tiffany's father, Thomas M.

Wheeler, who died in Florida on February 8, 2007 ("Mr. Wheeler") and (b) a condominium

apartment at 43 West 64th Street, New York, New York (Unit 4A, with Storage Units Nos. 7 and

8 and appurtenant property and rights), where Tiffany and her sister Krystal live with their mother (the "Apartment").

2.      This action is brought in order that Plaintiff, on behalf of her daughter and legal ward, Tiffany, whose interests Plaintiff is charged with protecting, may determine Tiffany's rights in and to her father's substantial wealth. As set forth in further detail below, a 2002 amendment to the Wheeler Trust (which, upon information and belief held a substantial portion of Mr. Wheeler's wealth at the time of his death) provided that Tiffany and her sister Krystal were entitled to an equal share with their half-siblings (the Individual Defendants herein) of the property disposed of under the Trust. However, shortly before Mr. Wheeler died, after a long period of suffering in the advanced stages of kidney cancer, he purportedly executed two amendments to the Trust that significantly reduced Tiffany's (and Krystal's) interests thereunder. The first of those suspect amendments, dated January 6, 2007 (one month before Mr. Wheeler died), reduced the girls' share of the Trust to a fixed dollar amount and shared ownership of the Apartment (all to be held in further trust). The second amendment, dated January 22, 2007 (17 days before he died), purported to deprive them of the Apartment and leave them only the fixed dollar amount in trust.

3.      The circumstances under which those purported amendments were executed raise grave concerns. At the times those suspect documents were prepared and purportedly executed, Mr. Wheeler was in an acute and terminal medical condition. Upon information and belief, he received extensive medication and treatment at a medical facility in Arizona for many months until early February 2007, when he was flown to West Palm Beach, Florida, where he died in the ICU of a hospital a few days later. In addition, his living situation in Arizona presented ample opportunity for subjecting him to undue influence by his only son, Defendant Thomas R.

Wheeler ("Tommy"), from whom, upon information and belief, Mr. Wheeler had previously been estranged for some years, and by Tommy's two sisters, Defendants Lisa W. Huzella and Michaelon A. Wright (half-sisters of Tiffany and Krystal). During most of Mr. Wheeler's final illness and at the time of the suspect documents, he was far away from any of his personal residences and confined primarily to a house of Tommy's in Fountain Hills, Arizona.

4.      In addition, upon information and belief, the Individual Defendants made a concerted effort during the period of Mr. Wheeler's confinement and medical treatment in Arizona during his final illness to deprive him of access to his two younger daughters, despite his declared desire to see them.

5.      It is also significant that the suspect amendments executed so shortly before Mr. Wheeler's death were not drafted by the lawyers who had prepared the original trust instrument in 1986 and prior amendments, including the 2002 amendment under which Tiffany and Krystal were treated essentially equally with their half-siblings. Instead, the January 2007 amendments were drafted (and the execution of at least the first of them supervised) by a different set of lawyers. Upon information and belief, those lawyers owed their primary allegiance to Mr. Wheeler's son, Defendant Thomas R. Wheeler, and appear to have been in a position of conflict of interest in preparing the January 2007 documents.

6.      The purported amendments, moreover, were utterly contrary to the long-standing desire consistently expressed by Mr. Wheeler -- to Plaintiff, Tiffany and Krystal and others -- that Tiffany and Krystal be treated equally with their half-siblings upon his death and that the girls continue to live in and eventually own the Apartment.

7.      The Individual Defendants and/or their counsel have tried to deter any inquiry into the disturbing circumstances presented herein by withholding from Plaintiff and her

daughters until very recently a copy of the 2002 amendment to the Trust, under which Tiffany and Krystal receive essentially equal treatment with their half-siblings with respect to the property in their father's Trust.

8.    In addition, the suspect amendments drafted by Defendants' counsel purport to contain *in terrorem* clauses aimed at dissuading Tiffany and Krystal (and their mother, Plaintiff Charlene Royce, as legal guardian of Tiffany) from challenging the validity of those amendments. The relief sought here has accordingly been styled in order not to trigger those clauses in the purported January 2007 amendments or abridge the girls' rights in the Wheeler Trust, but seeks a construction and determination that the *in terrorem* clauses are unenforceable and ineffective to preclude the other relief sought herein.

## Parties

9.    Plaintiff, Charlene Royce, is the mother and legal guardian of Tiffany M. Wheeler, a minor. They reside together at 43 West 64th Street, Unit 4A, New York, New York.

10.    Defendant Thomas R. Wheeler ("Tommy") is a resident of the State of Colorado, residing at 910 Ute Avenue, Aspen, Colorado 81611. He is sued herein individually and as purported successor trustee of the Wheeler Trust.

11.    Defendant Lisa W. Huzella ("Lisa") is a resident of the State of Colorado, residing at 387 Pilgrim Downs, Edwards, Colorado 81632. She is sued herein individually and as purported successor trustee of the Wheeler Trust.

12.    Defendant Michaelon A. Wright ("Michaelon") is a resident of the State of Florida, residing at 530 Ocean Drive #1002, Juno Beach, Florida. She is sued herein individually and as purported successor trustee of the Wheeler Trust.

13.     43 West 64th Street LLC is a Michigan limited liability company, duly organized and existing under the laws of Michigan, and, upon information and belief, maintains its principal place of business at 2120 Austin Avenue, Rochester Hills, Michigan 48309.

### Jurisdiction and Venue

14.     This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between a citizen of the State of New York (Plaintiff) and citizens of foreign states (Defendants).

15.     This Court has personal jurisdiction over the Individual Defendants by virtue of the acts they have taken and purported to take with respect to property of the Wheeler Trust that is now or has been located in the State of New York.  This includes, without limitation, the Apartment and securities or other accounts that, upon information and belief, are or have been located in, or borrowings that have occurred, in the State of New York.  Such acts by one or more of the Individual Defendants have included, *inter alia*, communications, directly and through agents, to and from the State of New York.

16.     This Court has personal jurisdiction over Defendant 43 West 64th Street LLC because, *inter alia*, its main asset, the Apartment at 43 West 64th Street (Unit 4A and related real property) is located in the State of New York.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

### Facts

**A.  Tiffany Wheeler**

18.     Tiffany (age 17) is the youngest of the five children of Thomas M. Wheeler.  She and her sister, Krystal Wheeler (age 19), live with their mother, Plaintiff Charlene Royce, at the Apartment.

19.     Tiffany and Krystal have three half-siblings, in their 50's, Defendants Thomas R. Wheeler, Liza W. Huzella and Michaelon A. Wright.

20.     Tiffany's father had great affection for her and for her sister Krystal.  Although the girls lived with their mother after their parents separated, Thomas M. Wheeler frequently visited with Tiffany and Krystal and their mother and made lengthy trips together with them.

21.     For many years Tiffany and Krystal lived in Aspen, Colorado with their mother, and in 2003 they moved to New York City and took up residence in the Apartment.

22.     Mr. Wheeler, through the Wheeler Trust, bought the Apartment for Tiffany and Krystal to live in, and he often saw them before his final illness.

23.     Mr. Wheeler consistently expressed his love and affection for Tiffany and Krystal.

24.     Mr. Wheeler also advised Tiffany and Krystal and their mother, Plaintiff, Charlene Royce that he intended to provide for the girls equally with their half-siblings upon his death.

**B. Thomas M. Wheeler, Electro-Wire and TMW Enterprises**

25.     Tiffany's father, Thomas M. Wheeler (not to be confused with his son, Thomas R. Wheeler, who has a different middle initial), was a highly successful businessman who owned and controlled substantial assets at the time of his death.

26.     Among Mr. Wheeler's successful business ventures was a company called Electro-Wire Products, which he founded in the early 1970's.  Under his leadership Electro-Wire grew and prospered, with annual revenue exceeding $500 million by 1995, at which time its core operations were sold to Alcoa for several hundred million dollars.

27.     After selling the core operations of Electro-Wire, the company was renamed TMW Enterprises, Inc. ("TMW").

28.     After the Electro-Wire sale, Mr. Wheeler continued to invest in a variety of businesses and real estate through TMW.

29.     TMW's corporate headquarters are located in Rochester Hills, Michigan.

30.     TMW was privately held during Mr. Wheeler's lifetime and continues to be privately held today.

## C. The Wheeler Trust and 2002 Amendment

31.     Upon information and belief, prior to Mr. Wheeler's death in February 2007, he placed a substantial portion of the property that he owned and controlled in a revocable *inter vivos* trust he first established in 1986 and subsequently amended and restated.

32.     On April 9, 1986 Mr. Wheeler created the Thomas M. Wheeler Revocable Trust, under agreement between himself as Settlor and as Trustee (the "Wheeler Trust"). After amendments dated December 14, 1995 and April 15, 1996, Mr. Wheeler executed the "2002 Amendment and Restatement of the Thomas M. Wheeler Revocable Trust," dated May 11, 2002 (the "2002 Amendment").

33.     The 2002 Amendment provided that, after various specific gifts of cash and property and a substantial provision for the Wheeler Family Foundation, the rest of the trust property would be distributed in equal shares to his five children, with the shares for his younger daughters, Tiffany and Krystal, to be held in trust.

34.     The 2002 Amendment also provided that all of Mr. Wheeler's tangible personal property held in the Trust be given "in as nearly equal shares as practicable" to each of his five children.

- 8 -

35.     The successor trustees named in the 2002 Amendment, to succeed Mr. Wheeler upon his death or resignation, were two individuals and a corporate trustee.  One individual (referred to as the "Family Trustee") was to be selected by majority vote of his three oldest children from among Mr. Wheeler's descendants; the other individual (referred to as the "Family Office Trustee") was to be selected by the president of TMW from among four named individuals who were longtime employees or advisors of that family business.  The designated "Corporate Trustee" was The Rockefeller Trust Company of New York, New York.

36.     The 2002 Amendment contained a governing law provision specifying New York law.  In particular, Article EIGHTH thereof provided:  "The validity, construction and effect of the provisions of this Agreement, in all respects, shall be governed and regulated according to and by the laws of the State of New York and all questions involving the validity and administration of any trust hereby created shall be determined in accordance with said laws."

37.     Among the witnesses to the 2002 Amendment were Laurence M. Luke and James P. Dean, both lawyers who had represented Mr. Wheeler and his interests for a long time.  Mr. Luke prepared the initial 1986 Trust instrument, and Mr. Dean had witnessed the execution of the December 14, 1995 and April 15, 1996 amendments.

**D.  Mr. Wheeler's Final Illness and Confinement in Arizona**

38.     Mr. Wheeler died in Florida on February 8, 2007 after a long struggle with kidney cancer.

39.     Mr. Wheeler learned of problems with his kidneys some years before he was diagnosed with cancer.

40.     In February 2006 he had one kidney removed as part of his cancer treatment.

41.    By June 2006 he was weak and depressed and seriously concerned about the likely terminal nature of his illness.

42.    Although Mr. Wheeler had been alienated from his son, Defendant Thomas R. Wheeler, for some years, he was persuaded to undergo treatment at a medical facility near a home that was, upon information and belief, owned or occupied by Tommy in Fountain Hills, Arizona.

43.    In September 2006 Mr. Wheeler began treatment at a medical facility near Tommy's home in Fountain Hills.

44.    Upon information and belief, Mr. Wheeler stayed at Tommy's home until the first week of February 2007, when he was flown in a private jet to West Palm Beach, Florida, shortly before his death.

45.    During the time that Mr. Wheeler was confined to Tommy's home in Arizona, communications with his youngest daughters, Tiffany and Krystal, were cut off, and requests that they and Plaintiff made to visit him and even to obtain his telephone number were refused.

46.    The course of Mr. Wheeler's illness while he was confined in Arizona was painful and inexorable.

47.    When Mr. Wheeler was on his death bed in February one or more of the Individual Defendants reported to Plaintiff for the first time that in October 2006 Mr. Wheeler had suffered a particularly acute episode and almost died.

48.    Upon information and belief, during the time of Mr. Wheeler's confinement in Arizona he was suffering from stage four cancer and required multiple blood transfusions each week.

49.    During that time he received extensive medication, including pain killers.

50.     Mr. Wheeler also had 24-hour private nursing care for much of the time that he was in Arizona.

**E.  The suspect January 6, 2007 and January 22, 2007 Amendments**

51.     On Saturday, January 6, 2007 Mr. Wheeler purportedly executed an amended and restated trust agreement dramatically reducing the interests of his youngest daughters, Tiffany and Krystal, in the distributions to be made from the Wheeler Trust upon his death.

52.     The January 6, 2007 document was prepared by the Michigan firm of Honigman, Miller Schwartz and Cohn LLP.  Two partners of that firm, Charles Nida and Patrick Duerr, signed as witnesses.

53.     On the same day, a purported Last Will and Testament was executed by Mr. Wheeler, also witnessed by Messrs. Nida and Duerr.  This document recites that Mr. Wheeler is "of the City of Palm Beach Gardens, County of Palm Beach, and State of Florida," and that the document was signed "at the City of Fountain Hills, County of Maricopa, and State of Arizona."

54.     Upon information and belief, the purported will dated January 6, 2007 has not been probated or offered for probate, and no notice of any probate or probate proceeding has been sent to or received by Tiffany or any representative for her.

55.     The purported January 6, 2007 amendment to the Wheeler Trust purports to reduce the interests of Tiffany and Krystal under the Wheeler Trust from an equal share of the residue with their half-siblings, the Individual Defendants, to a gift in trust of $5 million each and a one-half share each of the ownership rights to the Apartment (also in trust).

56.     The January 6, 2007 document also purports to change the fiduciary designations for the Wheeler Trust, naming the Individual Defendants, Thomas R. Wheeler, Lisa W. Huzella

and Michaelon A. Wheeler, as successor trustees instead of the Family Trustee, Family Office Trustee and Corporate Trustee provided for under the 2002 Amendment.

57.     The January 22, 2007 document was also prepared by the Honigman firm, but it was not witnessed by Messrs. Nida or Duerr or any other lawyers from that firm.

58.     The January 22, 2007 document was also purportedly signed in Fountain Hills, Arizona.

59.     The January 22, 2007 purportedly further reduces the interests of Tiffany and Krystal under the Wheeler Trust by eliminating the distribution to them of shared ownership of the Apartment.

60.     Both the January 6, 2007 and January 22, 2007 documents contain a purported *in terrorem* clause, providing, *inter alia*, that distributions to any beneficiary challenging the validity of those purported trust agreements (or the purported will dated January 6, 2007) will lapse.

61.     The purported *in terrorem* clauses in the purported January 6, 2007 and January 22, 2007 amendments to the Wheeler Trust, however, are unenforceable and ineffective to preclude the relief sought herein.

## F. Ownership of the Apartment

62.     After Mr. Wheeler's death the Individual Defendants have purported to act as successor trustees of the Wheeler Trust.

63.     Among other acts that the Individual Defendants have undertaken as purported successor trustees, they have, through their counsel at the Honigman firm, threatened to evict Tiffany and Krystal from the Apartment.

64.     In May or June 2007, with the assistance of the Honigman firm, the Individual

Defendants purported to arrange the transfer from the Wheeler Trust to Defendant 43 West 64th

Street LLC (a Michigan corporation) of ownership of the Apartment and appurtenant property.

65.     In light of the foregoing facts and circumstances, a substantial issue exists as to

whether the purported transfer of the Apartment to Defendant 43 West 64th Street LLC was

valid.

### FIRST CAUSE OF ACTION
### (Construction)

66.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing

paragraphs.

67.     By virtue of the foregoing, Plaintiff is entitled to an order construing the *in*

*terrorem* clause of the purported January 6, 2007 and January 22, 2007 amendments, and

declaring that Plaintiff is entitled, without triggering or violating such clause, to full discovery

into relevant facts relating to (a) the circumstances of the preparation and execution of those

documents, (b) the physical, mental and emotional condition of Thomas M. Wheeler at the time

of executing those documents and for the relevant period prior and subsequent thereto, (c) his

possible subjection to undue influence and/or fraud by Defendant Thomas R. Wheeler, the other

Individual Defendants and any of their agents or others, (d) the nature and extent of the assets

held by the Wheeler Trust at all relevant times and (e) the nature and extent of all transfers of

assets by the Wheeler Trust and/or Mr. Wheeler to any of the Individual Defendants, including,

without limitation, the nature and extent of all gifts and loans to them.

## SECOND CAUSE OF ACTION
### (Declaratory Relief)

68.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

69.    By virtue of the foregoing, Plaintiff is entitled to a declaration, upon completion of the discovery described above, determining (a) whether and to what extent either or both of the subject January 2007 documents are invalid and (b) who the duly authorized Trustees are of the Wheeler Trust.

## THIRD CAUSE OF ACTION
### (Accounting by Duly Authorized Trustees)

70.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

71.    By virtue of the foregoing, Plaintiff is entitled to an accounting by the duly authorized Trustees of the Wheeler Trust of all proceedings with respect thereto from the inception of the Trust to the date of the accounting.

## FOURTH CAUSE OF ACTION
### (Accounting by Individual Defendants)

72.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

73.    By virtue of the foregoing, Plaintiff is entitled to an accounting by the Individual Defendants with respect to all distributions made to them at any time of property held by the Wheeler Trust.

## FOURTH CAUSE OF ACTION
### (Declaration of Rights with respect to the Apartment)

74.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

75.    By virtue of the foregoing, Plaintiff is entitled to a declaration as to the ownership of and right to occupy the Apartment.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a)    construing the subject January 6, 2007 and January 22, 2007 documents, in light of applicable law, and determining and declaring that Plaintiff may pursue discovery and other proceedings with respect to the validity of said documents without triggering or violating the *in terrorem* clauses therein;

b)    determining and declaring, upon completion of such discovery, whether either or both of the purported January 6, 2007 and January 22, 2007 amendments are invalid;

c)    determining and declaring, upon completion of such discovery, who are the duly authorized Trustees of the Wheeler Trust;

d)    requiring the duly authorized Trustees to provide an accounting of the Trust, from inception to the date of Mr. Wheeler's death and from that date to the present;

e)    requiring Defendants Thomas R. Wheeler, Lisa W. Huzella and Michaelon A. Wheeler to account for all distributions made to them of property held by the Wheeler Trust;

f)     determining and declaring, upon completion of appropriate discovery, whether the purported transfer of the condominium Apartment at 43 West 64th Street, New York, New York from the Thomas M. Wheeler Trust to 43 West 64th Street LLC was valid;

g)     awarding Plaintiff all costs, expenses and reasonable attorneys fees incurred in prosecuting this action; and

h)     awarding Plaintiff such further relief as may be necessary to make effective the rights declared herein, and any other relief as the Court deems proper.

Dated: New York, New York
       December 3, 2007

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
     Charles G. Berry (CB 2389)
     Yue-Han Chow (YC 4393)
     399 Park Avenue
     New York NY 10022-4690
     (212) 715-1000

*Attorneys for Plaintiff, Charlene Royce, as Parent and Legal Guardian of Tiffany M. Wheeler, a Minor*

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, hereby demands trial by jury for all issues so triable.

Dated: New York, New York
December 3, 2007

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
Charles G. Berry (CB 2389)
399 Park Avenue
New York NY 10022-4690
(212) 715-1000

*Attorneys for Plaintiff*