UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLENE ROYCE, as parent and guardian of : 
TIFFANY M. WHEELER, a Minor, :
: 
        Plaintiff, :
:
v. :
:
THOMAS R. WHEELER, LISA W. :
HUZELLA, and MICHAELON A. WRIGHT, : Civil Action No.: 07-CV-10968 (RWS)
each individually and as acting successor trustee :
of the Thomas M. Wheeler Revocable Trust, u/a :
dated April 9, 1986, as Amended and Restated, : AFFIDAVIT OF
43 WEST 64TH STREET LLC, a Michigan : PATRICK T. DUERR
corporation, and WHEELER FAMILY :
FOUNDATION, INC., a Delaware nonprofit :
corporation, :
:
        Defendants, :
:
– and – :
:
KRYSTAL WHEELER, :
:
        Nominal Defendant. :
:

---

STATE OF MICHIGAN  )
         ) ss:
COUNTY OF WAYNE  )

  PATRICK T. DUERR, being duly sworn, hereby deposes and says:

  1.  I am an attorney with the law firm of Honigman Miller Schwartz and Cohn LLP, 2290 First National Building, 660 Woodward Avenue, Detroit, Michigan 48226-3506, co-counsel to Defendants Thomas R. Wheeler, Lisa W. Huzella and Michaelon A. Wright, acting in their capacities as Co-Trustees of the Thomas M. Wheeler Revocable

Trust, dated April 9, 1986, as amended and restated (the "Trust"), and Defendants 43 West 64th Street LLC, and Wheeler Family Foundation, Inc. (collectively, the "Defendants").

2.  I submit this affidavit in support of the Defendants' Motion to Dismiss the above-captioned action for lack of subject matter jurisdiction, and to put before this court certain documents and information relating thereto. I base this affidavit upon my personal knowledge and a review of relevant records and public filings. I am not related to the Decedent and I am not entitled to receive any portion of his Estate or Trust.

3.  Mr. Wheeler ("Mr. Wheeler" or "Decedent") died in West Palm Beach, Florida, on February 9, 2007.

4.  Mr. Wheeler had two children with Charlene Royce, named Tiffany M. Wheeler and Krystal Wheeler (collectively, the "Royce Group"). Mr. Wheeler and Ms. Royce were never married.

5.  Mr. Wheeler previously purchased an apartment located at 43 West 64th Street, New York, New York (the "New York City Apartment"), which he allowed the Royce Group to occupy as a residence. On information and belief, the Royce Group continues to occupy the New York City Apartment until the present time.

6.  Shortly after Mr. Wheeler's death, the Royce Group was advised of the provisions of the Will and Trust relating to them. As counsel for the Co-Executors and Co-Trustees, I engaged in discussions with Derek Sells and others from the Cochran Firm, The Woolworth Building, 233 Broadway, 5th Floor, New York, New York 10279 (counsel for the Royce Group), in connection with a request for the Royce Group to temporarily occupy the New York City Apartment until approximately November 2007, at which point the Royce Group would be moving to another apartment which they had allegedly acquired on or about February 2007.

7.    In connection with these discussions, counsel for the Royce Group requested copies of the governing Trust and Will documents, as well as prior versions of the documents. After entering into an appropriate non-disclosure agreement to keep the documents confidential, the Royce Group was provided with copies of the relevant documentation.

8.    The Co-Executors and Co-Trustees discussed an agreement with the Royce Group to allow them to remain in the Apartment until November 2007, in exchange for an agreement to pay a monthly charge of $9,000.00 for rent. As an accommodation to the Royce Group, this amount was a significant discount from the fair market rental for the Apartment.

9.    Through October of 2007, the Royce Group did not raise any issue relating to the disposition of the New York City Apartment, as provided in the Trust. Nor did the Royce Group make any claims or arguments such as those contained in the allegations in the Complaint in the above-captioned action.

10.   In early November 2007, the Royce Group, through its counsel, Derek Sells, informed counsel for the Co-Executors and Co-Trustees, that the Royce Group did not acquire the other residence and now wished to consider the purchase of the New York City Apartment. Derek Sells also made an overture whereby the Apartment would be sold with the Royce Group keeping the proceeds after the payment of debts. This proposal was immediately rejected.

11.   In an effort to alternatively pursue an outright sale to the Royce Group, arrangements were discussed with the Royce Group's attorney, Derek Sells, for the real estate brokerage firm Brown Harris Stevens of New York City, to visit the New York City Apartment for the purpose of performing an appraisal to determine a sale price for the sale to the Royce Group.

12. While awaiting for a response from Derek Sells for a mutually agreeable time to conduct a review of the premises by the real estate broker, the Royce Group hired new counsel and for the first time, objected to the validity of Mr. Wheeler's Will and Trust in the form of the initial and amended Complaint in the above-captioned action, when it was filed on December 3, 2007. Upon inquiry, Derek Sells also advised me that he had no knowledge of the filing of the Complaint.

      \*  \*  \*  \*  \*

The above facts are true and correct, to the best of my knowledge, information and belief.

DATED: Detroit, Michigan
     March 14, 2008



Patrick T. Duerr

Sworn to and subscribed
before me this 14th day of March, 2008.

_Diane Reichmann_
Notary

```
DIANE REICHMANN
Notary Public - Michigan
Macomb County
My Commission Expires Jul 29, 2014
Acting in the County of Wayne
```