UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                              :

CHARLENE ROYCE, as parent and guardian of:
TIFFANY M. WHEELER, a Minor,           :

                              :
                        Plaintiff,    :

                              :
     v.                          :
                              :

THOMAS R. WHEELER, LISA W.      :
HUZELLA, and MICHAELON A. WRIGHT,  :
each individually and as acting successor trustee :    Civil Action No.: 07-CV-10968 (RWS)
of the Thomas M. Wheeler Revocable Trust, u/a :
dated April 9, 1986, as Amended and Restated,  :
43 WEST 64TH STREET LLC, a Michigan        AFFIDAVIT OF
corporation, and WHEELER FAMILY      :        AMY STEWART SANDERS
FOUNDATION, INC., a Delaware nonprofit  :
corporation,                      :

                              :
                    Defendants,   :

                              :
     – and –                    :

                              :
KRYSTAL WHEELER,             :

                              :
              Nominal Defendant.  :
———————————————————————

STATE OF TEXAS        )
                     ) ss:
COUNTY El PASO     )

     Amy Stewart Sanders, being duly sworn, hereby deposes and says:

     1.     I am a partner in the law firm of Ryan Sanders & Gluth, LLP, 310 N. Mesa,

Suite 300, El Paso, Texas 79901.

     2.     I represent the above-named defendants, Thomas R. Wheeler, Michaelon A.

Wright and Lisa W. Huzella, acting in their capacities as Independent Co-Executors of

the Estate of Thomas M. Wheeler, deceased ("Mr. Wheeler" or "Decedent"), and in their capacities as Co-Trustees of the Thomas M. Wheeler Trust, arising under an agreement originally dated April 9, 1986, as amended thereafter, in connection with probate proceedings pending in the state of Texas before the El Paso County Statutory Probate Court #2, in the case captioned *In the Matter of the Estate of Thomas M. Wheeler*, Case No. 2007-P00529 (the "Texas Probate Proceedings").

3.      I submit this affidavit in support of the Defendants' Motion to Dismiss the above-captioned action for lack of subject matter jurisdiction, and to put before this court certain documents and information relating thereto. I base this affidavit upon my personal knowledge and a review of relevant records and public filings.

4.      I am not related to the Decedent and I am not entitled to receive any portion of his Estate or Trust.

**The Decedent, His Estate and Trust**

5.      Mr. Wheeler died in West Palm Beach, Florida on February 9, 2007, at the age of 79. True and correct copies of the respective Proof of Death and Other Facts signed by each of Isela Kirk, Daniel Dawes and Lizeth Modesto are attached hereto as Exhibit 1(a)-(c). True and correct copies of the respective Affidavit Regarding Death and Other Facts signed by each of Michaelon A. Wright, Thomas R. Wheeler and Lisa Huzella are attached hereto as Exhibit 2(a)-(c).

6.      At the time of his death, Mr. Wheeler was domiciled and had a fixed residence in El Paso County, Texas, and owned property in El Paso, Texas on which he paid real estate taxes. In addition, at the time of his death, Mr. Wheeler was registered to vote in El Paso, Texas, and had a valid Texas driver's license. True and correct copies of Mr. Wheeler's voter registration and driver's license are attached hereto as Exhibits 3 and 4, respectively.

7.     Mr. Wheeler left behind a Last Will and Testament ("Will"), dated January 6, 2007.  A true and correct copy of Mr. Wheeler's Will is attached hereto as Exhibit 5.

8.     According to the Will, Mr. Wheeler's tangible personal property was to be disposed of in accordance with a separate instrument, with the residue of the Estate passing to the Trustee of the Thomas M. Wheeler Trust Agreement, which was created on April 9, 1986, as amended (the "Trust").  Because the Decedent did not create an instrument for the disposition of tangible personal property, the sole distributee is the Trustee of the Thomas M. Wheeler Trust Agreement.  During his lifetime, Decedent served as the initial Trustee of the Trust.  Defendants Thomas R. Wheeler, Michaelon W. Wright, and Lisa W. Huzella, who are Co-Executors of the Estate, were designated to serve as the successor Co-Trustees ("Co-Trustees") of the Trust.

9.     The Trust was amended from time to time, and was most recently restated on January 6, 2007, and then amended on January 22, 2007.  Because one of the purposes for which such trust agreements are executed is to shield personal information from public disclosure in protection of the settlor's privacy, copies of the January 6, 2007 restated Trust and the January 22, 2007 amendment were submitted to the Texas court for *in camera* review and were not publicly filed.  Copies of the January 6, 2007 restated Trust and January 22, 2007 amendment are attached as Exhibits 3 and 2, respectively, to the accompanying affidavit of Patryk J. Chudy, which is to be filed under seal in accordance with the accompanying motion to seal.

**The Will and Trust Operate In Tandem**

10.     The Decedent's Will and Trust operate in tandem, with the Trust being used as a will substitute.  According to the Will and Trust documents, the Trust is responsible for the payment of any taxes, debts and liabilities of the Estate.  For example, according to Section 8A(1)(e) of the Will, the Personal Representative of the Estate is

Case 1:07-cv-10968-RWS    Document 15    Filed 03/14/2008    Page 4 of 10

authorized "to direct the Trustee of the Trust Agreement to pay all or any portion of the taxes" of the insolvent Estate.

11.    Similarly, according to Section 10A(4) of the Trust, "[t]he Trustee shall pay from the principal of the Initial Trust (a) the Settlor's debts owing at the time of the Settlor's death, (b) the Settlor's funeral and burial expenses, and (c) the administration expenses of the Settlor's estate to the extent such debts or expenses are not paid by the Personal Representative of the Settlor's estate because the Settlor's estate is insufficient to pay such debts or expenses or because the Settlor did not leave an estate subject to probate administration."

12.    And, according to Section 10A(5) of the Trust, "[i]f the Settlor's Will has been admitted to probate and a Personal Representative has been appointed for the Settlor's estate after the Settlor's death, the Trustee shall pay from the principal of the Initial Trust the Estate Taxes which the Personal Representative of the Settlor's estate directs the Trustee to pay pursuant to the Settlor's Will by written direction delivered to the Trustee."

13.    The Will and Trust also each contain an interlocking no-contest provision, which operates to disinherit any beneficiary who commences an action to challenge the provisions of the Will or the Trust. For example, Section 8B(4) of the Will provides, in pertinent part, that "[i]f any beneficiary under this Will commences an action in any court challenging the validity of this Will or the Trust Agreement or joins with others to challenge the validity of this Will or the Trust Agreement in any such action, then all distributions under this Will to or for the benefit of such person shall lapse, such person and such person's descendants shall be deemed to have predeceased me for all purposes under this Will, and such person shall not be my Personal Representative." Exh. 5 at § 8B(4).

14.    Section 10B(8) of the Trust provides, in pertinent part, that "[i]f any beneficiary under this Trust Agreement commences an action in any court challenging the validity of the Settlor's Will, this Trust Agreement, or any other trust agreement created by the Settlor or joins with others to challenge the validity of the Settlor's Will, this Trust Agreement, or any other trust agreement created by the Settlor, then all distributions under this Trust Agreement to or for the benefit of such person or such person's descendants shall lapse, such person and such person's descendants shall be deemed to have predeceased the Settlor for all purposes under this Trust Agreement, and such person shall not be a Trustee under this Trust Agreement."

15.    From a review of prior Trusts and Wills prepared for Mr. Wheeler, similar no-contest provisions were included in the governing documents since 1995.

**Administration of the Estate and Trust**

16.    On February 9, 2007, the Co-Trustees effected the change of situs of the Trust to the State of Texas, consistent with the Decedent's domicile, pursuant to the Trustees' unrestricted right to change the situs of the Trust, as provided by Section 10B(6) of the Trust. Pursuant to Section 10B(6), the governing law was changed accordingly to the law of Texas. A true and correct copy of the Change of Situs is attached hereto as Exhibit 6.

17.    The Co-Executors and Co-Trustees are proceeding with their efforts to administer the Estate and Trust, including the collection and disposition of assets, payments of taxes, debts and liabilities. As an example, the Co-Trustees obtained an Estate Tax Approval of Extension to File, issued on December 3, 2007 by the New York State Department of Taxation and Finance. The application for extension was accompanied by a Non-Resident Domicile Affidavit filed on behalf of the Decedent. The Estate Tax Approval of Extension to File is attached hereto as Exhibit 7.

**Texas Probate Proceedings**

18.    On May 29, 2007, I filed an Application For Probate of Will and Issuance of Letters Testamentary ("Probate Application") in the Texas Probate Proceedings, attaching a copy of the Decedent's Will.  The application was filed on behalf of Defendants Thomas R. Wheeler, Michaelon W. Wright, and Lisa W. Huzella, Mr. Wheeler's three older children, as interested individuals and as personal representatives of Decedent's estate (the "Co-Executors").  A true and correct copy of the Probate Application is attached hereto as Exhibit 8.

19.    On June 25, 2007, the Texas Probate Court issued an Order Admitting Will to Probate and Granting Letters Testamentary (the "Probate Order"), finding that it had jurisdiction over Mr. Wheeler's Estate, and naming Thomas R. Wheeler, Michaelon W. Wright, and Lisa W. Huzella, as Independent Co-Executors of the Estate.  A true and correct copy of the Probate Order is attached hereto as Exhibit 9.

20.    On July 13, 2007, I filed an Appointment of Resident Agent executed by each of Thomas R. Wheeler, Michaelon A. Wright and Lisa W. Huzella, each non-residents of Texas, by which they appointed me as resident agent to accept service of process in all actions or proceedings with respect to the Estate.  True and correct copies of the respective Appointment of Resident Agent are attached hereto as Exhibit 10(a)-(c).

21.    On February 11, 2008, I submitted the Inventory, Appraisement, and List of Claims for Mr. Wheeler's Estate (the "Inventory") to the Statutory Probate Court #2 of El Paso County, Texas.  A true and correct copy of the Inventory is attached hereto as Exhibit 11.  As of February 9, 2007, the date of Mr. Wheeler's death, the total value of Mr. Wheeler's Estate is $2,483,601.00, which includes personal property in the amount of $2,114,906.00 and claims due to the Estate in the amount of $365,897.00.  *See id.*

22.     On February 12, 2008, the Statutory Probate Court #2 of El Paso County, Texas, issued an Order Approving Inventory, Appraisement and List of Claims (the "Order Approving Inventory"). A true and correct copy of the Order Approving Inventory is attached hereto as Exhibit 12.

**Petition For Declaratory Judgment In Texas Probate Proceedings**

23.     On February 19, 2008, I filed an Original Petition For Declaratory Judgment ("Petition for Declaratory Judgment") in the Statutory Probate Court #2 of El Paso County, Texas, on behalf of the Co-Executors of the Estate seeking, *inter alia*, a judicial declaration to confirm that in accordance with the express language of the Trust and Will documents, the Co-Trustees of the Trust are authorized to use Trust assets to pay the taxes, debts and other obligations of the insolvent Estate. A true and correct copy of the Petition for Declaratory Judgment is attached hereto as Exhibit 13.

24.     As of the date of Mr. Wheeler's death, Mr. Wheeler's Estate is insolvent with assets of approximately $2,483,601.00 and liabilities of $11,900,000.00. These debts consist primarily of personal loans to the Decedent from a commercial lender as well as miscellaneous liabilities. *See* Exh. 13 at ¶¶ 9, 10. According to the agreement between the Decedent and the commercial lender, certain assets of the Trust were pledged as collateral to secure the loans. In addition, certain Estate taxes are owed in connection with the assets included in Decedent's Estate for federal estate tax purposes.

25.     According to Sections 10A(4), 10A(5) of the Trust and Section 8A(1)(e) of the Will, the Trust is obligated to pay certain debts, taxes and liabilities of the insolvent estate.

26.     Texas law also provides that the Co-Trustees would be obligated to pay the debts of Mr. Wheeler's Estate under Tex. Prop. Code Ann. §112.037 (d) (2007), which provides, in pertinent part:

(d)  If the settlor is also a beneficiary of the trust, a provision restraining the voluntary or involuntary transfer of the settlor's beneficial interest does not prevent the settlor's creditors from satisfying claims from the settlor's interest in the trust estate.  A settlor is not considered a beneficiary of a trust solely because a trustee who is not the settlor is authorized under the trust instrument to pay or reimburse the settlor for, or pay directly to the taxing authorities, any tax on trust income or principal that is payable by the settlor under the law imposing the tax.

27.    The Petition for Declaratory Judgment also asks the Texas Court to authorize the Co-Trustees to borrow money from Triple L Partners, L.P. ("Triple L"), in order to satisfy the Estate's obligations and liabilities, and asks the Court to ratify the proposed loan from Triple L.

28.    The Trust confers broad authority on the Co-Trustees, specifically Section 6C(2)(a)(viii) authorizes the Co-Trustees to:

… to borrow money in such amounts and upon such terms and conditions as the Trustee determines or to assume such obligations or give such guarantees as the Trustee determines, for the purpose of the acquisition, improvement, protection, retention, or preservation of the assets of such trust, or for the benefit of any of the beneficiaries who are entitled or permitted to receive income from such trust or for the benefit of such persons or entities designated by the Settlor;

29.    The Petition for Declaratory Judgment also asks the Texas Court to approve an interim accounting by the Co-Trustees.

30.    A hearing on the Original Petition For Declaratory Judgment before the Texas Probate Court is scheduled for April 2, 2008.

**Notice To Plaintiff, Appointment of Guardian Ad Litem**

31.    Although Tiffany M. Wheeler, Krystal Wheeler and Charlene Royce were not served with formal notice of the original Probate Application, I was advised that they had been informed of the provisions of the Will and Trust relating to them, and were,

through their previous counsel, negotiating for time to vacate the apartment located at 43 West 64th Street, New York, New York (the "New York City Apartment"). Until I was advised of the filing of the Complaint in this action, I was not aware of any claim relating to the Will or the Trust.

32.     Each of Tiffany M. Wheeler, Krystal Wheeler, Charlene Royce, as parent and guardian of Tiffany M. Wheeler, and Charles Berry, legal counsel to Charlene A. Royce, was served with a copy of the Petition for Declaratory Judgment, and each has an opportunity to be heard and participate in the Texas proceedings. A true and correct copy of my Affidavit Regarding Citation By Certified Mail is attached hereto as Exhibit 14.

33.     Upon information and belief, since the filing of the above-captioned action, Charlene Royce, as parent and guardian of Tiffany M. Wheeler, a minor, has retained Texas legal counsel.

34.     On February 21, 2008, the Statutory Probate Court #2 of El Paso County, Texas, issued an order appointing a temporary guardian ad litem to represent the interests of Tiffany M. Wheeler, a minor who is a respondent to the Petition for Declaratory Judgment. A true and correct copy of the Order Appointing Temporary Guardian Ad Litem is attached hereto as Exhibit 15.

35.     On information and belief, Tiffany M. Wheeler will attain the age of majority (18) on April 6, 2008.

36.     I have reviewed the Amended Complaint in the above-entitled action. The Statutory Probate Court # 2 of El Paso County, Texas, has jurisdiction to entertain all of the Plaintiff's claims raised in the Complaint regarding the validity of the Will and Trust documents.

<p style="text-align:center">*     *     *     *     *</p>

The above facts are true and correct, to the best of my knowledge, information and belief.

DATED:    El Paso, Texas
          March 14, 2008

_____
Amy Stewart Sanders

Sworn to and subscribed
before me this 14 day of March, 2008.

_____
Notary

MICHAEL MONTES
Notary Public, State of Texas
My Commission Expires
SEPT. 4, 2009

IN THE STATUTORY PROBATE COURT #2

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## PROOF OF DEATH AND OTHER FACTS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF EL PASO | § |

On this day, **ISELA KIRK** ("Affiant") personally appeared before me and after being duly sworn, deposes and says as follows:

1.    I am an employee of **BANK OF THE WEST** in El Paso, Texas.

2.    During his lifetime, **THOMAS M. WHEELER** had a banking relationship with **BANK OF THE WEST**. As a result of my employment at **BANK OF THE WEST**, I am familiar with the signature of **THOMAS M. WHEELER**.

3.    The signature on the document dated January 6, 2007, now shown to me and which purports to be Decedent's Will, is the signature of **THOMAS M. WHEELER** to the best of my knowledge and belief.

4.    I am not related to **THOMAS M. WHEELER** and I am not entitled to receive any portion of his estate.

00045673.DOC . 2

SIGNED on this __25th__ day of __June__, 2007.

_____
**ISELA KIRK**
**Affiant**

SUBSCRIBED AND SWORN TO BEFORE ME by **ISELA KIRK** on this __25__
day of __June 25__, 2007, to certify which witness my hand and seal of office.

_____
**JUDGE OF THE STATUTORY PROBATE**
**COURT #2 OF EL PASO COUNTY, TEXAS**

2

00045673.DOC . 2

IN THE STATUTORY PROBATE COURT #2

EL PASO COUNTY, TEXAS

2007 JUL 13 PM 3: 44

| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

### PROOF OF DEATH AND OTHER FACTS

| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF EL PASO | § |

On this day, **DANIEL DAWES** ("Affiant") personally appeared before me and after being duly sworn, deposes and says as follows:

1.    I had a personal and business relationship with **THOMAS M. WHEELER** during his lifetime. As a result of those relationships, I am familiar with the signature of **THOMAS M. WHEELER**.

2.    The signature on the document dated January 6, 2007, now shown to me and which purports to be Decedent's Will, is the signature of **THOMAS M. WHEELER** to the best of my knowledge and belief.

3.    I am not related to **THOMAS M. WHEELER** and I am not entitled to receive any portion of his estate.

00045737.DOC

SIGNED on this _25th_ day of _____, 2007.

_____
**DANIEL DAWES**
**Affiant**

SUBSCRIBED AND SWORN TO BEFORE ME by **DANIEL DAWES** on this _25th_ day of _____, 2007, to certify which witness my hand and seal of office.

_____
**JUDGE OF THE STATUTORY PROBATE COURT #2 OF EL PASO COUNTY, TEXAS**

2

00045737.DOC .

IN THE STATUTORY PROBATE COURT #2

*2007 JUL 13 PM 3: 44*

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## PROOF OF DEATH AND OTHER FACTS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF EL PASO | § |

On this day, **LIZETH MODESTO** ("Affiant") personally appeared before me and after being duly sworn, deposes and says as follows:

1.    **THOMAS M. WHEELER** ("Decedent") died on February 9, 2007 in West Palm Beach, Palm Beach County, Florida at the age of seventy-nine (79) years and four (4) years have not elapsed since the date of Decedent's death.

2.    Decedent was domiciled and had a fixed place of residence in El Paso County, Texas at the date of death.

3.    Decedent owned assets which were located in El Paso County, Texas on the date of death.

4.    The document dated January 6, 2007, now shown to me and which purports to be Decedent's Will, was never revoked so far as I know.

00045670.DOC . 2

5.    The signature on the document dated January 6, 2007, now shown to me and which purports to be Decedent's Will, is the signature of **THOMAS M. WHEELER** to the best of my knowledge and belief.

6.    No child or children were born to or adopted by Decedent after the date of the Will.

7.    Decedent was never divorced.  Decedent was married once during his lifetime to **NANCY A. WHEELER**, who survived Decedent.

SIGNED on this 25th day of _____, 2007.

_____
**LIZETH MODESTO**
**Affiant**

SUBSCRIBED AND SWORN TO BEFORE ME by **LIZETH MODESTO** on this 25th day of _____, 2007, to certify which witness my hand and seal of office.

_____
**JUDGE OF THE STATUTORY PROBATE**
**COURT #2 OF EL PASO COUNTY, TEXAS**

00045670.DOC . 2

2007 JUL 13 PM 3:44
COUNTY CLERK
EL PASO COUNTY, TEXAS

2007 04740 00391

**IN THE STATUTORY PROBATE COURT # 2**

**EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **IN THE MATTER OF THE ESTATE** | ' | |
| **OF** | ' | **No.** 2007-P00529 |
| **THOMAS M. WHEELER, deceased.** | ' | |

**AFFIDAVIT REGARDING DEATH AND OTHER FACTS**

THE STATE OF FLORIDA '

COUNTY OF PALM BEACH '

On this day, **MICHAELON A. WRIGHT** ("Affiant") personally appeared before me and after being duly sworn, deposes and says as follows:

1. **THOMAS M. WHEELER** ("Decedent") died on February 9, 2007 in West Palm Beach, Palm Beach County, Florida at the age of seventy-nine (79) years and four (4) years have not elapsed since the date of Decedent's death.

2. Decedent was domiciled and had a fixed place of residence in El Paso County, Texas at the date of death.

3. The document dated January 6, 2007, which is attached to the application on file herein and which purports to be Decedent's Will was never revoked so far as I know.

4. A necessity exists for the administration of this estate.

5. No child or children were born to or adopted by Decedent after the date of the Will.

6.    Decedent was never divorced.  Decedent was married once during his lifetime to **NANCY A. WHEELER** who survived him.

7.    I am named in Decedent's Will to serve as a personal representative of Decedent's estate.  I am not disqualified by law from accepting Letters Testamentary or from serving as such and I am entitled to such Letters.  I have never been convicted of a felony or taken bankruptcy.

SIGNED on this _23_ day of _May_, 2007.

_____
**MICHAELON A. WRIGHT**
**Affiant**

This instrument was acknowledged before me on the _24th_ day of _May_, 2007, by **MICHAELON A. WRIGHT.**

Notary's Official Seal:

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF _FLORIDA_

BETTY A. HARLOW
MY COMMISSION # DD 643373
EXPIRES: March 30, 2011
Bonded Thru Notary Public Underwriters

{00044957.DOC . 2}

2

IN THE STATUTORY PROBATE COURT # 2

EL PASO COUNTY, TEXAS

2007 JUL 13 PM 3: 44

CLERK, COUNTY CLERK
EL PASO COUNTY, TEXAS

IN THE MATTER OF THE ESTATE    '
                               '
OF                             '    No. 2007-P00529
                               '
THOMAS M. WHEELER, deceased.   '

## AFFIDAVIT REGARDING DEATH AND OTHER FACTS

THE STATE OF Colorado          '
                               '
COUNTY OF Pitkin               '

On this day, **THOMAS R. WHEELER** ("Affiant") personally appeared before me and after being duly sworn, deposes and says as follows:

1.    **THOMAS M. WHEELER** ("Decedent") died on February 9, 2007 in West Palm Beach, Palm Beach County, Florida at the age of seventy-nine (79) years and four (4) years have not elapsed since the date of Decedent's death.

2.    Decedent was domiciled and had a fixed place of residence in El Paso County, Texas at the date of death.

3.    The document dated January 6, 2007, which is attached to the application on file herein and which purports to be Decedent's Will was never revoked so far as I know.

4.    A necessity exists for the administration of this estate.

5.    No child or children were born to or adopted by Decedent after the date of the Will.

POOR QUALITY COPY
BEST AVAILABLE
FILM

(00044956.DOC . 2)

6.    Decedent was never divorced. Decedent was married once during his lifetime to

NANCY A. WHEELER who survived him.

7.    I am named in Decedent's Will to serve as a personal representative of

Decedent's estate. I am not disqualified by law from accepting Letters Testamentary or from

serving as such and I am entitled to such Letters. I have never been convicted of a felony or

taken bankruptcy.

SIGNED on this ___24___ day of _____MAY_____, 2007.

_____
THOMAS R. WHEELER
Affiant

This instrument was acknowledged before me on the ___24___ day of
___MAY___, 2007, by THOMAS R. WHEELER.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF _1-27·2011_
COLORADO
PITKIN COUNTY
COMMISSION EXPIRES: 1-25·2011

Notary's Official Seal

TODD LAY
NOTARY
PUBLIC
STATE OF COLORADO

POOR QUALITY COPY
BEST AVAILABLE
FILM

{00044956.DOC . 2}

2

IN THE STATUTORY PROBATE COURT # 2

EL PASO COUNTY, TEXAS

IN THE MATTER OF THE ESTATE

OF

THOMAS M. WHEELER, deceased.

No. 2007-P00529

FILED JUL 13 2007

COUNTY CLERK, EL PASO CO., TEXAS
DELIA BRIONES
BY _Lourdes Guinagfa_
DEPUTY

## AFFIDAVIT REGARDING DEATH AND OTHER FACTS

THE STATE OF Colorado

COUNTY OF Eagle

On this day, LISA W. HUZELLA ("Affiant") personally appeared before me and after being duly sworn, deposes and says as follows:

1.    THOMAS M. WHEELER ("Decedent") died on February 9, 2007 in West Palm Beach, Palm Beach County, Florida at the age of seventy-nine (79) years and four (4) years have not elapsed since the date of Decedent's death.

2.    Decedent was domiciled and had a fixed place of residence in El Paso County, Texas at the date of death.

3.    The document dated January 6, 2007, which is attached to the application on file herein and which purports to be Decedent's Will was never revoked so far as I know.

4.    A necessity exists for the administration of this estate.

5.    No child or children were born to or adopted by Decedent after the date of the Will.

{00044958.DOC . 2}

6.    Decedent was never divorced.  Decedent was married once during his lifetime to **NANCY A. WHEELER** who survived him.

7.    I am named in Decedent's Will to serve as a personal representative of Decedent's estate.  I am not disqualified by law from accepting Letters Testamentary or from serving as such and I am entitled to such Letters.  I have never been convicted of a felony or taken bankruptcy.

SIGNED on this 24th day of May, 2007.

_Lisa W. Huzella_
LISA W. HUZELLA
**Affiant**

This instrument was acknowledged before me on the 24th day of May, 2007, by LISA W. HUZELLA.

Notary's Official Seal:

NOTARY PUBLIC IN AND FOR
THE STATE OF Colorado

my commission expires
12/28/2009.

POOR QUALITY COPY
BEST AVAILABLE
FILM

{00044958.DOC .2}

2



| STATE SEN. | STATE REP. | COMM. PREC. | JP PREC. | CTY. REP. | SCH. DIST. |
|---|---|---|---|---|---|
| 29 | 78 | 4 | 7 | 1 | E6 |

VOTER REGISTRATION CERTIFICATE
(Certificado de Registro Electoral)
EL PASO COUNTY (Condado)

| Cert. No./Cert Num. de Cert./VUID | Sex/Sexo | Valid from / Vigente desde el |
|---|---|---|
| 00513433 | M | 01/01/2006 |
| Year of Birth/Año de Nacimiento | Prec. No./Prec. Num. | Valid to / hasta el |
| 1927 | 013-1 | 12/31/2007 |

THOMAS MORGAN WHEELER
6616 WIND RIDGE DR
EL PASO, TX 79912

X






SCANNED

# The

# Last Will

# and

# Testament

## of

# Thomas M. Wheeler

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

# The
# Last Will and Testament
# of
# Thomas M. Wheeler

I, **Thomas M. Wheeler**, of the City of Palm Beach Gardens, County of Palm Beach, and State of Florida, being of full age and sound mind and memory, do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking all former Wills and Codicils heretofore made by me.

### 1 Family.

My Wife is and shall only refer to NANCY A. WHEELER. My children, who are all living on the date of this Will, are THOMAS R. WHEELER, LISA W. HUZELLA, MICHAELON A. WRIGHT, TIFFANY M. WHEELER and KRYSTAL WHEELER.

### 2 Payments.

### 2A Debts and Expenses.

I direct my Personal Representative to pay from my estate my funeral and burial expenses, the administration expenses of my estate, and all of my debts duly proven and allowed against my estate.

### 2B Taxes.

I direct my Personal Representative to pay from my estate the Death Taxes as provided in Paragraph 8A(1).

### 3 Specific Provisions.

### 3A Separate List for Tangible Personal Property.

I bequeath the items of tangible personal property described in a separate written instrument signed by me either before, on, or after the date of this Will to the persons specified in

said instrument who survive me, provided, however, if more than 30 days after my Personal Representative's appointment and qualification my Personal Representative distributes any items of tangible personal property pursuant to any other provision of this Will before receiving actual notice of the existence of said instrument, then the provisions of said instrument, insofar as they conflict with such distribution, shall be void and have no effect under this Will.

### 3B  Bequest of Indebtedness.

If a descendant of mine (or his or her estate if he or she predeceased me) is indebted to me by reason of loans I have made to such descendant or assets I have sold to such descendant, I bequeath to such descendant (or his or her estate if he or she predeceased me) such indebtedness including principal and interest thereon without regard to whether such indebtedness is evidenced by promissory notes or other evidence of indebtedness and without regard to whether such indebtedness is secured or unsecured.

### 3C  No Promises.

I have not promised to make a Will or trust agreement for the benefit of any employee, relative, other individual, or entity; to bequeath or devise any property in my Will to any employee, relative, other individual, or entity; or to provide for any distribution to or for the benefit of any employee, relative, or other person in any trust agreement.

### 3D  Exclusion.

I have intentionally made no provision in this Will for my Wife.

### 4  Residue.

I devise and bequeath the remaining assets of my estate after the payments and distributions provided in Paragraphs 2, 3, and 8A(1) to the then acting Trustee under the Thomas M. Wheeler Trust Agreement in which I am the Settlor, dated April 9, 1986, as amended and restated on the same date as this Will and as the same may be further amended from time to time according to its terms (referred to the *"Trust Agreement"*).  Such assets shall be held and distributed in accordance with the terms of the Trust Agreement.

2

*5 Fiduciaries.*

*5A  Personal Representative.*

*5A(1)  Initial and Successor Personal Representative.*

I name THOMAS R. WHEELER, LISA W. HUZELLA and MICHAELON A. WRIGHT, acting as Co-Personal Representatives, to act as Personal Representative of my estate. If the last of the persons named in this Paragraph 5A(1) who has acted as a Personal Representative of my estate subsequently dies or is unwilling or unable to act as Personal Representative of my estate, such last acting Personal Representative shall have the power to designate a successor Personal Representative by a written instrument signed by the designating Personal Representative and delivered to the designated Personal Representative or by designation in the designating Personal Representative's Will.  If a successor Personal Representative designated as provided in this Paragraph 5A(1) starts to act as a Personal Representative of my estate and subsequently dies, or is unable or unwilling to act as Personal Representative of my estate, such Personal Representative shall have the power to designate the next successor Personal Representative by a written instrument signed by the designating Personal Representative and delivered to the next successor Personal Representative or by designation in the designating Personal Representative's Will.

*5A(2)  Bond.*

No Personal Representative of my estate named in this Will or designated pursuant to Paragraph 5A(1) shall be required to provide a bond or other security in any jurisdiction.

*5B  Substitute Personal Representative.*

If my estate must be administered in whole or in part in any jurisdiction other than the state of my domicile at the date of my death and if my Personal Representative named or appointed as provided in Paragraph 5A(1) is unable or unwilling to serve in such jurisdiction, then my Personal Representative shall designate a substitute Personal Representative to serve in such jurisdiction.  Such designation shall be made by written instrument delivered to such substitute Personal Representative.

### 5C  Exculpation of the Personal Representative.

My Personal Representative shall not be accountable or responsible to any person interested in my estate for the manner in which my Personal Representative in good faith exercises or declines to exercise any discretionary authority or power of my Personal Representative.  My Personal Representative shall not be liable for any loss or depreciation in value occasioned by reason of any negligence, error or mistake of judgment in entering into any transaction, in making any sale or investment, in continuing to hold any property, or by reason of any action or omission, whether by my Personal Representative or any other fiduciary, unless my Personal Representative has acted in bad faith, notwithstanding the Florida Probate Code, section 731.005 et seq. of the Florida Statutes, or any other law.  In the absence of proof by clear and convincing evidence to the contrary, each Personal Representative shall be deemed to have acted within the scope of my Personal Representative's authority; to have exercised reasonable care, diligence and prudence; and to have acted impartially as to all interested persons.  A Personal Representative shall not be liable for the acts or defaults of another Personal Representative.

### 6  Duties and Powers of the Personal Representative.

The following provisions shall apply to my estate and to my Personal Representative, except as is otherwise specifically provided in this Will:

### 6A  Compensation of the Personal Representative.

My Personal Representative shall be entitled to receive reasonable compensation for services performed as my Personal Representative.  In addition, my Personal Representative shall be reimbursed for all costs, expenses, charges, and liabilities incurred or paid in respect to the administration of my estate, including fees and expenses of counsel or any other agents hired by my Personal Representative.  My Personal Representative shall not be liable individually for any of such costs, expenses, charges, or liabilities. My Personal Representative has discretion to pay such compensation and such reimbursements from my estate, without obtaining judicial authorization or approval.  Notwithstanding any provision in this Will to the contrary, no Personal Representative of my estate shall be entitled to a termination commission or any compensation claimed to be owing solely because such Personal Representative is resigning, being removed, or is no longer serving as Personal Representative of my estate for any other reason.

### 6B  The Personal Representative's Powers.

### 6B(1)  Exercise of Judgment and Powers.

My Personal Representative has the entire care and custody of all assets of my estate. My Personal Representative has the power to do everything my Personal Representative in good faith deems advisable without necessity of any judicial authorization or approval, even though but for this power it would not be authorized or appropriate for fiduciaries under any statutory or

4

other rule of law. My Personal Representative shall exercise my Personal Representative's best judgment and discretion for what my Personal Representative believes to be in the best interests of the beneficiaries under this Will. If more than two Personal Representatives are empowered to participate in the decision to exercise or not exercise any fiduciary power granted by this Will or by law, a majority of such Personal Representatives shall be empowered to make such decision; provided, however, if a majority of such Personal Representatives have delegated the power to make such decision to one or more of the Personal Representatives or one or more other persons, then such decision shall be made as provided in such delegation. If two Personal Representatives are empowered to participate in a decision to exercise or not exercise any fiduciary power granted by this Will or by law, such Personal Representatives shall make such decision unanimously; provided, however, that if such Personal Representatives unanimously delegated the power to make such decision to one Personal Representative or one or more other persons, then such decision shall be made as provided in such delegation. The powers of my Personal Representative under this Will shall be in addition to those powers granted to a Personal Representative by law.

### 6B(2) Specific Powers.

### 6B(2)(a) Investment Powers.

Except as otherwise provided in this Will, my Personal Representative shall have the power:

### 6B(2)(a)(i)

to enter upon and take possession of the assets of my estate and collect the income and profits from such assets, and to invest and reinvest such assets in real, personal, or mixed assets of every type and kind (including the common trust funds of a corporate fiduciary and including an entity with which a Personal Representative is affiliated) or in undivided interests therein without being limited by any present or future investment laws;

### 6B(2)(a)(ii)

to retain all or any part of the assets of my estate (without regard to the proportion that any one asset or class of assets may bear to the whole) in the form in which such assets were received or acquired by my Personal Representative;

### 6B(2)(a)(iii)

to sell or dispose of, exchange, transfer, invest, or loan all or any part of the assets of my estate which may, at any time, be held by my Personal Representative for such sums or upon such terms as to payment, security, or otherwise as my Personal Representative determines, either by public or private transactions;

### 6B(2)(a)(iv)

to hold all or any part of the assets of my estate in cash or in bank accounts without the necessity of investing the same;

### 6B(2)(a)(v)

to improve, repair, partition, plat, or subdivide all or any part of the assets of my estate;

5



**6B(2)(a)(vi)**

to litigate, defend, compromise, settle, abandon, or submit to arbitration on such terms and conditions as my Personal Representative determines any claims in favor of or against my estate or the assets of my estate;

**6B(2)(a)(vii)**

to loan or borrow money in such amounts and upon such terms and conditions as my Personal Representative determines, assume such obligations or give such guarantees as my Personal Representative determines, for the purpose of the acquisition, improvement, protection, retention, or preservation of the assets of my estate, or for the welfare of the beneficiaries of my estate including the power to borrow from a Trustee under the Trust Agreement even though the same person or persons occupy the office of a Personal Representative of my estate and occupy the office of a Trustee under the Trust Agreement or otherwise represent a Trustee under the Trust Agreement;

**6B(2)(a)(viii)**

to create or invest in any entity with all or part of the assets of my estate and to carry on (either individually or as entity partner or otherwise) for as long and in such manner as my Personal Representative determines any business enterprise *(A)* held or created by a Personal Representative, *(B)* with which a Personal Representative is affiliated, or *(C)* in which I owned any interest at my death; to have all the power and authority to act as an entity partner with respect to any entity (including, without limitation, managing or participating in the management of the entity; appointing one or more Personal Representatives as a director, officer, managing partner, or managing member of the entity; and, subject to Section 6B, receiving director's fees, officer's salaries, compensation as managing partner, or compensation as managing member); to purchase liability insurance for a Personal Representative or any other person acting as director, officer, managing partner, or managing member of the entity; to change the nature of the business of the entity; to assume all liabilities of an entity, whether or not the assets of my estate include an interest in such entity; to lease, mortgage, pledge, grant a security interest in, or otherwise encumber the assets of my estate to secure the obligations of any person or entity whether or not such person is a beneficiary under this Will or the assets of my estate include an interest in such entity; to make guaranties or indemnities in the capacity as entity partner on behalf of any entity such that the entity guarantees the obligations of another person or entity or indemnifies any person or entity for losses caused by actions or defaults of another person or entity; to make guaranties or indemnities such that my Personal Representative guarantees the obligations of any person or entity or indemnifies any person or entity for losses caused by actions or defaults of another person or entity; to execute and to deliver such guaranties or indemnities on behalf of the entity or my Personal Representative; to take such actions within the power of an entity partner or as Personal Representative to cause an entity to perform such entity's or my Personal Representative's obligations under any lease, mortgage, pledge, guaranty, indemnity, security agreement, or any loan documents with respect to any loan, whether or not such loan is to such entity or to my Personal Representative; and to take all necessary actions to authorize the execution, delivery, and performance of any lease, mortgage, pledge, guaranty, indemnity, security agreement, or loan document described in this Paragraph 6B(2)(a)(viii);

6

*6B(2)(a)(ix)*

to vote in person or by proxy any and all stock or other securities and to become a party to any voting trusts, reorganization, consolidation, or other capital or debt readjustment of any entity or individual with respect to stocks, other securities, or debts held by my estate;

*6B(2)(a)(x)*

to enter into any good faith transactions with a Personal Representative individually or with any corporation, partnership, or other entity in which a Personal Representative has an ownership interest;

*6B(2)(a)(xi)*

to lease, mortgage, pledge, grant a security interest in, or otherwise encumber all or any part of the assets of my estate for any term of years whether or not beyond the duration of my estate (including, without limitation, any such action for the benefit of any of the beneficiaries of my estate);

*6B(2)(a)(xii)*

to elect the mode of distribution of the proceeds payable to my estate from any individual retirement account, profit-sharing plan, pension plan, other retirement plan, employee benefit plan, insurance contract, or annuity contract pursuant to the terms of such individual retirement account, profit-sharing plan, pension plan, other retirement plan, employee benefit plan, insurance contract, or annuity contract;

*6B(2)(a)(xiii)*

to conduct any audit, assessment, or investigation with respect to any asset of my estate regarding compliance with any law or regulation having as its object protection of public health, natural resources, or the environment (referred to as *"Environmental Laws"*); to pay from the assets of my estate to remedy any failure to comply with any Environmental Law (even to the exhaustion of all of the assets of my estate); and, as may be required in my Personal Representative's judgment by any Environmental Law, to notify any governmental authority of any past, present, or future non-compliance with any Environmental Law; and

*6B(2)(a)(xiv)*

to sell to or purchase from a Trustee under the Trust Agreement or a Personal Representative, a Personal Representative's spouse, any other individual related to a Personal Representative by blood or marriage, a Personal Representative's agent, or an entity or trust in which a Personal Representative has a substantial interest any stocks, bonds, other securities, real or personal property, or other assets.

*6B(2)(b) Administrative Powers.*

Except as otherwise provided in this Will, my Personal Representative shall have the power:

*6B(2)(b)(i)*

to employ agents, attorneys-at-law, consultants, investment advisers (to whom my Personal Representative has discretion to delegate my Personal Representative's investment authority and responsibility), other personal representatives, and other fiduciaries in the administration of my Personal Representative's duties; to delegate to such persons, or to one or

more of my Personal Representatives, the custody, control, or management of any part of my estate as my Personal Representative determines and to pay for such services from the assets of my estate, without obtaining judicial authorization or approval;

### 6B(2)(b)(ii)

to pay any property distributable to a beneficiary (whether or not under a legal disability), without liability to my Personal Representative, by paying such property *(A)* to such beneficiary, *(B)* for the use or benefit of such beneficiary, *(C)* to a legal representative of such beneficiary appointed by a court or if none, to a relative, for the use of such beneficiary, or *(D)* to a custodian for such beneficiary designated by my Personal Representative pursuant to the Uniform Gifts to Minors Act, the Uniform Transfers to Minors Act, or similar legislation chosen by my Personal Representative in my Personal Representative's discretion until such beneficiary is age 21 or any other age my Personal Representative determines to be appropriate and permitted under such legislation;

### 6B(2)(b)(iii)

to delay any distribution of income or principal required to be distributed to a beneficiary of my estate if my Personal Representative determines that there is a clear and compelling reason for delaying such distribution, including, without limitation, such beneficiary's developmental disability, divorce, substance abuse, gambling, insolvency, bankruptcy, incarceration, incompetency, or spendthrift habits, until the clear and compelling reason no longer exists or until my Personal Representative determines that such distribution is appropriate notwithstanding the existence of the clear and compelling reason;

### 6B(2)(b)(iv)

to distribute to any of the beneficiaries of my estate in kind or in cash, or partly in kind and partly in cash, and to allocate different kinds or disproportionate shares of assets or undivided interests in assets among all of such beneficiaries and to distribute any asset of my estate which is distributable to the Trustee under the Trust Agreement directly to the beneficiary or beneficiaries who would take such asset pursuant to the terms of the Trust Agreement;

### 6B(2)(b)(v)

to have evidence of ownership of any security maintained in the records of a Federal Reserve Bank under the Federal Reserve Book Entry System; to deposit funds in any bank or trust company; to carry in the name of my Personal Representative or the nominee or nominees of my Personal Representative and with or without designation of fiduciary capacity, or to hold in bearer form, securities or other property requiring or permitting of registration; and to cause any securities to be held by a depository corporation of which a Personal Representative is a member or by an agent under a safekeeping contract; provided, however, that the books and records of my Personal Representative shall at all times show that such investments are part of my estate;

### 6B(2)(b)(vi)

to renounce and disclaim, in whole or in part, and in accordance with applicable law, any assets, interests, rights, or powers (including any power of appointment) which are payable to (or exercisable by) me or my estate, which are includible in my estate or Gross Estate or over which I have any right, title, interest, or power; and

*6B(2)(b)(vii)*
to make, execute, and deliver any and all such instruments in writing as shall be necessary or proper to carry out any power, right, duty, or obligation of my Personal Representative or any disposition whatsoever of my estate or any asset of my estate and to exercise any and all other powers which are exercisable by a personal representative under applicable law or which are incidental or necessary to carry out or to fulfill the terms, provisions, and purposes of my estate.

### 6C  Restrictions on Exercise of the Personal Representative's Powers.

### 6C(1)  Insurance on the Personal Representative's Life.

In connection with any insurance policy or annuity on the life of a Personal Representative which is included in my estate, such Personal Representative shall not participate in the decision to exercise or not exercise any fiduciary power in connection with any incidents of ownership for such policy or annuity, including, without limitation, any decision to continue, assign, terminate, or convert such policy or annuity or to name the beneficiary of such policy or annuity.

### 6C(2)  Declination To Act.

A Personal Representative under this Will may by a written notice delivered to the other Personal Representative (or Personal Representatives) (if any) decline to participate in the decision to exercise or not exercise any fiduciary power granted by this Will or by law.

### 6C(3)  Designation of a Successor Personal Representative.

If a Personal Representative is not empowered or declines to participate in the decision to exercise or not exercise any fiduciary power granted to a Personal Representative by this Will or by law, then the remaining Personal Representative or Personal Representatives (if any) shall be empowered to make such decision. If there are no remaining Personal Representatives or if no remaining Personal Representative is empowered and willing to participate in such decision, then the first successor Personal Representative of my estate designated in Paragraph 5A(I) and able and willing to act shall be empowered to make such decision. If no Personal Representative or successor Personal Representative is empowered and willing to participate in such decision, my Personal Representative may designate (or remove and replace a Personal Representative designated pursuant to this Paragraph 6C(3) with) a substitute Personal Representative who is not related or subordinate to the designating Personal Representative within the meaning of IRC section 672(c) who shall be empowered to make such decision but shall not have any other power or authority of my Personal Representative. Such designation shall be by written notice signed by the designating Personal Representative and delivered to the designated substitute Personal Representative.

### 6D  Tax Elections.

### 6D(1)  Unused GST Exemption.

My Personal Representative shall allocate my Unused GST Exemption in such a manner as my Personal Representative determines will best serve the interests of my descendants (whether or not such exemption is allocated to assets of my estate).

### 6D(2)  Other Tax Elections.

My Personal Representative has discretion: *(a)* to elect to treat the administration expenses of my estate either as a deduction for purposes of computing the federal or state estate, inheritance, succession, or similar taxes, or as a deduction for purposes of computing any federal, state, or city income taxes of my estate; *(b)* to elect any optional date for valuation of my estate for purposes of computing the federal or state estate, inheritance, succession, or similar taxes; *(c)* without regard to any accounting or allocation as between principal and income under this Will, to adopt different treatment, if permitted by law, of such items for federal, state, or city income tax reporting; *(d)* to allocate all or part of the basis increase (if any) permitted by IRC section 1022 (or any other law) to any assets as my Personal Representative determines regardless of whether such assets are included in my estate; *(e)* to elect to treat as qualified terminable interest property all or any portion of any property included in my Gross Estate; *(f)* to join with my Wife or the Personal Representative of my Wife's estate in the execution of any joint income tax return and to consent to any gift tax return filed by my Wife or the Personal Representative of my Wife's estate; and *(g)* except as provided in Paragraph 6D(1) or otherwise specifically provided in this Will, to make or forego any other election with respect to any tax imposed by any government, including any election with respect to any asset of my estate.

### 6E  Equitable Adjustment.

If my Personal Representative decides to exercise or not exercise any fiduciary power granted by this Will or by law (including, without limitation, any election available to my Personal Representative) and the exercise or nonexercise of such power confers a benefit on one beneficiary or class of beneficiaries under this Will and imposes a detriment upon another beneficiary or class of beneficiaries under this Will, my Personal Representative shall not attempt to restore the interests of the beneficiaries or classes of beneficiaries to the position otherwise contemplated by this Will through any adjustment.

### 7  Accounting Allocation.

### 7A  Allocation of Receipts and Disbursements.

Except as otherwise specifically provided in this Will and except as provided in Paragraph 7B, my Personal Representative shall allocate receipts and disbursements in accordance with applicable law concerning trust accounting, but has the discretion to allocate receipts and disbursements on any basis my Personal Representative considers to be fair and reasonable when, in the judgment of my Personal Representative, the treatment is unclear or is subject to the Personal Representative's discretion under applicable law concerning trust accounting.

### 7B  Allocation of Sales Proceeds.

Notwithstanding Paragraph 7A, my Personal Representative shall not treat any part of the principal amount of the proceeds of sale of any asset of my estate as income distributable to or for the benefit of any beneficiary entitled to distributions of income; provided, however, that my Personal Representative shall treat the share of any proceeds of sale of any financial instrument originally issued at a discount which *(1)* has previously been characterized as ordinary income for income tax purposes or *(2)* will be characterized as ordinary income for income tax purposes in the year of such sale, as income for trust accounting purposes.

10

### 8 *Miscellaneous Provisions.*

### 8A *Miscellaneous Dispositive Provisions.*

#### 8A(1) *Taxes.*

The Death Taxes which my Personal Representative shall be obligated to pay pursuant to Paragraph 2B shall be determined as provided in this Paragraph 8A(1).

#### 8A(1)(a) *Taxes Included.*

Subject to Paragraph 8A(1)(b), the term *"Death Taxes"* shall include all federal and state estate, inheritance, succession, and similar taxes (but not including any GST tax or state generation-skipping transfer tax or any estate tax with respect to IRC section 2032A(c)) imposed upon my estate or by reason of my death with respect to all assets which pass under this Will or the Trust Agreement; all charitable remainder trusts which are included in my Gross Estate; and all gift taxes on gifts I made during my lifetime.

#### 8A(1)(b) *Apportionment of Taxes.*

All federal and state estate, inheritance, succession, and similar taxes (but not including any GST tax or state generation-skipping transfer tax or any estate tax with respect to IRC section 2032A(c)) imposed upon my estate or by reason of my death which are not included in Death Taxes as defined in Paragraph 8A(1)(a) shall be apportioned to the property described in Paragraph 8A(1)(c) (referred to as *"Apportionment Assets"*). Except to the extent that my Personal Representative shall have a larger right to recover from the recipients of Apportionment Assets pursuant to IRC sections 2206, 2207, 2207A, or any other IRC section (in which event said IRC section shall apply), all federal and state estate taxes to be apportioned pursuant to this Paragraph 8A(1)(b) shall be apportioned among the Apportionment Assets pro rata so that each Apportionment Asset is apportioned a fraction of such estate taxes, the numerator of which is equal to the Estate Tax Value of such asset and the denominator of which is equal to the Estate Tax Value of all of the Apportionment Assets. Each state inheritance, succession, and similar tax to be apportioned pursuant to this Paragraph 8A(1)(b) shall be apportioned to the Apportionment Assets upon which such tax is imposed. My Personal Representative shall make reasonable efforts to collect all federal estate taxes and state estate, inheritance, succession, and similar taxes apportioned to the Apportionment Assets from the recipients of the Apportionment Assets. Without changing the apportionment of taxes in this Paragraph 8A(1)(b), my Personal Representative has discretion, but is not required, to pay all or part of such taxes apportioned to the Apportionment Assets prior to seeking reimbursement for such taxes from the recipients of the Apportionment Assets. My Personal Representative shall not be personally liable for any of such taxes if my Personal Representative is unable, with reasonable efforts, to collect payment (or reimbursement) from any recipient of any Apportionment Assets for any or all of such taxes apportioned to such assets.

#### 8A(1)(c) *Apportionment Assets.*

The term *"Apportionment Assets"* shall mean all assets not passing under this Will or the Trust Agreement which are included in my Gross Estate, which are not included in a charitable remainder trust, which are not gift taxes on gifts I made during my lifetime, or which do not qualify for the marital deduction or charitable deduction for purposes of computing my federal estate taxes.

11

### 8A(1)(d)  Limitation of Apportionment or Payment of Taxes.

Notwithstanding anything in this Will to the contrary, any GST tax or state generation-skipping transfer tax shall be paid from the generation-skipping transfer which generated the tax. I intend that the recipients of any transfer under this Will which is subject to GST tax or state generation-skipping transfer tax shall bear the burden of such tax. Any estate tax with respect to IRC section 2032A(c) shall be paid from the assets to which such tax is attributable. I intend that the recipients of any asset which is subject to an estate tax under IRC section 2032A(c) shall bear the burden of such tax.

### 8A(1)(e)  Payment of Taxes from the Trustee of the Trust Agreement.

My Personal Representative has discretion to direct the Trustee of the Trust Agreement to pay all or any portion of the taxes which my Personal Representative is directed to pay pursuant to Paragraphs 2B and 8A(1), and such direction shall be made by a written direction delivered to the Trustee under the Trust Agreement.

### 8A(2)  Alternative Devise of Residue.

To the extent that the distribution to the Trustee under the Trust Agreement pursuant to Paragraph 4 shall not be effective, I devise and bequeath the remaining assets of my estate after the payments and distributions provided in Paragraphs 2, 3, and 8A(1) to the person or persons named as Trustee or Trustees under the Trust Agreement, to be held in trust under this Will in accordance with the provisions of the Trust Agreement as of the later of the date of this Will or of any Codicil to this Will, which provisions are incorporated in this Will by reference.

### 8A(3)  Simultaneous Death of My Wife and Me.

If (a) my Wife and I die simultaneously; (b) there is insufficient evidence to determine whether my Wife or I died first; or (c) my Wife survives me but does not survive me by 120 hours, my Wife shall be deemed to have predeceased me.

### 8A(4)  My Wife's Election Against This Will.

If my Wife elects not to take under this Will, then distributions under this Will to or for the benefit of my Wife or any of my Wife's relatives (including my children, THOMAS R. WHEELER, LISA W. HUZELLA, and MICHAELON A. WRIGHT and their descendants) shall be reduced by any amounts passing to my Wife by reason of such election against my Will.

### 8A(5)  Subsequent Spouse.

I have intentionally not provided in this Will for any spouse other than NANCY A. WHEELER in the event I remarry.

### 8B  Miscellaneous Administrative Provisions.

### 8B(1)  Construction of This Will.

Whenever used in this Will, unless the context otherwise requires or specifically provides, each of the words and terms defined in this Paragraph 8B(1) has the meaning ascribed to it by this Paragraph 8B(1).

### 8B(1)(a)  Nouns and Pronouns.

Whenever the singular number of a noun or pronoun is used, the same shall include the plural, and the masculine gender shall include the feminine and neuter genders.

12

*8B(1)(b)  Definitions.*

The term *"Apportionment Assets"* is defined in Paragraph 8A(1)(c).

The term *"Death Taxes"* is defined in Paragraph 8A(1)(a).

The term *"entity"* includes, without limitation, a corporation, association, general partnership, limited partnership, limited liability partnership, joint venture, limited liability company, or other entity of any type or kind.  The term *"entity partner"* includes, without limitation, a shareholder, associate, partner, general partner, limited partner, joint venturer, member, or interest as an owner or partial owner of an entity.

The term *"Environmental Laws"* is defined in Paragraph 6B(2)(a)(xiii).

A reference to a person's *"estate"* or *"probate estate"* means that person's estate which is subject to probate administration.

If the federal estate tax is in effect at the time of my death, the term *"Estate Tax Value"* of an asset included in my gross estate means the value of such asset as finally determined for purposes of determining any federal estate tax.  If the federal estate tax is not in effect at the time of my death, the term *"Estate Tax Value"* of an asset means the fair market value of such asset as of the time of my death.

A reference to a person's *"Gross Estate"* means such person's gross estate as finally determined for purposes of computing such person's federal estate tax.

The term *"GST tax"* means the federal generation-skipping transfer tax.

The term *"IRC section"* means a section of the Internal Revenue Code of 1986, as amended, or the corresponding provision of any successor Internal Revenue law, as in effect as of the date of my death.

The word *"Paragraph"* means a paragraph of this Will.

The term *"Personal Representative"* of a person's estate means all persons or entities who occupy the office of personal representative, administrator, executor, or ancillary administrator while such persons or entities occupy such office, whether one or more persons or entities occupy such office at the same time or times, and includes any successor or successors to that office.

A reference to any *"tax"* also includes any interest or penalties thereon.

The term *"Trustee"* means all persons or entities who occupy the office of Trustee under the Trust Agreement while such persons or entities occupy such office, whether one or more persons or entities occupy the office of Trustee at the same time or times, and includes any successor Trustee or Trustees.

My *"Unused GST Exemption"* means my unused GST exemption described in IRC sections 2631 and 2632 determined immediately before my death.

13



A reference to a person's *"Will"* means such person's Last Will and Testament and any Codicil or Codicils to such Last Will and Testament.

### 8B(2)  Lapsed Distribution.

A bequest or devise to an individual who does not survive me shall lapse notwithstanding any law to the contrary.

### 8B(3)  Paragraph Headings for Convenience Only.

The Paragraph headings in this Will are for convenience only, are not a substantive part of this Will, and shall not be used in its interpretation.

### 8B(4)  Contest of Will or Trust Agreement; Claims.

If any beneficiary under this Will commences an action in any court challenging the validity of this Will or the Trust Agreement or joins with others to challenge the validity of this Will or the Trust Agreement in any such action, then all distributions under this Will to or for the benefit of such person shall lapse, such person and such person's descendants shall be deemed to have predeceased me for all purposes under this Will, and such person shall not be my Personal Representative. If an ancestor or a descendant of a beneficiary under this Will brings an action or otherwise makes a claim or joins with others in an action or claim against my estate or any trust under the Trust Agreement (other than a claim made by my Wife for payment of the $150,000 annuity under the provisions of that certain Amended Property Settlement Agreement and Separation Agreement dated January 22, 1996), any amount paid to such ancestor or descendant to resolve such action or claim (whether such amount is paid pursuant to a judgment, settlement, or otherwise) shall be treated as though paid to such beneficiary and reduce any amount (or property) otherwise due to such beneficiary under any provision of my Will (with such amount paid to such ancestor or descendant allocated among the beneficiaries related to such ancestor or descendant in proportion to the amounts otherwise due to such beneficiaries under my Will).

𝕴𝖓 𝖂𝖎𝖙𝖓𝖊𝖘𝖘 𝖂𝖍𝖊𝖗𝖊𝖔𝖋, I have signed the foregoing as my Last Will and Testament this 6th day of January, 2007, at the City of Fountain Hills, County of Maricopa, and State of Arizona, in the presence of the subscribing witnesses who acted as such at my request.

_____
THOMAS M. WHEELER

14

On this _6th_ day of January, 2007, the foregoing instrument was signed, published, and declared to be the Last Will and Testament of THOMAS M. WHEELER, as Testator, in our presence; and we, at his request, in his presence, and in the presence of each other, did, on said day, sign our names as witnesses thereto.

_____  residing at _4940 Inkster_
(Witness)                                       _Bloomfield Hills Michigan_

_____  residing at _1040 Chesterfield_
(Witness)                                       _Birmingham, Mich._


STATE OF                              )
                                      )ss:
COUNTY OF                             )

I, THOMAS M. WHEELER, the Testator, declare to the officer taking my acknowledgment of this instrument and to the subscribing witnesses, that I signed this instrument as my Last Will and Testament.

_____
THOMAS M. WHEELER


We, _Charles Vida_ and _PATRICK T. DUERR_, have been sworn by the officer signing below and declare to that officer on our oaths that the Testator declared the instrument to be the Testator's Last Will and Testament and signed it in our presence, and that we each signed the instrument as a witness in the presence of the Testator and each other.

_____
(Witness)

_____
(Witness)

15

## NOTICE OF CHANGE OF SITUS

Pursuant to Section 10B(6) of the Thomas M. Wheeler Trust Agreement dated April 9, 1986, as amended (the "*Trust Agreement*"), the Trustees of each of the Trusts thereunder (the "*Trusts*") have transferred the situs and place of administration of each of the Trusts to the State of Texas effective on February 9, 2007. Pursuant to Section 10B(6) of the Trust Agreement and notwithstanding anything to the contrary provided in the Trust Agreement or state law, the administration of each of the Trusts shall be governed by the laws of the State of Texas and all references to state and local law under the Trust Agreement shall be deemed to refer to the relevant law of the State of Texas.

This Notice may be executed in one or more counterparts, each of which shall be deemed an original.

Witnesses:

_____

_____                    _____
                                                    Michaelon A. Wright, as Trustee
_____

_____                    _____
                                                    Thomas R. Wheeler, as Trustee
_____

_____                    _____
                                                    Lisa Wheeler Huzella, as Trustee
_____


STATE OF                      )
                              ) ss:
COUNTY OF                     )

The foregoing instrument was acknowledged before me this 24th day of May, 2007, by Michaelon A. Wright, as Trustee.

_____
Notary Name:
Notary Public, _____ County,
My commission expires: 4/8/2008

TINA SMARCH
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 8, 2008
Acting in the County of

STATE OF           )
                        ) ss:

COUNTY OF       )

        The foregoing instrument was acknowledged before me this 24th day of
_____, 2007, by Thomas R. Wheeler, as Trustee.

<div style="margin-left:2em">

TINA SMARCH
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 8, 2008
...ing in the Co...

</div>

Notary Name: _____
Notary Public, _____ County, _____
My commission expires: _____ 4/8/2008

STATE OF           )
                        ) ss:

COUNTY OF       )

        The foregoing instrument was acknowledged before me this ____ day of
_____, 2007, by Lisa Wheeler Huzella, as Trustee.

Notary Name: _____
Notary Public, _____ County, _____
My commission expires: _____

DETROIT.2606648.1

2

## NOTICE OF CHANGE OF SITUS

Pursuant to Section 10B(6) of the Thomas M. Wheeler Trust Agreement dated April 9, 1986, as amended (the "*Trust Agreement*"), the Trustees of each of the Trusts thereunder (the "*Trusts*") have transferred the situs and place of administration of each of the Trusts to the State of Texas effective on February 9, 2007. Pursuant to Section 10B(6) of the Trust Agreement and notwithstanding anything to the contrary provided in the Trust Agreement or state law, the administration of each of the Trusts shall be governed by the laws of the State of Texas and all references to state and local law under the Trust Agreement shall be deemed to refer to the relevant law of the State of Texas.

This Notice may be executed in one or more counterparts, each of which shall be deemed an original.

Witnesses:

_____          _____
                                          Michaelon A. Wright, as Trustee


_____          _____
                                          Thomas R. Wheeler, as Trustee


_____          *Lisa Wheeler Huzella* *as Trustee*
                                          Lisa Wheeler Huzella, as Trustee


_____


STATE OF _____    )
                             ) ss:
COUNTY OF _____     )

The foregoing instrument was acknowledged before me this _____ day of _____, 2007, by Michaelon A. Wright, as Trustee.

                              _____
                              Notary Name:
                              Notary Public, _____ County, _____
                              My commission expires: _____

STATE OF              )
                       ) ss:
COUNTY OF        )

    The foregoing instrument was acknowledged before me this ____ day of _____, 2007, by Thomas R. Wheeler, as Trustee.

Notary Name: _____
Notary Public, _____ County, _____
My commission expires: _____

STATE OF Colorado )
                ) ss:
COUNTY OF Eagle )

    The foregoing instrument was acknowledged before me this 24th day of May, 2007, by Lisa Wheeler Huzella, as Trustee.

Notary Name:
Notary Public, Colorado County, Eagle
My commission expires: 12/28/2009

DETROIT.2606648.1

2



New York State Department of
## Taxation and Finance
Estate Tax Returns Processing
W A Harriman Campus
Albany NY 12227-0125

**Estate Tax Approval of Extension to File**

REBECCA DONNINI
HONIGMAN MILLER SCHWARTZ & COHN
660 WOODWARD AVE., SUITE 2290
DETROIT MI 48226

Date: 12/03/07

RE:  Estate of               : THOMAS M. WHEELER
     Date of death           : 2/09/07
     Social security number  :
     Extended due date to **file** : 5/09/08

REDACTED

We have approved your application for extension of time to file the estate tax return
referenced above to the date indicated. This extension does not cancel or reduce penalty and
interest for late payment of any balance of tax due when the return is filed.

Estate Tax Processing Sub-Section

TR-660 (5/02)     MNP0004480 3251700

For office use only

New York State Department of Taxation and Finance

## Application for Extension of Time
## To File and/or Pay Estate Tax

**ET-133**
(5/04)

REDACTED

| Decedent's last name | First name | Middle initial | Social security number |
|---|---|---|---|
| Wheeler, Thomas M. | | | |

| Address of decedent at time of death (number and street) | Date of death | Mark an X if copy of death certificate is attached |
|---|---|---|
| 6616 Wind Ridge | 02/09/2007 | [X] |

| City, village or post office | State | ZIP code | County of residence |
|---|---|---|---|
| El Paso, TX 79912 | | | El Paso |

If the decedent was a nonresident of New York State on the date of death, mark an X in the box and attach completed Form ET-141, *New York State Estate Tax Domicile Affidavit* ........................................ [X]

Executor: If you are submitting letters testamentary or letters of administration with this form, indicate in this box the type of letters. Enter L if regular, LL if limited letters. If you are not submitting letters with this form, enter N. ....... [ L ]

| Attorney's or authorized representative's last name | First name | MI | Mark an X if POA is attached | Executor's last name | First name | Middle initial |
|---|---|---|---|---|---|---|
| Donnini, Rebecca | | | | See Attached | | |

| In care of (firm's name) | | |
|---|---|---|
| Honigman Miller Schwartz & Cohn | If more than one executor, mark an X in the box and see instructions | [X] |

| Address of attorney or authorized representative | Address of executor |
|---|---|
| 660 Woodward Ave., Suite 2290 | |

| City, village, or post office | State | ZIP code | City, village, or post office | State | ZIP code |
|---|---|---|---|---|---|
| Detroit, MI 48226 | | | | | |

| SSN or PTIN of attorney or authorized rep. | Telephone number | Social security number of executor | Telephone number |
|---|---|---|---|
| | 313-465-7338 | | |

[X] **Extension of time to file** (Tax Law, section 976(a)(1))
Mark an X in this box and, in the space provided below, explain in detail why it is impossible or impractical to file a return within 9 months after the date of the decedent's death (see instructions).

Extension date requested
month  day  year
05/09/2008

[ ] **Extension of time to pay** (Tax Law, section 976(a))
Mark an X in this box and, in the space provided below, explain in detail why payment of the estate tax by the due date (that is, within 9 months of the date of death) will cause undue hardship to the estate. Include documentation of any effort the estate has made to convert assets to pay the tax. If the tax cannot be determined because the size of the estate is unascertainable, mark an X here [ ] and attach an explanation (see instructions).

Extension date requested
month  day  year

State in detail why you need an extension. (Attach additional sheets if necessary.)
The Personal Representative of the Estate requests an extension of time to file, as the Personal Representative does not have sufficient information with respect to the assets of the Estate to complete the U.S. Estate Tax Return, form 706 or the New York Estate Tax Return, form ET-706.

## Computation

| | | | |
|---|---|---|---|
| 1 | Estimated value of federal gross estate for New York (include all property, wherever located) | 1 | |
| 2 | Estimated deductions (see instructions for federal Form 706) | 2 | |
| 3 | Estimated federal taxable estate for New York (subtract line 2 from line 1) | 3 | |
| 4 | Estimated net estate tax for New York | 4 | |
| 5 | Amount previously remitted, if any | 5 | |
| 6 | Amount remitted with this form, if any (make check or money order payable to **Commissioner of Taxation and Finance** and attach to this form) | 6 | |

**Certification:** Under penalties of perjury, I declare that I am either the duly appointed executor or administrator for the above-named estate or, if no executor or administrator has been appointed, a person in actual or constructive possession of any property of the decedent with sufficient knowledge to file an accurate return, the attorney or accountant representing such individual, or a person with a power of attorney to act on behalf of the executor, and that, to the best of my knowledge and belief, the information contained in this application is true and correct.

| Signature | Date |
|---|---|
| | 11/6/07 |

588141
05-01-06    I019

7591106 789251 Wheeler          2006.06030 Wheeler, Thomas M.          WHEELER3

*Application for Extension of Time to File*
*and/or Pay Estate Tax*
*Thomas M. Wheeler*
*Social Security #*
*Form ET-133 Attachment*

*Names and Addresses of Executors*

Michaelon A. Wright
530 Ocean Drive #1002
Juno Beach, FL 33408
SS#                    REDACTED

Thomas R. Wheeler
c/o TMW Enterprises Inc.
2120 Austin Avenue, Ste. 100
Rochester Hills, MI 48309
SS#                    REDACTED

Lisa Wheeler Huzella
387 Pilgrim Downs
Edwards, CO 81632
SS#            REDACTED

DETROIT.2853937.1

*Application for Extension of Time to File*
*and/or Pay Estate Tax*
*Thomas M. Wheeler*
*Social Security #*
*Attachment*

*Names and Address of Authorized Representative*

Rebecca L. Donnini, Esq.
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226

DETROIT.2854641.1

**Letters of Testamentary/or Administration**

Estate of **THOMAS M. WHEELER, Deceased**                  No. **2007-P00529**

**THE STATE OF TEXAS**
**COUNTY OF EL PASO**

I, DELIA BRIONES Clerk of the Probate Court 2 of El Paso County, Texas, do hereby certify that on the **25TH** day of **JUNE, 2007**, **THOMAS R. WHEELER, MICHAELON A. WRIGHT AND LISA W. HUZELLA** were appointed by said Court **INDEPENDENT CO-EXECUTORS OF THE WILL** of the estate of **THOMAS M. WHEELER**, Deceased and that the above named qualified as such on the **17TH** day of **JULY, 2007** as the law requires; that said appointment has not been revoked and is in full force and effect.

Given under my hand and seal of said Court and issued at office in El Paso, Texas this **17TH** day of **JULY, 2007**.

DELIA BRIONES
Clerk Probate Court 2
Of El Paso, Texas

By _____
Deputy

VOID IF ALTERED OR ERASED

51101716

CERTIFICATION OF VITAL RECORD

FS FORM 1947 (05/05)

**WARNING:**
THIS DOCUMENT IS PRINTED ON PHOTOCOPY OR SECURITY PAPER WITH A WATERMARK OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK. THE DOCUMENT FACE CONTAINS A MULTI-COLORED BACKGROUND AND GOLD EMBOSSED SEAL. THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMATIC INK.

State Registrar

JUL 2 5 2007

## AFFIDAVIT OF AMENDMENT TO CERTIFICATE OF DEATH

**FLORIDA**  Page 2 of 2

| | | | | |
|---|---|---|---|---|
| NAME OF DECEASED | Thomas Morgan Wheeler | | | |
| DATE OF DEATH | FEB 09 07 | | | |

| Item | As it now appears | As it should be |
|---|---|---|
| Item #14a | Florida | Texas |
| Item #14b | Palm Beach | El Paso |
| Item #14c | Juno Beach | El Paso |
| Item #14d | 530 North Ocean Drive Unit 1003 | 6616 Wind Ridge |
| Item #14e | 1003 | Blank |
| Item #14f | 33408 | 79912 |
| Item 22b | Executive | Secretary |
| Item 23b | Grosse Isle | Rochester Hills |
| Item 23c | 8553 Woodside | 2120 Austin Ave #100 |
| Item 23d | 48138 | 48309 |

(APPLICANT DO NOT WRITE BELOW THIS LINE)

No Evidence Received

JUN 2 4 2007

---

✓ Amended by VS    JUN 2 4 2007

2007 030540    Page 1 of 2

## FLORIDA CERTIFICATE OF DEATH

Thomas Morgan Wheeler

Henry Ann Fitzgibbon

Chief Executive Officer

Martinez-Hargest Funeral Homes & Crematory

1495 West 17th Avenue

Florida    West Palm Beach

MAR 13 2007



New York State Department of Taxation and Finance

# New York State Estate Tax Domicile Affidavit

**For estates of decedents dying after May 25, 1990**

**ET-141**
(1/99)

Complete Form ET-141 if it is claimed that the decedent was not domiciled in New York State at the time of death.
The fiduciary (executor or administrator), the surviving spouse or a member of the decedent's immediate family who can provide all the information requested below should complete this affidavit.

Answer all questions completely. Attach this form to Form ET-90 or Form ET-85.

| Decedent's last name | First | | Middle initial | Social security number |
|---|---|---|---|---|
| Wheeler | Thomas | | M | REDACTED |

| Address of decedent at time of death (number and street) | | Date of death |
|---|---|---|
| 6616 Wind Ridge | | 02 \| 09 \| 2007 |

| City, village or post office | County | State | ZIP code | Country of residence |
|---|---|---|---|---|
| El Paso | El Paso | Texas | 79912 | United States |

| Age at death | Date of birth | Place of birth |
|---|---|---|
| 80 | /1927 | Kalamazoo, Michigan |

**1** If born outside the United States, was the decedent a naturalized citizen of the United States?
If *Yes*, enter (below) the name and address of the court where the decedent was naturalized. ☐ Yes ☐ No
Name and address of court where naturalized

**2** Did decedent ever live in New York State? ☐ Yes ☒ No If *Yes*, list periods.

**3** Did decedent ever own, individually or jointly, any interest in real estate located in New York State? ☒ Yes ☐ No If *Yes*, list addresses and periods below (attach additional sheets if necessary).

| Periods of time - from - to | Addresses of property |
|---|---|
| 12/03 - 2/07 | 43 West 64th Street, #4A, New York, New York |

**4** Did decedent lease a safe deposit box located in New York State at the time of death? ☐ Yes ☒ No
If *Yes*, complete box below. Also, if *Yes*, has it been inventoried? ☐ Yes ☐ No If *Yes*, attach copy of inventory.

Name and address of bank where box is located

**5** Provide the following information regarding the residences of the decedent during the last five years preceding death (attach additional sheets if necessary).

| In New York State | | | Outside New York State | | |
|---|---|---|---|---|---|
| Period of time from - to | Address | Residence owned - rented other - explain | Period of time from - to | Address | Residence owned - rented other - explain |
| | | | 3/04 - 2/07 | 6616 Wind Ridge El Paso, Texas 79912 | |
| | | | 4/96 - 3/04 | 1217 Cerrito Bello El Paso, Texas 79912 | |

**6** For the five years prior to death, list (1) the Internal Revenue Service Centers and (2) the states or other municipalities where the decedent filed income tax returns if no income tax returns were filed, enter none).

| Year | Internal Revenue Service Center | State, county, or municipality |
|---|---|---|
| 2002 - 2006 | Austin, Texas | 02-06 Michigan (non-resident) |
| 2006 | | 06 Colorado (non-resident) |
| 2006 | | 06 New Mexico (non-resident) |

## Privacy Notification

The right of the Commissioner of Taxation and Finance and the Department of Taxation and Finance to collect and maintain personal information, including mandatory disclosure of social security numbers in the manner required by tax regulations, instructions, and forms, is found in Articles 22, 26, 26-A, 26-B, 30, 30-A, and 30-B of the Tax Law; Article 2-E of the General City Law; and 42 USC 405(c)(2)(C)(i).

The Tax Department will use this information primarily to determine and administer tax liabilities due the state and city of New York and the city of Yonkers. We will also use this information for certain tax offset and exchange of tax information programs authorized by law, and for any other purpose authorized by law.

Information concerning quarterly wages paid to employees and identified by unique random identifying code numbers to preserve the privacy of the employees' names and social security numbers will be provided to certain state agencies for research purposes to evaluate the effectiveness of certain employment and training programs.

Failure to provide the required information may result in civil or criminal penalties, or both, under the Tax Law.

This information will be maintained by the Director of the Registration and Data Services Bureau, NYS Tax Department, Building 8 Room 924, W A Harriman Campus, Albany NY 12227; telephone 1 800 225-5829. From areas outside the U.S. and outside Canada, call (518) 485-6800.

ET-141 (1/99) (back)    Thomas M. Wheeler, SS #

**7** List the states where the decedent was registered to vote during the last five years preceding death *(list latest year first).*

| Years | | State |
|---|---|---|
| From | To | |
| 2002 | 2006 | Texas |
| | | |
| | | |

If decedent did not vote in those five years, when did he or she last vote? | Where?

| | |
|---|---|

**8** List employment or business activities (if any) engaged in by the decedent during the five years preceding the date of death.

| In New York State | | Outside New York State | |
|---|---|---|---|
| Period of time from - to | Nature of employment or business activities | Period of time from - to | Nature of employment or business activities |
| | | 02 – 06 | TMW Enterprises, Executive & Chairman |
| | | | |

**9** Was decedent a party to any legal proceedings in New York State during the last five years?  ☐ Yes  ☒ No   If Yes, list courts, dates and types of action.

| |
|---|

**10** Did decedent have a license to operate a business, profession, motor vehicle, airplane or boat?  ☒ Yes  ☐ No  If Yes, list below.

| License number | Type of license | Date of issuance | Name and location of issuing office |
|---|---|---|---|
| 12764816 | Drivers License | April 2006 (last renewal) | Texas Department of Motor Vehicles |

**11** Did decedent execute any trust indentures, deeds, mortgages or any other documents describing his or her residence during the last five years preceding death?   ☒ Yes  ☐ No  If Yes, attach copy.

**12** Was the decedent a member of any church, club or organization?  ☒ Yes  ☐ No
If Yes give name, address and other details. *(Attach additional sheets if necessary.)*

Coronado Country Club, 1044 Broadmoor, El Paso, Texas 79912

**13** What other information do you wish to submit in support of the contention that the decedent was not domiciled in New York State at the time of death? *(Attach additional sheets if necessary.)*

| |
|---|

| Applicant's last name | First | Middle initial | Relationship to decedent |
|---|---|---|---|
| Soifer | Douglas | S. | Business Associate |
| Address *(number and street)* | | | Connection with estate |
| 2120 Austin Avenue, Suite 100 | | | Tax Return Preparer |
| City, village or post office | State | | ZIP code |
| Rochester Hills | Michigan | | 48309 |

The undersigned states that this affidavit is made to induce the Commissioner of the Department of Taxation and Finance of the State of New York to determine domicile, and that the answers herein contained to the foregoing questions are each and every one of them true in every particular.

Signature of applicant _____

Sworn before me this _____ 7th _____ day of _November_ 2007

Notary Public, Commissioner of Deeds or Authorized New York State Department of Taxation and Finance employee (no seal required)

Signature  TINA SMARCH

Notary Public, State of Michigan
County of Oakland

My Commission _____
Acting in _____

*New York State Estate Tax Domicile Affidavit*
*Thomas M. Wheeler*
*Social Security*
*Attachment to Question 11*

REDACTED

11.   The Decedent executed a Last Will and Testament dated January 6, 2007, which recited his domicile as Palm Beach Gardens, Florida.  A copy of the first page of such Last Will and Testament is attached.

DETROIT.2854645.1

# The
# Last Will and Testament
# of
# Thomas M. Wheeler

I, Thomas M. Wheeler, of the City of Palm Beach Gardens, County of Palm Beach, and State of Florida, being of full age and sound mind and memory, do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking all former Wills and Codicils heretofore made by me.

### 1 Family.

My Wife is and shall only refer to NANCY A. WHEELER. My children, who are all living on the date of this Will, are THOMAS R. WHEELER, LISA W. HUZELLA, MICHAELON A. WRIGHT, TIFFANY M. WHEELER and KRYSTAL WHEELER.

### 2 Payments.

### 2A Debts and Expenses.

I direct my Personal Representative to pay from my estate my funeral and burial expenses, the administration expenses of my estate, and all of my debts duly proven and allowed against my estate.

### 2B Taxes.

I direct my Personal Representative to pay from my estate the Death Taxes as provided in Paragraph 8A(1).

### 3 Specific Provisions.

### 3A Separate List for Tangible Personal Property.

I bequeath the items of tangible personal property described in a separate written instrument signed by me either before, on, or after the date of this Will to the persons specified in



VOTER REGISTRATION CERTIFICATE
(Certificado de Registro Conductor)

EL PASO COUNTY (Condado)

| Cert. No./Válido from on Cert./VUID | Sex/Sexo | Time from (Válido desde) |
|---|---|---|
| 00513433 | M | 01/01/2006 |
| | | Until (Hasta) |
| Year of Birth (Año de Nacimiento) | Pos. No. y P.E. Num. | 12/31/2007 |
| 1927 | 013-1 | |

THOMAS MORGAN WHEELER
6616 WIND RIDGE DR
EL PASO, TX 79912

X _____

| STATE SEN. | CONG. DIST. | U.S. REP. | CTY. REP. | SCH. DIST. |
|---|---|---|---|---|
| 29 | 78 | 4 | 7 | 1 | E6 |





REDACTED



THOMAS M. WHEELER IRREVOCABLE TRUST
2120 AUSTIN AVENUE, #100
ROCHESTER HILLS, MI 48309

62-23/311                1002

DATE  11/9/07

PAY TO THE
ORDER OF  Commissioner of Taxation & Finance  $

Four hundred fifty thousand & no/100 ——————  DOLLARS

JPMorgan
Private Bank
JPMorgan Chase Bank, N.A.
Wilmington, Delaware

MEMO  ESTATE TAX          Heather S. Wilts

1002

REDACTED

IN THE STATUTORY PROBATE COURT

EL PASO COUNTY, TEXAS

2007 MAY 29  PM 2: 58

COUNTY CLERK
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| OF | § | No. |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## APPLICATION FOR PROBATE OF WILL AND ISSUANCE OF LETTERS TESTAMENTARY

TO THE COURT:

THOMAS R. WHEELER, MICHAELON A. WRIGHT and LISA W. HUZELLA ("Applicants") furnish the following information to the Court for the probate of the written Will of THOMAS M. WHEELER ("Decedent") and for issuance of Letters Testamentary:

1.      THOMAS R. WHEELER is an individual interested in this estate, domiciled in and residing at 901 Ute Avenue, Aspen, Colorado 81611. MICHAELON A. WRIGHT is an individual interested in this estate, domiciled in and residing at 530 Ocean Drive, Unit 1002, Juno Beach, Florida 33408. LISA W. HUZELLA is an individual interested in this estate, domiciled in and residing at 387 Pilgrim Downs, Edwards, Colorado 81632.

2.      Decedent died on February 9, 2007 in West Palm Beach, Palm Beach County, Florida, at the age of 79 years.

3.      This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in this county on the date of death.

4.      Decedent owned property of a value in excess of $10,000.00, situated in El Paso, El Paso County, Texas.

{00044952.DOC . 2}

5.    Decedent left a written Will ("Will") dated January 6, 2007, which was never revoked and is filed herewith. The subscribing witnesses to the Will were **CHARLES NIDA** and **PATRICK T. DUERR**. The Will was not made self-proving in the manner prescribed by Texas law. As the subscribing witnesses to the Will are residents of the state of Michigan, testimony from two persons who are familiar with Decedent's handwriting will be offered at the hearing hereon pursuant to Section 84(b)(3) of the Texas Probate Code.

6.    No child or children were born to or adopted by Decedent after the date of the Will.

7.    Decedent was never divorced. Decedent was married once during his lifetime to **NANCY A. WHEELER** who survived Decedent.

8.    A necessity exists for the administration of this estate.

9.    Decedent's Will named Applicants to serve without bond or other security as personal representatives of Decedent's estate. While Decedent's Will provides that the personal representatives shall have the power to take actions "without necessity of any judicial authorization or approval", the Will does not contain the language described in Section 145(b) of the Texas Probate Code concerning the creation of an independent administration. Applicants assert that incorporating the language used in Section 145(b) of the Texas Probate Code is not the exclusive means for a will to provide for independent administration, and that language which indicates that the decedent's estate is to be administered free of judicial supervision is sufficient. *Long v. Long*, 169 S.W.2d 763 (Tex. Civ. App.—San Antonio 1943, writ ref'd). Applicants assert that the provision contained in Decedent's Will which authorize the personal

representatives to act without judicial authorization or approval is sufficient to create an independent administration of Decedent's estate.

10.    In the alternative, Applicants represent to the Court that it is advisable and in the best interest of the estate to have an independent administration of said estate pursuant to Section 145(c) of the Texas Probate Code. Decedent's Will refers to a separate instrument to dispose of tangible personal property and then provides that the residue of the estate will pass to the Trustee of the Thomas M. Wheeler Trust Agreement. Decedent did not create an instrument to dispose of tangible personal property during his lifetime. Accordingly, the sole distributee is the Trustee of the Thomas M. Wheeler Trust Agreement. Decedent served as the initial Trustee of such trust, and Applicants are designated to serve as the successor Co-Trustees. In the event that the Court determines that Decedent's Will does not create an independent administration of Decedent's estate, Applicants, in their capacities as Co-Trustees of the Thomas M. Wheeler Trust Agreement, request the Court to order that there be no action in any court in relation to the settlement of the estate other than the return of an Inventory, Appraisement and List of Claims of the estate. Applicants further request that, in addition to the powers and authorities described in the Will, the Court order that Applicants shall have all of the rights, powers and privileges of independent executors under the laws of the state of Texas.

11.    Applicants would not be disqualified by law from serving as Independent Co-Executors of Decedent's estate or from accepting Letters Testamentary, and Applicants would be entitled to such Letters. In this connection, Applicants would show the Court that although they are non-residents of the state of Texas, they will each file with the Court in these proceedings a written instrument whereby they appoint **AMY STEWART SANDERS**, a Texas resident, as their

respective resident agent to accept service of process in all actions or proceedings with respect to this estate.

12.    The Inventory, Appraisement and List of Claims will be due to be filed on or before ninety (90) days following the date on which Applicants qualify as Independent Co-Executors. Applicants request that the Court grant an extension of time in which to file said Inventory, Appraisement and List of Claims until ninety (90) days following the date on which Decedent's federal estate tax return, Form 706, is required to be filed with the Internal Revenue Service by the Independent Co-Executors, including any extensions of time in fact granted by the Internal Revenue Service. Applicants would show the Court that good cause exists for this request.

13.    Neither the state of Texas, nor any governmental agency of the state of Texas, nor a charitable organization is named by the Will as a devisee.

WHEREFORE, Applicants pray that citation issue as required by law to all persons interested in this Estate; that the Will be admitted to probate; that Letters Testamentary be issued to Applicants; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

RYAN & SANDERS, LLP
310 N. Mesa Street, Suite 300
El Paso, Texas 79901
(915) 351-1100
(915) 351-1101 (FAX)


By: _____
AMY STEWART SANDERS
State Bar No. 19202055
Attorneys for Applicants

{00044952.DOC : 2}                            4

*2007 JUL 13 PH 3:44*

## IN THE STATUTORY PROBATE COURT #2

## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## ORDER ADMITTING WILL TO PROBATE AND
## GRANTING LETTERS TESTAMENTARY

BE IT REMEMBERED that on this _25_ day of _____, 2007,

came on to be heard the Application for Probate of the Will and Issuance of Letters Testamentary

filed by **THOMAS R. WHEELER, MICHAELON A. WRIGHT** and **LISA W. HUZELLA** ("Applicants"), in the estate of **THOMAS M. WHEELER**, deceased ("Decedent").

The Court, having heard the evidence and having reviewed the Will and the other

documents filed herein, finds as follows:

    1.    that the allegations contained in the Application are true;

    2.    that notice and citation have been given in the manner and for the length of time

required by law;

    3.    that Decedent is dead and that four years have not elapsed since the date of

Decedent's death;

    4.    that this Court has jurisdiction and venue over this estate;

00045651.DOC  2

5.     that Decedent left a written Will dated January 6, 2007, which was executed with the formalities and solemnities and under the circumstances required by law to make it a valid Will under Texas law;

6.     that the Will was not made self-proving in the manner prescribed by Texas law, and that two witnesses who are familiar with the Decedent's handwriting were present and identified the Decedent's handwriting at the hearing hereon;

7.     that on the date that the Will was executed, Decedent had attained the age of eighteen years and was of sound mind;

8.     that such Will was not revoked by Decedent;

9.     that no objection to or contest of the probate of such Will has been filed;

10.     that all of the necessary proof required for the probate of such Will has been made;

11.     that such Will is entitled to probate;

12.     that in said Will, Decedent named Applicants to serve as personal representatives of Decedent's estate, without bond or other security, that the language contained in Decedent's Will is sufficient to create an independent administration of his estate and that the sole distribute of Decedent's estate has consented to the creation of an independent administration;

13.     that Applicants are duly qualified and are not disqualified by law to act as such and to receive letters testamentary;

14.     that a necessity exists for the administration of this estate;

15.     that no interested person has applied for appraisers and none are deemed necessary by the Court; and

00045651.DOC . 2

16.    that neither the state of Texas, nor any governmental agency of the state of Texas, nor a charitable organization is named by the Will as a devisee.

IT IS THEREFORE ORDERED that such Will is admitted to probate, and the Clerk of this Court is ORDERED to record the Will, together with the Application in the case file for this matter maintained by the Clerk of this Court.

IT IS FURTHER ORDERED that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to **THOMAS R. WHEELER, MICHAELON A. WRIGHT** and **LISA W. HUZELLA** who are hereby appointed to serve as Independent Co-Executors of Decedent's Will and estate in accordance with the provisions of the Texas Probate Code.

IT IS FURTHER ORDERED that no bond or other security shall be required by the Independent Co-Executors and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims.    The date for filing of the Inventory, Appraisement and List of Claims in the captioned estate is extended until ninety (90) days following the date on which Decedent's federal estate tax return, Form 706, is required to be filed with the Internal Revenue Service by the Independent Executor, including any extensions of time in fact granted by the Internal Revenue Service.

SIGNED on this __Z5__ day of __June__, 2007.

_____
                                        JUDGE

00045651.DOC . 2

3

IN THE STATUTORY PROBATE COURT # 2

EL PASO COUNTY, TEXAS

2007 JUL 13 PM 3: 44

IN THE MATTER OF THE ESTATE

OF

THOMAS M. WHEELER, deceased.

No. 2007-P00529

## APPOINTMENT OF RESIDENT AGENT

The undersigned has and does by these presents appoint **AMY STEWART SANDERS**, whose address is 310 N. Mesa Street, Suite 300, El Paso, Texas 79901, to be resident agent to accept service of process in all actions or proceedings with respect to this estate pursuant to the provisions of Section 78(c) of the Texas Probate Code and in anticipation of the appointment of the undersigned as an Independent Co-Executor of this estate.

SIGNED on this _24_ day of __MAY__, 2007.

**THOMAS R. WHEELER**

THE STATE OF _COLORADO_

COUNTY OF _PITKIN_

This instrument was acknowledged before me on this _24_ day of __MAY__. 2007, by **THOMAS R. WHEELER.**

NOTARY PUBLIC IN AND FOR THE
STATE OF _COLORADO_
COUNTY: _PITKIN_
COMMISSION EXPIRES: 1-25-2009

TODD LAY
NOTARY PUBLIC
STATE OF COLORADO

{00044953.DOC .}

IN THE STATUTORY PROBATE COURT # 2   2007 JUL 13 PM 3:44

EL PASO COUNTY, TEXAS

COUNTY CLERK
EL PASO COUNTY, TEXAS

IN THE MATTER OF THE ESTATE     '

OF     '     No. 2007-P00529

THOMAS M. WHEELER, deceased.     '

## APPOINTMENT OF RESIDENT AGENT

The undersigned has and does by these presents appoint **AMY STEWART SANDERS**, whose address is 310 N. Mesa Street, Suite 300, El Paso, Texas 79901, to be resident agent to accept service of process in all actions or proceedings with respect to this estate pursuant to the provisions of Section 78(c) of the Texas Probate Code and in anticipation of the appointment of the undersigned as an Independent Co-Executor of this estate.

SIGNED on this _23_ day of _May_____, 2007.

_____
MICHAELON A. WRIGHT

THE STATE OF _Florida___    '

COUNTY OF _Palm Beach_    '

This instrument was acknowledged before me on this _24th_ day of _May_____, 2007, by **MICHAELON A. WRIGHT**.

```
BETTY A. HARLOW
MY COMMISSION # DD 643373
EXPIRES: March 30, 2011
Bonded Thru Notary Public Underwriters
```

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF _Florida_

{00044954.DOC .}

IN THE STATUTORY PROBATE COURT # 2

EL PASO COUNTY, TEXAS

2007 JUL 13 PM 3: 44

*[stamp] EL PASO COUNTY CLERK*
*COUNTY, TEXAS*

IN THE MATTER OF THE ESTATE

OF

THOMAS M. WHEELER, deceased.

No. 2007-P00529

## APPOINTMENT OF RESIDENT AGENT

The undersigned has and does by these presents appoint AMY STEWART SANDERS, whose address is 310 N. Mesa Street, Suite 300, El Paso, Texas 79901, to be resident agent to accept service of process in all actions or proceedings with respect to this estate pursuant to the provisions of Section 78(c) of the Texas Probate Code and in anticipation of the appointment of the undersigned as an Independent Co-Executor of this estate.

SIGNED on this 24th day of _____May_____, 2007.

*[signature]*
LISA W. HUZELLA

THE STATE OF Colorado

COUNTY OF Eagle

This instrument was acknowledged before me on this 24th day of May 2007, by LISA W. HUZELLA.

*[signature]*
NOTARY PUBLIC IN AND FOR THE
STATE OF Colorado

my commission expires
12|28|2009.

{00044955.DOC }

IN THE STATUTORY PROBATE COURT #2

EL PASO COUNTY, TEXAS

FEB 11 2008

FILED_____
COUNTY CLERK, EL PASO CO., TEXAS
DELIA BRIONES
BY _____
            DEPUTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## INVENTORY, APPRAISEMENT AND LIST OF CLAIMS

Date of Death: February 9, 2007

The following is a full, true and complete Inventory and Appraisement of all personal property and of all real property situated in the State of Texas, together with a List of Claims due or owing to this Estate as of the date of death, which have come to the possession or knowledge of the undersigned.

## INVENTORY AND APPRAISEMENT

## COMMUNITY PROPERTY

### NONE

## SEPARATE PROPERTY

| A. | REAL PROPERTY | VALUE |
|---|---|---|
| | NONE | |
| | TOTAL SEPARATE REAL PROPERTY: | $      0.00 |
| B. | PERSONAL PROPERTY | VALUE |
| | 1.    Bank Accounts<br>       Items 1 and 2 on Schedule C to draft of<br>       Form 706 attached hereto as Exhibit A | $  20,247.00 |

{00048392.DOC . 3}

| | | |
|---|---|---:|
| 2. | Notes Receivable<br>Items 3 and 4 on Schedule C to draft of<br>Form 706 attached hereto as Exhibit A | $1,276,936.00 |
| 3. | Business Interests<br>Items 1 and 2 on Schedule F to draft of<br>Form 706 attached hereto as Exhibit B | $  766,000.00 |
| 4. | 1994 Lincoln Continental automobile<br>VIN:  1LNLM97R8RY744521<br>Item 8 on Schedule F to draft of Form<br>706 attached hereto as Exhibit B | $     3,608.00 |
| 5. | Miscellaneous household goods,<br>furnishings and personal effects<br>Item 7 on Schedule F to draft of Form<br>706 attached hereto as Exhibit B | $    48,115.00 |

**TOTAL SEPARATE PERSONAL PROPERTY:**          **$2,114,906.00**

### LIST OF CLAIMS DUE OR OWING TO ESTATE

| | | |
|---|---|---:|
| 1. | Retainer Credit<br>Item 3 on Schedule F to draft of Form<br>706 attached hereto as Exhibit B | $     2,798.00 |
| 2. | Anticipated Refunds<br>Items 4 through 6 on Schedule F to draft<br>of Form 706 attached hereto as Exhibit B | $  365,897.00 |

### RECAPITULATION

**TOTAL SEPARATE PROPERTY:**               **$2,114,906.00**

**TOTAL COMMUNITY PROPERTY:**             **$          0.00**

**TOTAL CLAIMS DUE/OWING TO ESTATE:**      **$  368,695.00**

**TOTAL ESTATE:**                         **$2,483,601.00**

The foregoing Inventory, Appraisement and List of Claims should be approved and ordered entered of record.

2

{00048392.DOC . 3}

Respectfully submitted,

AMY STEWART SANDERS
State Bar No. 10202055
Attorney for THOMAS R. WHEELER,
MICHAELON A. WRIGHT and LISA W.
HUZELLA, Independent Co-Executors of the
Estate of THOMAS M. WHEELER, deceased

OF COUNSEL:

Ryan Sanders & Gluth, LLP
310 N. Mesa Street, Suite 300
El Paso, Texas 79901
(915) 351-1100 (telephone)
(915) 351-1101 (facsimile)

3

{00048392.DOC . 3}

STATE OF _Michigan_ §
§
COUNTY OF _Oakland_ §

I, **THOMAS R. WHEELER**, Independent Co-Executor of the Estate of **THOMAS M. WHEELER**, deceased, having been duly sworn, hereby state on oath that the foregoing Inventory, Appraisement and List of Claims is a true and complete statement of all property and claims of the Estate that have come to my knowledge.

_____

**THOMAS R. WHEELER**, Independent
Co-Executor of the Estate of **THOMAS M.**
**WHEELER**, deceased

SUBSCRIBED AND SWORN TO BEFORE ME by the said **THOMAS R. WHEELER**, Independent Co-Executor of the Estate of **THOMAS M. WHEELER**, deceased, on this the ___17th___ day of ___JANUARY___, 2008, to certify which witness my hand and seal of office.

Notary's Official Seal:

_____
Notary Public in and for the
State of _Michigan_

Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 8, 2008

4

{00048392.DOC.3}

STATE OF _Michigan_ ) §
                       §
COUNTY OF _Oakland_ ) §

    I, **MICHAELON A. WRIGHT**, Independent Co-Executor of the Estate of **THOMAS M. WHEELER**, deceased, having been duly sworn, hereby state on oath that the foregoing Inventory, Appraisement and List of Claims is a true and complete statement of all property and claims of the Estate that have come to my knowledge.

                                                         MICHAELON A. WRIGHT, Independent
                                                         Co-Executor of the Estate of **THOMAS M.**
                                                         **WHEELER**, deceased

    SUBSCRIBED AND SWORN TO BEFORE ME by the said **MICHAELON A. WRIGHT**, Independent Co-Executor of the Estate of **THOMAS M. WHEELER**, deceased, on this the _7th_ day of _January_____, 2008, to certify which witness my hand and seal of office.

Notary's Official Seal:

                                      Notary Public in and for the
                                         State of _Michigan_

TINA SMARCH
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 8, 2008
Acting in the County of _____

5

{00048392.DOC . 3}

STATE OF _Michigan_ §
COUNTY OF _Oakland_ §
§

I, **LISA W. HUZELLA**, Independent Co-Executor of the Estate of **THOMAS M. WHEELER**, deceased, having been duly sworn, hereby state on oath that the foregoing Inventory, Appraisement and List of Claims is a true and complete statement of all property and claims of the Estate that have come to my knowledge.

_Lisa W. Huzella_
**LISA W. HUZELLA**, Independent Co-Executor
of the Estate of **THOMAS M. WHEELER**,
deceased

SUBSCRIBED AND SWORN TO BEFORE ME by the said **LISA W. HUZELLA**, Independent Co-Executor of the Estate of **THOMAS M. WHEELER**, deceased, on this the 25th day of _January_, 2008, to certify which witness my hand and seal of office.

Notary's Official Seal:

_____
Notary Public in and for the
State of Michigan

TINA SMARCH
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 8, 2009
Acting in the County of ____

6

{00048392.DOC.3}

Draft dated January 15, 2008

Form 706 (Rev. 9-2007)

Estate of: Thomas M. Wheeler

Decedent's Social Security Number

REDACTED

## SCHEDULE C - Mortgages, Notes, and Cash

(For jointly owned property that must be disclosed on Schedule E, see the Instructions for Schedule E.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Bessemer Trust Account # | REDACTED | | 10,080. |
| 2 | Huntington National Bank, Account # | REDACTED | | 10,167. |
| 3 | Note receivable from Shain Park Associates, LLC, a Michigan limited liability company | | | 0. |
| 4 | Notes receivable TMW Inmuebles, S. de R.L. de C.V.(we need back-up) | | | 1,276,936. |

Total from continuation schedules (or additional sheets) attached to this schedule .....................

TOTAL. (Also enter on Part 5 - Recapitulation, page 3, at item 3.) .........................
(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See Instructions.)
607051/09-28-07

1,297,183.

Schedule C - Page 13

Draft dated January 15, 2008

Form 706 (Rev. 9-2007)

Decedent's Social Security Number

REDACTED

Estate of: Thomas M. Wheeler

## SCHEDULE F – Other Miscellaneous Property Not Reportable Under Any Other Schedule

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)

(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent at the time of death own any works of art or items with collectible value in excess of $3,000 or any collections whose artistic or collectible value combined at date of death exceeded $10,000? | X | |
| | If 'Yes,' submit full details on this schedule and attach appraisals. | | |
| 2 | Has the decedent's estate, spouse, or any other person, received (or will receive) any bonus or award as a result of the decedent's employment or death? | | X |
| | If 'Yes,' submit full details on this schedule. | | |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? | X | |

If 'Yes,' state location, and if held in joint names of decedent and another, state name and relationship of joint depositor.

See Statement 2

If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted.

No contents

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | 57% interest in Huzella Development Company, a Texas Limited Liability Company | | | | 766,000. |
| 2 | 80% interest in TMW Inmuebles, S de R.L. de C.V. | | | | 0. |
| 3 | Retainer credit for prepayment of legal services Greenberg Trager & Herbst LLP | | | | 2,798. |
| 4 | State of Michigan Income Tax Refund (anticipated) | | | | 290,431. |
| 5 | State of Michigan (2006) income tax refund (anticipated) | | | | 31,532. |
| 6 | Colorado (2006) income tax refund (anticipated) | | | | 43,934. |
| 7 | Personal property located at 5568 Pine Brooke, Birmingham, MI | | | | 48,115. |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | | 3,608. |
| | TOTAL. (Also enter on Part 5 - Recapitulation, page 3, at Item 6.) | | | | 1,186,418. |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.) (See instructions.)

607081 / 09-28-07

Schedule F - Page 19

EXHIBIT "B"

Draft dated January 15, 2008

Estate of: Thomas M. Wheeler 

# CONTINUATION SCHEDULE

Continuation of Schedule ___F___
(Enter letter of schedule you are continuing.)

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 8 | 1994 Lincoln Continental Executive | | | | 3,608. |
| | TOTAL. (Carry forward to main schedule.) | | | | 3,608. |

605035
08-18-06



FILED FEB 14 2008
COUNTY CLERK, EL PASO CO., TEXAS
DELIA BRIONES
BY _____
DEPUTY

## IN THE STATUTORY PROBATE COURT #2

## EL PASO COUNTY, TEXAS

IN THE MATTER OF THE ESTATE §
§
OF    §    No. 2007-P00529
§
THOMAS M. WHEELER, deceased.    §

### ORDER APPROVING INVENTORY, APPRAISEMENT AND LIST OF CLAIMS

The foregoing Inventory, Appraisement and List of Claims of the above Estate having been filed and presented and the Court having considered and examined the same and being satisfied that it should be approved and there having been no objections made thereto, it is in all respects APPROVED AND ORDERED entered of record.

SIGNED on this ____12____ day of ____Feb____, 2008.

ORIGINAL SIGNED ... UA
JUDGE EDUARDO A ...
PROBATE COURT NO. 2

_____
**JUDGE PRESIDING**

{00052435.DOC .}

FILED FEB 19 2008
COUNTY CLERK, EL PASO CO., TEXAS
DELIA BRIONES
BY _____
DEPUTY

## IN THE STATUTORY PROBATE COURT #2

## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § § | |
| OF | § § | No. 2007-P00529 |
| THOMAS M. WHEELER, deceased. | § | |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE SAID HONORABLE COURT:

COME NOW **THOMAS R. WHEELER**, **MICHAELON A. WRIGHT** and **LISA W. HUZELLA**, acting in their capacities as Independent Co-Executors of the Estate of **THOMAS M. WHEELER**, deceased (the "Co-Executors"), and in their capacities as Co-Trustees of the **THOMAS M. WHEELER TRUST** (the "Co-Trustees") arising under agreement originally dated April 9, 1986, and amended thereafter (the "Trust Agreement"), and file this, their Original Petition for Declaratory Judgment to: (i) construe the terms of the Trust Agreement; (ii) determine that the Co-Trustees of the **THOMAS M. WHEELER TRUST** (the "Trust") have the authority and the obligation to use assets of the Trust to pay debts, expenses and taxes of the insolvent Estate of **THOMAS M. WHEELER**, deceased (the "Estate"); (iii) approve the plan developed by the Co-Trustees to pay such liabilities, including borrowing cash from an entity which is partially owned by the Trust, in conjunction with the administration and distribution of the assets of the Trust; and (iv) review and settle the accounts of the Co-Trustees of the Trust

{00052012.DOC . 8 }

through January 31, 2008 as described herein. The Co-Executors and the Co-Trustees (collectively, the "Petitioners") furnish the following information to the Court in support thereof:

1.     This proceeding is filed pursuant to: (i) the Uniform Declaratory Judgments Act, Chapter 37, Texas Civil Practice & Remedies Code, for declaratory judgment; (ii) Section 115.001(a) of the Texas Property Code to construe a trust instrument, determine the powers, responsibilities, duties and liabilities of the Co-Trustees, make determinations of fact affecting the administration and distribution of a trust, and determine questions arising in the administration and distribution of a trust; (iii) Section 115.001(a)(9) of the Texas Trust Code for the review and settlement of the accounts of the Co-Trustees; (iv) the authority of *Bailey v. Cherokee County Appraisal District*, 862 S.W.2d 581, 586 (Tex. 1993), pursuant to which this Court has dominant and exclusive jurisdiction over all proceedings incident to the administration of the Estate of **THOMAS M. WHEELER**, deceased, including proceedings which are filed after the administration of the Estate was initiated in this Court; (v) Section 115.001(d)(1) of the Texas Property Code which confers concurrent jurisdiction on statutory probate courts over proceedings described in subsection (ii) above; (vi) Section 5(e) of the Texas Probate Code which confers concurrent jurisdiction on statutory probate courts over all actions by or against a trustee and all actions involving inter vivos trusts; and (vii) Sections 5(h) and 5A(b) of the Texas Probate Code which confer jurisdiction on statutory probate courts over causes of action which appertain to estates or are incident to estates, including but not limited to the interpretation and administration of testamentary trusts and generally all matters related to the collection, settlement, partition and distribution of estates of deceased persons. This Court has jurisdiction

{00052012.DOC . 8 }

over the subject matter of this proceeding and the parties hereto and venue lies in El Paso County, Texas.

2.      The following are necessary parties to this proceeding:

| Name | Address |
|---|---|
| **LIZETH MODESTO** | 6616 Wind Ridge<br>El Paso, Texas 79912 |
| **HARRY WHEELER** | 635 Simpson Street<br>Plymouth, Michigan 48170 |
| **JOHN WHEELER** | 635 Simpson Street<br>Plymouth, Michigan 48170 |
| **KRYSTAL WHEELER** | 43 West 64th Street, Unit 4A<br>New York, New York 10023 |
| **TIFFANY M. WHEELER** | 43 West 64th Street, Unit 4A<br>New York, New York 10023 |
| **CHARLENE A. ROYCE,**<br>in her capacity as natural<br>guardian of **TIFFANY M. WHEELER** | 43 West 64th Street, Unit 4A<br>New York, New York 10023 |
| **CHARLES G. BERRY, ESQ.**<br>Legal counsel for **CHARLENE<br>A. ROYCE** as parent and guardian<br>of **TIFFANY M. WHEELER** | Arnold & Porter LLP<br>399 Park Avenue<br>New York, New York 10022 |
| **WILLIAM WHEELER** | 33375 Broadmoor Court<br>Livonia, Michigan 48154 |
| **THOMAS R. WHEELER,<br>MICHAELON A. WRIGHT** and<br>**LISA W. HUZELLA,** acting in their<br>capacities as Co-Trustees of the<br>trust arising for the benefit of<br>**HARRY WHEELER** under the<br>**THOMAS M. WHEELER TRUST** | c/o TMW Enterprises Inc.<br>201 W. Big Beaver Road, Suite 1420<br>Troy, Michigan 48084 |

3

| | |
|---|---|
| THOMAS R. WHEELER, MICHAELON A. WRIGHT and LISA W. HUZELLA, acting in their capacities as Co-Trustees of the trust arising for the benefit of JOHN WHEELER under the THOMAS M. WHEELER TRUST | c/o TMW Enterprises Inc. 201 W. Big Beaver Road, Suite 1420 Troy, Michigan 48084 |
| THOMAS R. WHEELER, MICHAELON A. WRIGHT and LISA W. HUZELLA, acting in their capacities as Co-Trustees of the trust arising for the benefit of WILLIAM WHEELER under the THOMAS M. WHEELER TRUST | c/o TMW Enterprises Inc. 201 W. Big Beaver Road, Suite 1420 Troy, Michigan 48084 |
| MICHAELON A. WRIGHT and LISA W. HUZELLA, acting in their capacities as Co-Trustees of the trust arising for the benefit of KRYSTAL WHEELER under the THOMAS M. WHEELER TRUST | c/o TMW Enterprises Inc. 201 W. Big Beaver Road, Suite 1420 Troy, Michigan 48084 |
| MICHAELON A. WRIGHT and LISA W. HUZELLA, acting in their capacities as Co-Trustees of the trust arising for the benefit of TIFFANY WHEELER under the THOMAS M. WHEELER TRUST | c/o TMW Enterprises Inc. 201 W. Big Beaver Road, Suite 1420 Troy, Michigan 48084 |
| WHEELER FAMILY FOUNDATION, INC. | c/o TMW Enterprises Inc. 201 W. Big Beaver Road, Suite 1420 Troy, Michigan 48084 |

Petitioners assert that, other than TIFFANY M. WHEELER, all of the foregoing individuals are adults, and Petitioners anticipate that each of the necessary parties will either: (i) file a waiver of citation and notice herein and a waiver of the right to trial by jury, and that no additional citation or notice to such persons will be necessary; or (ii) enter an appearance in this proceeding. Petitioners assert that TIFFANY M. WHEELER will be eighteen (18) during 2008, and Petitioners believe that her birthday will be on April 6, 2008. Inasmuch as TIFFANY M.

4

{00052012.DOC . 8 }

WHEELER is a minor on the date that this petition is filed, and she is a necessary party to this proceeding and representation of her interests herein would otherwise be inadequate, Petitioners request the appointment of a temporary guardian ad litem for the purpose of representing her interests herein pursuant to Section 115.014 of the Texas Property Code.    While **NANCY WHEELER** is a person who is named in the Trust Agreement, she is not a necessary party hereto as she is not a beneficiary of the Trust.

3.    Pursuant to Section 115.011(b) of the Texas Property Code, the necessary parties to this action are: (i) a beneficiary upon whose act or obligation the action is predicated; (ii) a beneficiary designated by name in the instrument creating the trust; (iii) a person who is actually receiving distributions from the trust estate at the time the action is filed; and (iv) the trustees who are serving at the time the action is filed.  The persons who meet the foregoing criteria are described above and are parties to this proceeding.  Pursuant to Section 115.011(b) of the Texas Property Code, contingent beneficiaries designated as a class are not necessary parties to this proceeding.  Accordingly, no citation or notice to these persons is necessary, and it is not necessary to appoint an attorney ad litem or guardian ad litem to represent such persons or unborn or other contingent remaindermen.

4.    Inasmuch as this proceeding involves the interests of a charitable organization, **GREG ABBOTT**, the Attorney General of the state of Texas, is entitled to notice of this proceeding, and a copy of the Petition has been mailed, by United States Postal Service, certified mail, return receipt requested, pursuant to the provisions of Section 30.004 of the Texas Civil Practice and Remedies Code and Section 123.003 of the Texas Property Code, to him at the following address:

Hon. Greg Abbott
Attorney General State of Texas
Consumer Protection Division
P.O. Box 12548
Capitol Station
Austin, Texas  78711-2548

5.     Discovery will be conducted under level two of the Texas Rules of Civil Procedure.

6.     **CHARLENE ROYCE**, acting as parent and guardian of **TIFFANY M. WHEELER**, has filed a Complaint, and an Amended Complaint, against the Co-Trustees, the **WHEELER FAMILY FOUNDATION**, and a limited liability company created by Decedent.  The Complaint was filed on December 3, 2007 and the Amended Complaint was filed very shortly thereafter on December 19, 2007 and prior to the answer date or filing of any responsive pleading.  The Complaint and the Amended Complaint were filed in the United States District Court for the Southern District of New York under case number 07-CV-10968 (RWS)(FM), and reflect that the plaintiff therein was not aware that Decedent's Last Will and Testament has been filed in and admitted to probate by this Court.  Petitioners assert that the allegations set forth in the Amended Complaint wholly lack merit.  Petitioners have advised counsel for the plaintiff in the Amended Complaint that Decedent's Will has been admitted to probate by this Court, and that the administration of the Estate is pending and continues in El Paso County, Texas.  Moreover, a judicial proceeding concerning matters related to the administration of the Trust is pending in this Court as a matter incident to the Estate.  Under these circumstances, Petitioners further assert that, if the plaintiff in the Amended Complaint determines that it is appropriate to pursue the matters alleged therein, such matters must be pursued in this proceeding as matters incident to the Estate.

6

{00052012.DOC . 8 }

## FACTS

7.      **THOMAS M. WHEELER**, deceased (the "Decedent") died on February 9, 2007 while a resident of El Paso County, Texas, and Decedent's Last Will and Testament (the "Will") has been admitted to probate herein.  Decedent's only marriage during his lifetime was to **NANCY WHEELER** who survived him.  Decedent and **NANCY WHEELER** had three children whose names are **THOMAS R. WHEELER, MICHAELON A. WRIGHT** and **LISA W. HUZELLA** and all of whom survived Decedent.  Decedent also had two other children whose names are **KRYSTAL WHEELER** and **TIFFANY M. WHEELER** and both of whom survived Decedent.

8.      Decedent created the Trust pursuant to an agreement which was dated April 9, 1986.  Decedent amended and amended and restated the Trust Agreement several times during his lifetime.  Because one of the purposes for which such trust agreements are executed is to shield personal information from public disclosure in protection of the settlor's privacy, copies of the last agreement amending and restating the Trust and of the subsequent amendment thereto are submitted to the Court under separate cover.  Decedent was the sole beneficiary of the Trust during his lifetime, and the Trust was revocable by Decedent until it became irrevocable upon Decedent's death.

## COUNT ONE
## PAYMENT OF ESTATE LIABILITIES

9.      The Co-Executors assert that the assets included in Decedent's probate estate have a cumulative value of approximately $2,480,000.00 as of the date of Decedent's death, and consist of:  (i) bank accounts which have a nominal value; (ii) notes receivable from an illiquid entity and which comprise approximately one-half of the value of the probate estate; (iii) other

7

{00052012.DOC . 8 }

receivables which are not expected to be liquidated in the short term; (iv) additional sums owed to Decedent; and (v) miscellaneous tangible personal property. The Co-Executors further assert that the liquid assets of Decedent's probate estate currently have a de minimis value, and that the probate assets which have the most significant value are notes receivable derived from investments in a foreign country and which are illiquid. Accordingly, the assets currently included in Decedent's probate estate are almost exclusively illiquid.

10.    The Co-Executors further assert that the debts owed by Decedent have a cumulative value of approximately $11,900,000.00, and consist primarily of personal loans from a commercial lender as well as miscellaneous liabilities. Pursuant to the terms of the agreement between Decedent and the commercial lender, certain assets of the Trust were pledged as collateral to secure the loans from the commercial lender. In addition, Petitioners assert that: (i) following Decedent's death, federal and state estate taxes (the "Estate Taxes") are owed in connection with the assets included in Decedent's Estate for federal estate tax purposes; (ii) the assets of Decedent's probate estate are insufficient to pay the debts, expenses and taxes which are owed; (iii) the assets of Decedent's probate estate and the assets of the Trust are liable for the payment of the Estate Taxes regardless of whether such taxes are paid from the probate assets or from the assets of the Trust; (vi) the Co-Executors of the Estate have the obligation and authority to demand that assets of the Trust be used to pay the Estate Taxes; (v) the Estate has incurred administration expenses which exceed the value of the liquid assets of the probate estate; (vi) the obligations of the Estate continue to increase as interest on unpaid liabilities accrues; (vii) the Estate is obligated to make payments against such liabilities on an ongoing basis in the future; and (viii) Decedent's probate estate is insolvent and the assets thereof are illiquid.

{00052012.DOC . 8 }

11.    Petitioners assert that Decedent intended that Trust assets be used to fulfill the terms of the Will and the obligations of the Estate, if necessary under the applicable facts and circumstances.  For example, Paragraph 8A(1)(e) of the Will gives the personal representatives of the Estate the authority to require the Co-Trustees of the Trust to pay taxes which the personal representatives are obligated to pay under the terms of the Will.  In addition, Section 2A(3) of the Trust Agreement requires the Co-Trustees to distribute assets from the Trust to satisfy all pecuniary bequests in the Will if the assets of the probate estate are insufficient to satisfy such bequests.  As described in more detail below, Section 10A(4) of the Trust Agreement requires Trust assets to be used to pay Decedent's debts and certain expenses of the probate estate, and Section 10A(5) requires Trust assets to be used to pay Estate Taxes owed following Decedent's death.

12.    Paragraph 8A(1) of the Will requires the personal representatives of the Estate to pay certain taxes as more fully described therein.  Paragraph 8A(1)(e) of the Will then provides as follows:

> My Personal Representative has discretion to direct the Trustee of the Trust Agreement to pay all or any portion of the taxes which my Personal Representative is directed to pay pursuant to Paragraphs 2B and 8A(1)…

13.    Section 10A(4) of the Trust Agreement provides as follows:

> The Trustee shall pay from the principal of the Initial Trust *(a)* the Settlor's debts owing at the time of the Settlor's death, *(b)* the Settlor's funeral and burial expenses, and *(c)* the administration expenses of the Settlor's estate to the extent such debts or expenses are not paid by the Personal Representative of the Settlor's estate because the Settlor's estate is insufficient to pay such debts or expenses or because the Settlor did not leave an estate subject to probate administration.  For the purposes of this Section 10A(4), the principal of the Initial Trust shall not include *(a)* any assets which are not included in the Settlor's Gross Estate, *(b)* any distributions from any Retirement Plan, or *(c)* any assets which are not subject to, or available to creditors for the payment of, the Settlor's

9

debts, the Settlor's funeral and burial expenses, or the administration expenses of the Settlor's estate.

14.     Section 10A(5) of the Trust Agreement provides as follows:

If the Settlor's Will has been admitted to probate and a Personal Representative has been appointed for the Settlor's estate after the Settlor's death, the Trustee shall pay from the principal of the Initial Trust the Estate Taxes which the Personal Representative of the Settlor's estate directs the Trustee to pay pursuant to the Settlor's Will by written direction delivered to the Trustee... For the purposes of this Section 10A(5), the principal of the Initial Trust shall not include *(a)* any assets which are not included in the Settlor's Gross Estate, *(b)* any distributions from any Retirement Plan, or *(c)* any assets which are not subject to, or available to creditors for the payment of, the Settlor's debts, the Settlor's funeral and burial expenses, or the administration expenses of the Settlor's estate...

15.     Under the circumstances in which: (i) the value of the liquid assets included in Decedent's probate estate is minimal and the majority of the probate assets are illiquid; (ii) the value of the liabilities of the probate estate exceeds the cumulative value of the assets and the probate estate was insolvent on the date of Decedent's death and remains insolvent to date; (iii) the assets of the probate estate are insufficient to pay the administration debts and expenses of the probate estate; (iv) the Co-Executors have authority pursuant to the terms of the Will to require the Co-Trustees to use assets of the Trust to pay taxes which the Co-Executors are obligated to pay; and (v) demand for payment of such taxes has been made by the Co-Executors upon the Co-Trustees, the Co-Trustees believe that Sections 10A(4) and 10A(5) of the Trust Agreement require the Co-Trustees to use principal of the Trust to satisfy unpaid debts, taxes and administration expenses of the probate estate. The Co-Trustees also believe that all of the Trust assets are included in Decedent's gross estate for federal estate tax purposes, that none of those assets constitute a distribution from a retirement plan, and that all of the Trust assets are subject to or available to creditors for the payment of Decedent's debts, funeral and burial expenses and

10

the administration expenses of the probate estate under the terms of the Trust Agreement and Texas law. The Co-Trustees further believe that the word "insufficient" as used in Section 10A(4) of the Trust Agreement should be construed to direct the Co-Trustees to pay the debts and expenses of the probate estate under circumstances in which the liquid assets of the probate estate are inadequate to allow the Co-Executors to pay the debts and expenses of the probate estate timely, and that the directions given to the Co-Trustees in Section 10A(4) should not be construed to require all of the assets of the probate estate to first be utilized to pay obligations of the probate estate and limit access to the assets of the Trust to pay only the debts and expenses which remain unpaid after the assets of the probate estate have been exhausted. Accordingly, the Co-Trustees request that the Court construe the terms of the Trust Agreement and determine that:

      A.     The Co-Trustees of the Trust are authorized and obligated, both under the Trust Agreement and Texas law, to distribute assets from the Trust to pay debts of the Decedent, administration expenses of the probate estate and the Estate Taxes which are owed following Decedent's death;

      B.     The Co-Trustees of the Trust are authorized and obligated under Section 10A(4) of the Trust Agreement to distribute assets from the Trust to pay debts and expenses of the probate estate under circumstances in which the liquid assets of the probate estate are inadequate to allow the Co-Executors to pay the debts and expenses of the probate estate timely, and that there is no obligation for the Co-Executors to first utilize all of the assets of the probate estate for such purpose before the Co-Trustees are required to distribute assets from the Trust to pay such debts, expenses and taxes;

11

C.    All of the assets which are distributed from the Trust in order to pay debts, taxes and administration expenses of Decedent's probate estate and the Trust: (i) are included in Decedent's gross estate for federal estate tax purposes, (ii) were not distributed from a retirement plan; and (iii) are subject to or are available to creditors for the payment of Decedent's debts, funeral and burial expenses, or the administration expenses of the probate estate pursuant to the provisions of Texas law and the Trust Agreement; and

D.    The Co-Trustees of the Trust shall have no liability for their actions in paying the debts, taxes and administration expenses of the probate estate, and that such payments which have been made prior to the date hereof are ratified and approved.

## COUNT TWO
## APPROVAL OF ARRANGEMENT

16.    Following Decedent's death, creditors of the Estate and the Trust have contacted Petitioners seeking payment of sums owed and restructuring of indebtedness of the Estate and the Trust. The Co-Trustees assert that the Trust has insufficient cash and liquid assets to support its ongoing activities and to pay the debts, taxes and expenses of the Estate and the Trust at this time, and that a liquidation of Trust assets in the immediate or near future would not be in the best interest of the Trust and its beneficiaries. The Co-Trustees assert that the sums which are required to be paid to creditors of the Estate and the Trust each month are significant in relation to the monthly cash flow of the Estate and the Trust, and that it is necessary and in the best interest of the Trust and its beneficiaries for the Co-Trustees to timely address the concerns which have been expressed by certain creditors following Decedent's death and to negotiate appropriate financing arrangements for the outstanding liabilities. While the Co-Trustees continue to negotiate financing arrangements with outstanding creditors, in response to the

{00052012.DOC . 8 }

Trust's need for liquidity to meet the obligations of the Trust to its creditors and the creditors of the Estate, the Co-Trustees have developed an arrangement which will allow the Co-Trustees to: (i) utilize the liquid assets of the Trust to pay a portion of the debts, taxes and administration expenses of the Estate and the Trust and to continue the current business activities of the Trust for the benefit of all of the beneficiaries of the Trust; (ii) leverage the Trust assets in order to obtain the additional cash which is necessary to pay the remaining debts, taxes and administration expenses of the Estate and Trust, without requiring the imprudent liquidation of assets quickly and under unfavorable circumstances; (iii) timely fund the charitable gifts; (iv) either fund the remaining specific gifts in their entirety or set aside sufficient assets to fund those gifts timely; (v) provide liquidity which is estimated to be sufficient to allow the Trust to continue its operations and business activities and to pay any additional Estate Taxes which may be determined to be due in the future; and (vi) fulfill Decedent's directions as reflected in the Will and the Trust Agreement.

17.     While more detailed information regarding the arrangement will be presented at the hearing hereon, an integral component of the arrangement involves the ability of the Co-Trustees to obtain a short term demand loan in the approximate sum of $19,500,000 from Triple L Partners, L.P., a Delaware limited partnership ("Triple L"), bearing interest at the rate of eight percent per annum, and containing terms and conditions which are customary between unrelated parties negotiating at arm's length. The Trust owns an undivided 22.9099% interest in Triple L. The Co-Trustees assert that, at this time, it is in the best interest of the Trust and its beneficiaries for the Co-Trustees to borrow cash from Triple L, in lieu of pursuing a redemption of the Trust's interest in Triple L or liquidating other assets of the Trust at this time, in order to provide the Co-

{00052012.DOC . 8 }

Trustees with sufficient liquidity to implement the Co-Trustees' plan and to pay the debts, taxes and expenses which are described above. Accordingly, the Co-Trustees request that the Court ratify such loan and the terms and conditions thereof, and determine that the loan was entered into by the Co-Trustees in good faith and on an arm's length basis.

18.    In addition, the Co-Trustees anticipate that it will likely be in the best interest of the Trust and its beneficiaries to extend the short term demand loan from Triple L as described above into a longer term financing arrangement. More detailed information regarding the longer term arrangement will be presented at the hearing hereon. Following the presentation of such information, the Co-Trustees request that the Court approve the terms and conditions thereof, and determine that the longer term arrangement is entered into by the Co-Trustees in good faith and on an arm's length basis.

19.    In addition to other authority which is conferred upon the Co-Trustees, Section 6C(1) of the Trust Agreement provides, in part, as follows:

> … The Trustee has the power to do everything permitted under this Trust Agreement which the Trustee in good faith deems advisable and without necessity of any judicial authorization or approval, even though but for this power it would not be authorized or appropriate for fiduciaries under any statutory or other rule of law. The Trustee shall exercise the Trustee's best judgment and discretion for what the Trustee believes to be in the best interests of such trust and the beneficiaries of such trust…

Section 6C(2)(a)(viii) provides that the Co-Trustees shall have the power:

> … to borrow money in such amounts and upon such terms and conditions as the Trustee determines or to assume such obligations or give such guarantees as the Trustee determines, for the purpose of the acquisition, improvement, protection, retention, or preservation of the assets of such trust, or for the benefit of any of the beneficiaries who are entitled or permitted to receive income from such trust or for the benefit of such persons or entities designated by the Settlor;

14

20.    Notwithstanding the broad discretionary authority given to the Co-Trustees in the Trust Agreement, trustees are not customarily in the position of borrowing funds from an asset in which the applicable trust owns an interest, particularly borrowing funds in an amount as significant as the one under consideration. Accordingly, the Co-Trustees request that the Court construe the terms of the Trust Agreement and determine that:

A.    The Co-Trustees of the Trust are authorized to borrow cash from Triple L for the purposes described above, ratify the short term demand loan and the terms thereof, and determine that the loan was entered into by the Co-Trustees in good faith and on an arm's length basis;

B.    The Co-Trustees of the Trust are authorized to borrow cash from Triple L for the purposes described above under a longer term financing arrangement as presented at the hearing hereon, and determine that the arrangement is entered into by the Co-Trustees in good faith and on an arm's length basis, and approve the terms and conditions thereof;

C.    The proposed arrangement developed by the Co-Trustees to pay liabilities, fund specific gifts and continue the business activities of the Trust as described above and presented at the hearing hereon is appropriate and in the best interest of the Trust and its beneficiaries;

D.    In the event that the Co-Trustees are unsuccessful in negotiating any additional or alternative financing arrangements which may be necessary to continue to meet the obligations of the Estate and the Trust on reasonable and appropriate terms, the Co-Trustees are authorized and required to pay the debts, taxes and expenses of the Estate and Trust from the assets of the Trust; and

15

{00052012.DOC . 8 }

E.    The Co-Trustees of the Trust shall have no liability for the foregoing actions, and that such actions which have been taken prior to the date hereof are ratified and approved.

<div align="center">

**COUNT THREE**
**INTERIM SETTLEMENT OF ACCOUNTS**

</div>

21.    Throughout their service as successor Co-Trustees of the Trust, the Co-Trustees have maintained proper books and records for the Trust.  A copy of such information through January 31, 2008 (the "Account Information") will be tendered to the Court at the hearing hereon.  The cost of an audit or accounting of the books and records by an independent party would be an unnecessary financial expense of the Trust considering all of the existing and available financial information.  It would be in the best interest of the Trust and its beneficiaries for this Court to waive any formal accounting by the Co-Trustees, and to examine, settle and approve the Account Information and transactions reflected therein, and to settle and approve the accounts of the Co-Trustees, without the requirement of an audit or accounting, through January 31, 2008.  Accordingly, the Co-Trustees request that the Account Information and transactions reflected therein be examined, settled and approved by this Court, and would aver and prove that this Court has jurisdiction over the Trust for this purpose, pursuant to the provisions of Section 115.001(a)(9) of the Texas Trust Code.  The Co-Trustees request that they be released and discharged by the Court from any and all liability arising from or associated with the Trust and the administration of the Trust through January 31, 2008, including, but not limited to, distributions made from the Trust.

22.    Petitioners further request that the Court order that the attorney's fees and expenses incurred by Petitioners in connection with this proceeding, including, but not limited to

<div align="center">16</div>

the fees and expenses of the temporary guardian ad litem for **TIFFANY M. WHEELER**, be approved and be paid from the Trust as administration expenses thereof.

  **WHEREFORE, PREMISES CONSIDERED**, Petitioners pray that this Court:

  1. Appoint a temporary guardian ad litem for the purpose of representing the interests of **TIFFANY M. WHEELER** herein;

  2. In connection with the payment of the debts, taxes and liabilities of the Estate, construe the terms of the Trust Agreement and determine the matters and approve the actions described in Paragraph 15 above;

  3. In connection with the plan developed by the Co-Trustees to fulfill Decedent's directions as reflected in the Trust Agreement, determine the matters and approve the actions described in Paragraph 20 above;

  4. Examine, settle and approve the Account Information and transactions reflected therein, and release and discharge the Co-Trustees from any and all liability arising from or associated with the Trust and the administration of the Trust through January 31, 2008, including, but not limited to, distributions made from the Trust;

  5. Order that the attorney's fees and expenses incurred by Petitioners in connection with this proceeding, including, but not limited to the fees and expenses of the temporary guardian ad litem for **TIFFANY M. WHEELER**, be approved and be paid from the Trust as administration expenses thereof; and

  6. Grant such other relief to which Petitioners may now or hereafter be entitled, at law or equity.

  Petitioners pray for general relief.

<div align="center">17</div>

{00052012.DOC . 8 }

Respectfully submitted,

**RYAN SANDERS & GLUTH, LLP**
310 N. Mesa Street, Suite 300
El Paso, Texas 79901
(915) 351-1100 Telephone
(915) 351-1101 Facsimile

By: _____
    **AMY STEWART SANDERS**
    State Bar No. 19202055
    **Attorneys for Petitioners**

18

MAR 0 4 2008

FILED
COUNTY CLERK, EL PASO CO., TEXAS
BELIA BRIONES
BY
DEPUTY

IN THE STATUTORY PROBATE COURT #2

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## AFFIDAVIT REGARDING CITATION BY CERTIFIED MAIL

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF EL PASO | § |

BEFORE ME, the undersigned authority, on this day personally appeared **AMY STEWART SANDERS**, attorney of record for **THOMAS R. WHEELER, MICHAELON A. WRIGHT** and **LISA W. HUZELLA**, Independent Co-Executors of the Estate of **THOMAS M. WHEELER**, deceased, and Co-Trustees of the **THOMAS M. WHEELER TRUST**, Petitioners in the above-entitled and numbered cause, who did state under oath as follows:

1. My name is **AMY STEWART SANDERS**. I am attorney of record for **THOMAS R. WHEELER, MICHAELON A. WRIGHT** and **LISA W. HUZELLA**, Independent Co-Executors of the Estate of **THOMAS M. WHEELER**, deceased, and Co-Trustees of the **THOMAS M. WHEELER TRUST**, Petitioners in the above-entitled and numbered cause.

2. By letters dated February 22, 2008, copies of which are attached to this Affidavit and denoted as Exhibits "A" "B", "C" and "D", I provided Citation and notice of the Original Petition for Declaratory Judgment to Krystal Wheeler, Tiffany M. Wheeler, Charlene A. Royce, Natural Guardian of Tiffany M. Wheeler, and Charles Berry, legal counsel for Charlene A. Royce, in accordance with the Order for Citation by Certified Mail filed herein. The return receipts, indicating receipt by each of Krystal Wheeler, Tiffany M. Wheeler, Charlene A. Royce, Natural Guardian of Tiffany M. Wheeler on February 25, 2008, and by Charles Berry, legal counsel for Charlene A. Royce on February 26, 2008, are also attached to this Affidavit and denoted as Exhibit "E", "F", "G" and "H".

{00053115.DOC . }



AMY STEWART SANDERS

THE STATE OF TEXAS        §
                          §
COUNTY OF EL PASO         §


The foregoing instrument was acknowledged before me on this ___4___ day of ___March___, 2008, by **AMY STEWART SANDERS**.


Notary's Official Seal:                    _____
                                           NOTARY PUBLIC IN AND FOR THE
                                                  STATE OF TEXAS

MICHAEL MONTES
Notary Public, State of Texas
My Commission Expires
SEPT. 4, 2009

{00053115.DOC . }                          2

**FILE COPY**

# RYAN SANDERS & GLUTH, LLP | ATTORNEYS AT LAW

February 22, 2008

Krystal Wheeler                                          **Via Certified Mail**
43 West 64th Street, Unit 4A                    **Return Receipt Requested**
New York, New York  10023

      Re:   In the Matter of the Estate of Thomas M. Wheeler, deceased
            Cause No. 2007-P00529
            Statutory Probate Court #2 for El Paso County, Texas

Dear Ms. Wheeler:

      I enclose a citation issued to you along with a copy of the Original Petition for Declaratory Judgment which has been filed in the captioned matter by Thomas R. Wheeler, Michaelon A. Wright and Lisa W. Huzella, acting in their capacities as Independent Co-Executors of the Estate of Thomas M. Wheeler, deceased, and in their capacities as Co-Trustees of the Thomas M. Wheeler Trust. A hearing on this petition has been set for Wednesday, April 2, 2008 at 9:30 a.m. in the Statutory Probate Court #2 for El Paso County, Texas.

                Yours very truly,

                Amy Stewart Sanders

AKS/ep
Enclosure

cc:   Richard A. Martin
       Patryk J. Chudy
       Heller Ehrman LLP
       Times Square Tower
       7 Times Square
       New York, New York 10036

**Exhibit "A"**

7160 3901 9845 4598 1011

**TO:** Krystal Wheeler
43 West 64th Street
Unit 4A
New York, NY 10023

**SENDER:** ASAN/eper doc #52813

**REFERENCE:** 2/20/08 070127/001

| | | |
|---|---|---|
| January 2005 | | |
| Postage | 0.41 | |
| Certified Fee | 2.65 | |
| Return Receipt Fee | 2.15 | |
| Restricted Delivery | 0.00 | |
| Total Postage & Fees | | |

Certified Article Number 7160 3901 9845 4598 1011

SENDERS RECORD

al Service

ipt for
ed Mail

Coverage Provided
International Mail

FILE COPY

# RYAN SANDERS & GLUTH, LLP | ATTORNEYS AT LAW

February 22, 2008

Tiffany M. Wheeler
43 West 64th Street, Unit 4A
New York, New York 10023

**Via Certified Mail**
**Return Receipt Requested**

Re:    In the Matter of the Estate of Thomas M. Wheeler, deceased
Cause No. 2007-P00529
Statutory Probate Court #2 for El Paso County, Texas

Dear Ms. Wheeler:

I enclose a citation issued to you along with a copy of the Original Petition for Declaratory Judgment which has been filed in the captioned matter by Thomas R. Wheeler, Michaelon A. Wright and Lisa W. Huzella, acting in their capacities as Independent Co-Executors of the Estate of Thomas M. Wheeler, deceased, and in their capacities as Co-Trustees of the Thomas M. Wheeler Trust. A hearing on this petition has been set for Wednesday, April 2, 2008 at 9:30 a.m. in the Statutory Probate Court #2 for El Paso County, Texas.

Yours very truly,

Amy Stewart Sanders

AKS/ep
Enclosure

cc:    Charles G. Berry
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10022

Richard A. Martin
Patryk J. Chudy
Heller Ehrman LLP
Times Square Tower
7 Times Square
New York, New York 10036



7160 3901 9845 4598 1028

TO: Tiffany M. Wheeler
43 West 64th Street
Unit 4A
New York, NY 10023

SENDER: ASAN/eper doc #52814

REFERENCE: 2/22/08 070127/001

| | |
|---|---|
| January 2008 | |
| Postage | 0.41 |
| Certified Fee | 2.65 |
| Return Receipt Fee | 2.15 |
| Restricted Delivery | 0.00 |
| Total Postage & Fees | 5.21 |

Certified Article Number
7160 3901 9845 4598 1028

SENDERS RECORD

al Service

ipt for
ed Mail

overage Provided
International Mail

POSTMARK OR DATE
FEB 22 2008
USPS EL PASO TX
DOWNTOWN STA

FILE

RYAN SANDERS & GLUTH, LLP | ATTORNEYS AT LAW

February 22, 2008

Charlene A. Royce                                                    **Via Certified Mail**
Natural Guardian of Tiffany M. Wheeler                        **Return Receipt Requested**
43 West 64ᵗʰ Street, Unit 4A
New York, New York  10023

Re:    In the Matter of the Estate of Thomas M. Wheeler, deceased
          Cause No. 2007-P00529
          Statutory Probate Court #2 for El Paso County, Texas

Dear Ms. Royce:

     In connection with the captioned matter, I enclose a citation issued to you, in your capacity as natural guardian of Tiffany M. Wheeler.  I also enclose a copy of the Original Petition for Declaratory Judgment which has been filed in the captioned matter by Thomas R. Wheeler, Michaelon A. Wright and Lisa W. Huzella, acting in their capacities as Independent Co-Executors of the Estate of Thomas M. Wheeler, deceased, and in their capacities as Co-Trustees of the Thomas M. Wheeler Trust.  A hearing on this petition has been set for Wednesday, April 2, 2008 at 9:30 a.m. in the Statutory Probate Court #2 for El Paso County, Texas.

                                             Yours very truly,


                                             Amy Stewart Sanders


AKS/ep
Enclosure

cc:    Charles G. Berry
          Arnold & Porter, LLP
          399 Park Avenue
          New York, New York  10022

          Richard A. Martin
          Patryk J. Chudy
          Heller Ehrman LLP
          Times Square Tower
          7 Times Square
          New York, New York 10036

{00052812.DOC . }

310 North Mesa          Suite 300          El Paso, Texas 79901          Tel: 915-351-1100          Fax: 915-351-1101

**Exhibit "C"**



7160 3901 9845 4598 1004

**TO:** Charlene A. Royce
Natural Guardian of Tiffany M. Wheeler
43 West 64th Street
Unit 4A
New York, NY 10023

**SENDER:** ASAN/eper doc #52812

CE: 2/29/08 070127/001

January 2005

| | |
|---|---|
| Postage | 0.41 |
| Certified Fee | 2.65 |
| Return Receipt Fee | 2.15 |
| Restricted Delivery | 0.00 |
| Total Postage & Fees | |

al Service

ipt for
ed Mail

No Insurance Coverage Provided
Do Not Use for International Mail

Certified Article Number

SENDERS RECORD

7160 3901 9845 4598 1004

POSTMARK OR DATE



RYAN SANDERS & GLUTH, LLP | ATTORNEYS AT LAW

February 22, 2008

Charles G. Berry                                    **<u>Via Certified Mail</u>**
Arnold & Porter LLP                              **<u>Return Receipt Requested</u>**
399 Park Avenue
New York, New York  10022

      Re:  In the Matter of the Estate of Thomas M. Wheeler, deceased
            Cause No. 2007-P00529
            Statutory Probate Court #2 for El Paso County, Texas

Dear Mr. Berry:

        In connection with the captioned matter, I enclose a citation issued to you, in your capacity as legal counsel for Charlene A. Royce. I also enclose a copy of the Original Petition for Declaratory Judgment which has been filed in the captioned matter by Thomas R. Wheeler, Michaelon A. Wright and Lisa W. Huzella, acting in their capacities as Independent Co-Executors of the Estate of Thomas M. Wheeler, deceased, and in their capacities as Co-Trustees of the Thomas M. Wheeler Trust. A hearing on this petition has been set for Wednesday, April 2, 2008 at 9:30 a.m. in the Statutory Probate Court #2 for El Paso County, Texas.

                        Yours very truly,

                        Amy Stewart Sanders

AKS/ep
Enclosure

cc:   Richard A. Martin
       Patryk J. Chudy
       Heller Ehrman LLP
       Times Square Tower
       7 Times Square
       New York, New York 10036



7160 3901 9845 4598 0991

**TO:**

Charles G. Berry
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

**SENDER:** ASAN/eper doc #52815

**REFERENCE:** 2/28/08 070127/001

Certified Article Number

7160 3901 9845 4598 0991

SENDERS RECORD

January 2008

| | |
|---|---|
| Postage | 0.41 |
| Certified Fee | 2.65 |
| Return Receipt Fee | 2.15 |
| Restricted Delivery | 0.00 |
| Total Postage & Fees | |

al Service

ipt for
ed Mail

overage Provided
International Mail

POSTMARK OR DATE
USPS EL PASO
DOWNTOWN STA TX
FEB 2 2 2008

2. Article Number

7160 3901 9845 4598 1011

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery
S. Manteros    2-28-08

C. Signature
X _____    ☐ Agent
                      ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)    ☐ Yes

1. Article Addressed to:

Krystal Wheeler
43 West 64th Street
Unit 4A
New York, NY 10023

**Reference Information**

2/20/08 070127/001

ASAN/eper doc #52813

PS Form 3811, January 2005       Domestic Return Receipt

---

## UNITED STATES POSTAL SERVICE

### PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

First Class Mail
US Postage Paid
Permit No. G - 10

Amy Stewart Sanders
Ryan Sanders & Gluth, LLP
Attorneys at Law
310 North Mesa, Suite 300
El Paso, TX 79901

Exhibit "E"

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ | A. Received by (Please Print Clearly)  S. Montango   B. Date of Delivery  2-28-08 |
| 7160 3901 9845 4598 1028 | C. Signature  X [signature]   ☑ Agent  ☐ Addressee |
| 3. Service Type  CERTIFIED MAIL | D. Is delivery address different from item 1?  ☐ Yes  If YES, enter delivery address below:  ☐ No |
| 4. Restricted Delivery? *(Extra Fee)*  ☐ Yes | |

1. Article Addressed to:

Tiffany M. Wheeler
43 West 64th Street
Unit 4A
New York, NY 10023

**Reference Information**

2/28/08 070127/001

ASAN/eper doc #52814

PS Form 3811, January 2005          Domestic Return Receipt

---

**UNITED STATES POSTAL SERVICE**

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

First Class Mail
US Postage Paid
Permit No. G - 10

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Amy Stewart Sanders
Ryan Sanders & Gluth, LLP
Attorneys at Law
310 North Mesa, Suite 300
El Paso, TX 79901

**Exhibit "F"**

| 2. Article Number | | COMPLETE THIS SECTION ON DELIVERY |
|---|---|---|

7160 3901 9845 4598 1004

A. Received by (Please Print Clearly)   S. Mantanyo

B. Date of Delivery   2-25-08

C. Signature

X _____

☑ Agent
☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

Charlene A. Royce
Natural Guardian of Tiffany M. Wheeler
43 West 64th Street
Unit 4A
New York, NY 10023

**Reference Information**

2/2008 070127/001

ASAN/eper doc #52812

PS Form 3811, January 2005          Domestic Return Receipt

---

## UNITED STATES POSTAL SERVICE

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

First Class Mail
US Postage Paid
Permit No. G - 10

Amy Stewart Sanders
Ryan Sanders & Gluth, LLP
Attorneys at Law
310 North Mesa, Suite 300
El Paso, TX 79901

Exhibit "G"

2. Article Number

7160 3901 9845 4598 0991

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

Charles G. Berry
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

PS Form 3811, January 2005          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery
C. Barnett                                2/26

C. Signature
X   C. Barnett
☐ Agent
☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

Reference Information

2/26/08 070127/001

ASAN/eper doc #52815

---

# UNITED STATES POSTAL SERVICE

## PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

First Class Mail
US Postage Paid
Permit No. G - 10

Amy Stewart Sanders
Ryan Sanders & Gluth, LLP
Attorneys at Law
310 North Mesa, Suite 300
El Paso, TX 79901

**Exhibit "H"**

FILED
COUNTY CLERK, EL PASO
DELIA BRIONES
FEB 2 1 2008
BY _____
                    DEPUTY

## IN THE STATUTORY PROBATE COURT #2

## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | § | |
| | § | |
| OF | § | No. 2007-P00529 |
| | § | |
| THOMAS M. WHEELER, deceased. | § | |

## <u>ORDER APPOINTING TEMPORARY GUARDIAN AD LITEM</u>

BE IT REMEMBERED that on this 21st day of February, 2008, came on to be considered the Original Petition for Declaratory Judgment filed by **THOMAS R. WHEELER**, **MICHAELON A. WRIGHT** and **LISA W. HUZELLA**, acting in their capacities as Independent Co-Executors of the Estate of **THOMAS M. WHEELER**, deceased, and in their capacities as Co-Trustees of the **THOMAS M. WHEELER TRUST** arising under agreement originally dated April 9, 1986, and amended thereafter, as Petitioners in the captioned cause, for the appointment of a temporary guardian ad litem to represent the interests of **TIFFANY M. WHEELER**, a Respondent in the cause who is a minor.

It appearing that said application is with merit and should be granted, IT IS ACCORDINGLY ORDERED that _Robert Warach_, a practicing attorney of El Paso County, Texas, be and is hereby appointed to serve as temporary guardian ad litem for **TIFFANY M. WHEELER** in the above entitled and numbered cause.

{00052263.DOC . }

SIGNED on this 21st day of February, 2008.

_____    PRESIDING CC #1
PROBATE JUDGE

2