UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CHARLENE A. ROYCE, as parent and guardian
of TIFFANY M. WHEELER, a Minor,

                Plaintiff,

         - against -                         **AFFIRMATION**

THOMAS R. WHEELER, LISA W. HUZELLA,
and MICHAELON A. WRIGHT, each individually
and as acting successor trustee of the            Civ. No. 07-CV-10968 (RWS)(FM)
Thomas M. Wheeler Revocable Trust, u/a dated
April 9, 1986, as Amended and Restated, and
43 WEST 64TH STREET LLC, a Michigan
corporation, KRYSTAL M. WHEELER,
and the WHEELER FAMILY FOUNDATION,
INC., a Delaware non-profit corporation,

                Defendants.

---------------------------------------------------------------X

      DEREK S. SELLS, an attorney duly admitted to practice in the State of New York, hereby affirms under penalty of perjury:

      1.     I am a lawyer and the managing partner of The Cochran Firm in New York City. I make this affirmation at the request of present counsel for Charlene A. Royce ("Charlene"), plaintiff in the above action, to respond to certain statements in the affidavit dated March 14, 2008 of Patrick T. Duerr, a member of the Detroit, Michigan law firm of Honigman Miller Schwartz and Cohn LLP, co-counsel for defendants.

      2.     For many months during 2007 I represented Charlene and her daughters, Krystal and Tiffany Wheeler in connection with the girls' interest in and right to property that had been owned by their father, Thomas M. Wheeler, or entities owned or controlled by him. Mr. Wheeler died in February 2007.

3.      During the course of my representation of Charlene, Krystal and Tiffany, I had numerous telephone conversations with Mr. Duerr. At no time during any of those calls did he advise me that any will of Mr. Wheeler had been offered for or admitted to probate. Nor did Mr. Duerr at any time indicate that Mr. Wheeler had been domiciled in El Paso, Texas, that he had any property there, or that there were or might be any legal proceedings there. To the contrary, I understood from my conversations with Mr. Duerr that Mr. Wheeler's affairs were managed primarily out of Michigan and that, in fact, Mr. Duerr and his firm in Detroit played a primary role in the management of those affairs.

4.      Among the topics that I discussed with Mr. Duerr was the apartment at 43 West 64th Street in Manhattan where Charlene, Krystal and Tiffany have lived for some years. I learned that the apartment had been purchased for them by an inter vivos trust established by Mr. Wheeler. The conversations that I had with Mr. Duerr were in the nature of settlement discussions. I understood that they were confidential, as one would expect with respect to any discussions of the sort, and was surprised and disturbed to see them placed in the public record in Mr. Duerr's affidavit. Among other things, the settlement nature of our discussions was underscored by the fact that on more than one occasion Mr. Duerr threatened to commence eviction proceedings against Charlene, Krystal and Tiffany if they did not vacate the apartment by a date certain.

Dated: New York, New York
       April 23, 2008

_____
Derek S. Sells