UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLENE ROYCE, as parent and guardian of : 
TIFFANY M. WHEELER, and TIFFANY M. :
WHEELER :
: 
:
Plaintiffs, :
:
:
v. :
:
:
THOMAS R. WHEELER, LISA W. :
HUZELLA, and MICHAELON A. WRIGHT, :
each individually and as acting successor trustee :
of the Thomas M. Wheeler Revocable Trust, u/a :
dated April 9, 1986, as Amended and Restated, :  Civil Action No.: 07-CV-10968 (RWS)
43 WEST 64TH STREET LLC, a Michigan :
corporation, and WHEELER FAMILY :
FOUNDATION, INC., a Delaware nonprofit :
corporation, :
:
Defendants, :
:
– and – :
:
KRYSTAL WHEELER, :
:
Nominal Defendant. :
:

---

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

I.  PLAINTIFFS IGNORE THE RELEVANT FACTS. ................................................... 3

    A.  The Will and Trust Operate In Tandem and Must be Administered By the Texas Probate Court. .................................................................................. 3

    B.  The Texas Probate Proceedings Are Moving Forward With Discovery, and the Texas Court Will Determine Domicile. ............................. 3

II. PLAINTIFFS MISSTATE APPLICABLE LAW. ........................................................ 5

    A.  The Probate Exception Is Not Defeated By An Inapplicable Will/Trust Distinction. ..................................................................................... 5

        1.  The Texas Probate Court Has Exclusive Jurisdiction Over the Trust Under Texas Law. ................................................................. 6

        2.  If the Texas Probate Court Has Concurrent Jurisdiction, Such Jurisdiction Is Dominant. ........................................................... 7

        3.  The Texas Probate Court Can Exercise Jurisdiction Over an Independent Administration. ........................................................... 8

    B.  Plaintiffs Misapprehend the Scope of the Princess Lida Doctrine. ................ 8

III. PLAINTIFFS' "DUE PROCESS" CLAIMS AND *AD HOMINEM* ATTACKS ARE UNWARRANTED AND MERITLESS. ........................................... 9

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bailey v. Cherokee County Appraisal Dist.*,
    862 S.W. 2d 581 (Tex. 1993) .................................................................................. 6, 8

*Columbia Rio Grande Reg'l Hosp. v. Stover*,
    17 S.W.3d 387 (Tex.App.—Corpus Christi, 2000, pet. denied) ......................... 8

*English v. Cobb*,
    593 S.W.2d 674 (Tex. 1979) ................................................................................. 6

*Estate of Bertha H. Lee, deceased*,
    981 S.W.2d 288, (Tex.App.—Amarillo, 1998, pet. denied) ............................. 8

*Estate of Ross*,
    672 S.W.2d 315 (Tex.App. 1984, writ ref'd n.r.e.), cert. denied, 470 U.S.
    1084 (1985) ........................................................................................................... 10

*In re Estate of Bean*,
    206 S.W.3d 749 (Tex.App.—Texarkana, 2003, pet. denied) ............................. 8

*Marshall v. Marshall*,
    547 U.S. 293 (2006) ............................................................................................... 5

*Morin v. Blevins*,
    Case No. CV F 97-1061, 2007 U.S. Dist. LEXIS 95422 (E.D. Cal. Dec.
    21, 2007). ............................................................................................................. 5, 6

*Princess Lida of Thurn and Taxis v. Thompson*,
    305 U.S. 456 (1939) ...................................................................................... 1, 5, 8

*Soto v. Ledezma*,
    529 S.W.2d 847 (Tex. Civ. App.—Corpus Christi, 1975, no writ) ................. 10

**Statutes**

Tex. Prob. Code § 145(h) ............................................................................................. 8

Tex. Prob. Code § 2(e) ................................................................................................. 9

Tex. Prob. Code § 5(f) ................................................................................................. 8

Tex. Prob. Code § 5A(b) .......................................................................................... 7, 8

Tex. Prob. Code Ann. § 128 (2007) .................................................................................. 10

Tex. Prob. Code Ann. § 129(a) (1956) ............................................................................. 10

Tex. Prob. Code Ann. § 5(h) ............................................................................................. 6

Tex. Prob. Code Ann. § 5A(a) .......................................................................................... 6

Tex. Prob. Code Ann. § 93 (1980) .................................................................................. 10

**Other Authorities**

S.B. No. 593 Acts of the 80th Legislature, Regular Session, 2007 §§ 5-7, eff.
    Sept. 1, 2007 .......................................................................................................... 10

Defendants Thomas R. Wheeler, Lisa W. Huzella and Michaelon A. Wright, each individually and as acting co-trustees of the Thomas M. Wheeler Revocable Trust, dated April 9, 1986, as Amended and Restated (the "Co-Trustees"), 43 West 64th Street LLC and Wheeler Family Foundation, Inc. (together with the "Co-Trustees", the "Defendants"), respectfully submit this reply brief in further support of their motion to dismiss the Amended Complaint.

## INTRODUCTION

Plaintiffs'[1] Opposition Brief is notable primarily for the facts that it ignores and the law that it misapplies or misstates. To begin with, the Opposition fails to make any reference to the most critical fact in this case, namely, that the Will and Trust[2] documents executed by Thomas M. Wheeler (the "Decedent" or "Mr. Wheeler") operate in tandem – *i.e.*, they have interlocking clauses which require that, if the Estate does not have sufficient assets (and it plainly does not), debts and liabilities shall be paid with Trust assets. Thus, the Will and Trust are interconnected, and it is simply wrong to treat them as if they were independent instruments capable of being administered or interpreted by two separate courts.

In light of these inescapable elements of the Will and Trust, which Plaintiffs have completely failed to address, this Court lacks jurisdiction under both prongs of the probate exception to diversity jurisdiction, as well as the *Princess Lida* doctrine. Plaintiffs are asking this Court, in effect, to administer the Estate and also to exercise jurisdiction over the same res that has been within the exclusive jurisdiction of the Texas court since May, 2007. Plaintiffs' requested relief in the New York action will "directly interfere" with the administration of the

---

[1] Tiffany Wheeler reached the age of majority on April 6, 2008, and thereafter ratified the allegations in the Amended Complaint. *See* Affidavit of Tiffany Wheeler, dated April 23, 2008. Ms. Wheeler attempted to unilaterally amend the caption of the case by filing the affidavit, but never sought Court approval to do so. Defendants do not oppose Ms. Wheeler's efforts to be added to the caption, but note that to date, the caption does not reflect her status as a Plaintiff. For purposes of this reply brief, Defendants will treat both Charlene Royce and Tiffany Wheeler as Plaintiffs.

[2] Capitalized terms used herein shall have the same meaning ascribed to them in the Memorandum of Law In Support of Defendants' Motion to Dismiss, filed on March 14, 2008.

1

Estate in Texas, because the liabilities and expenses of the Estate could not be liquidated and paid without a distribution of Trust assets. In addition, because the Will and Trust contain interlocking clauses and were executed contemporaneously, any challenge to the execution of the Trust amendments necessarily constitutes a challenge to the execution of the Will.

Ignoring these dispositive issues, Plaintiffs rest their entire argument on a mistaken view of the law – *i.e.*, that a "will-trust" distinction defeats the application of the probate exception to diversity jurisdiction. Plaintiffs give short shrift to the fact that the Supreme Court in 2006 had the opportunity to limit the scope of the probate exception to wills, but declined to adopt a *per se* rule. Plaintiffs also quibble over whether the Texas court's jurisdiction over the Trust is exclusive, concurrent or dominant – and sometimes suggest that the Texas court does not have jurisdiction at all because the Decedent was not domiciled in Texas. Plaintiffs are wrong, but more importantly, their argument misses the point. While it is difficult to imagine a colorable attack on the jurisdiction of the Texas court given Mr. Wheeler's extensive connections with the state, the Texas court has given Plaintiffs permission to conduct discovery on the domicile issue.

In an attempt to confuse the relevant issues, Plaintiffs engage in *ad hominem* attacks to try and invent a due process violation where none exists. For example, Plaintiffs' suggestion that Defendants requested extensions to respond to the federal complaint while trying to "manufacture" jurisdiction in Texas by filing the February 19, 2008 Petition for Declaratory Judgment (the "Petition") in Texas is groundless and misleading. The Petition was filed as part of the pending Texas probate proceedings because the Will and Trust instruments contain interlocking provisions which require that both be administered in tandem. Moreover, Plaintiffs themselves were responsible for several adjournments.

This Court should dismiss this case for lack of subject matter jurisdiction so that the claims and issues raised in the Amended Complaint may be decided in the appropriate forum – the Texas probate court – or, at the least, stay this action until the Texas court hears Plaintiffs' challenge to that court's jurisdiction.

I.   **PLAINTIFFS IGNORE THE RELEVANT FACTS.**

   A.   **The Will and Trust Operate In Tandem and Must be Administered By the Texas Probate Court.**

Plaintiffs' Opposition Brief fails to acknowledge that the Will and Trust instruments, from their inception, were designed to permit Mr. Wheeler, as the sole Trustee, to use the Trust assets during his lifetime, and at his death, to operate in tandem to dispose of his assets. *See* Affidavit of Patryk J. Chudy, dated March 14, 2008, ¶ 9 (Exh. 7 ¶ 2.3) (hereinafter "Chudy Aff. ¶ []"). Indeed, Mr. Wheeler's Will authorizes the Co-Executors to use Trust assets to pay the debts, administration expenses, and taxes of the Estate if the Estate lacks sufficient funds to do so. Because Mr. Wheeler encumbered the assets of the Trust for his own business and personal uses during his lifetime, the Trust assets must now be used to satisfy the liabilities of the Estate.

The Co-Trustees of the Trust filed the Petition in the Texas probate court as part of the previously filed probate proceedings, asking the Texas probate court to confirm that, in accordance with the express provisions of the Will and Trust, the Co-Trustees have the authority and obligation to use Trust assets to pay the debts, taxes and liabilities of the insolvent Estate. Under these circumstances, the Texas court *must* exercise jurisdiction over the Trust because the obligations of the Estate cannot be settled without them.

   B.   **The Texas Probate Proceedings Are Moving Forward With Discovery, and the Texas Court Will Determine Domicile.**

Since Defendants' motion to dismiss for lack of jurisdiction was filed, the Texas Probate Proceedings have been moving forward quickly. In the Texas action, Plaintiffs – Respondents in the Texas action[3] – entered a Special Appearance and asserted a number of challenges to the proceedings, including the assertion that the Texas Court does not have jurisdiction over Mr. Wheeler's Estate or Trust at all based on the claim that the Decedent was not domiciled there. *See* Berry Decl. ¶ 20. After having heard counsel on two occasions and after extensive briefing,

---

[3] The Respondents in the Texas action are Krystal Wheeler, Tiffany Wheeler and Charlene Royce, as parent and natural guardian of Tiffany Wheeler. Since filing this action, Tiffany Wheeler has attained the age of majority, and has filed a Special Appearance in the Texas probate proceedings.

the Texas judge limited Plaintiffs' initial inquiry exclusively to the issue of Mr. Wheeler's domicile – the only relevant factor in determining that court's jurisdiction. Plaintiffs have been given 45 days to conduct discovery on that single issue. In addition, the Texas court has scheduled an evidentiary hearing to be held on or about June 16, 2008 to address the issue of domicile. Once it resolves the issue of its own jurisdiction, the Texas court will hold another scheduling conference to set a timeline for discovery and a jury trial on the merits of the Petition. Affidavit of Amy Stewart Sanders, dated May 15, 2008, ¶ 11 (hereinafter "Sanders Aff. #2 ¶ []").

Despite now having the opportunity to conduct discovery in Texas, Plaintiffs insist on moving forward with this case with an illusory theory of domicile. In both their Opposition Brief and filings in the Texas court, Plaintiffs have completely ignored the most compelling indicia of domicile – Mr. Wheeler's Texas driver's license, his Texas voter registration, as well as the live witnesses and sworn affidavits presented in the Texas probate proceedings. Affidavit of Amy Stewart Sanders, dated March 14, 2008, ¶¶ 5-6 (hereinafter "Sanders Aff. ¶ []"). Under applicable law, these facts are given the most weight in determining domicile, and formed the basis for the June 25, 2007 decision by the Texas court to admit the Will to probate. Sanders Aff. ¶ 19. Defendants have also presented to this Court sworn affidavits from Mr. Wheeler's business and personal associates attesting to his domicile in Texas and his business and social contacts with Texas. *See* Affidavit of Donald R. Brooks, dated March 14, 2008; Affidavit of Robert T. Howard, dated March 14, 2008.[4]

---

[4] As stated in the Affidavit of Donald R. Brooks, although Mr. Wheeler planned to acquire property in Florida, he never was able to do so, and therefore never changed his domicile. Rather than addressing this evidence, and despite having the burden of proof to substantiate their challenge to Texas domicile, Plaintiffs suggest that Mr. Wheeler was not domiciled in Texas because the final Will and Trust amendments indicate anticipated residence in Florida, and because Mr. Wheeler also had contacts with Michigan. Plaintiffs have produced no documents—no Michigan income tax returns that Mr. Wheeler would have been required to file if he were a Michigan resident, no Florida intangibles tax return which he would have been required to file through 2006 if he were a Florida resident, no Florida real estate taxes—that would support their bald assertions that Mr. Wheeler was domiciled elsewhere. The assertions by Plaintiffs that Mr. Wheeler did not like Texas, *see* Affidavit of Charlene Royce, dated April 23, 2008, ¶ 13, and had his funeral where he previously lived and still had family are not uncommon, and in no event do these assertions add to the inquiry into one's domicile. Moreover, the suggestion that Defendants engaged in improprieties with respect to Mr. Wheeler's death certificate is unfounded. They were simply clerical errors that needed to be corrected. To begin with, Ms. Bargardi was not the Executor of the Will, but was Mr. Wheeler's secretary. In addition, the Florida address listed on Mr. Wheeler's death certificate belongs to Mr. Wheeler's daughter, Michaelon A. Wright. *See* Affidavit of Margaret Bargardi, dated May 15, 2008.

Defendants respectfully submit that the evidence conclusively establishes Mr. Wheeler's domicile in the state of Texas. To the extent there is any question as to domicile and the Texas court's jurisdiction, that issue should be decided by the Texas court in the first instance, and in fact, is being litigated in the Texas court.

## II.     PLAINTIFFS MISSTATE APPLICABLE LAW.

### A.     The Probate Exception Is Not Defeated By An Inapplicable Will/Trust Distinction.

Plaintiffs' entire argument against the application of the probate exception to diversity jurisdiction is premised on a distinction between will and trust instruments which is inapplicable here and of dubious validity generally. As illustrated in our Opening Brief, the Supreme Court in *Marshall v. Marshall*, 547 U.S. 293 (2006), addressed the probate exception in the context of a pour-over will and trust, and could easily have held the probate exception inapplicable to trusts. Tellingly, it did not. Even if the distinction still has force, no case cited by Plaintiffs addresses the circumstance here, where the Will and Trust are interlocked.

Plaintiffs suggest that Defendants are interpreting *Marshall* too broadly, suggesting that "the probate exception is no broader in this regard than the *Princess Lida* doctrine ... under which a court of general jurisdiction will refrain from hearing disputes concerning property already in the jurisdiction of a probate court." Opp. Br. at 9-11. Plaintiffs' argument misses the point because Defendants are asserting a challenge under *both* prongs of the probate exception. Memorandum of Law In Support of Defendants' Motion to Dismiss at 13-15.[5] Moreover, as explained below in Part II.B, the *Princess Lida* doctrine applies where the court *must* control the property in order to administer the Trust.

Plaintiffs further seek to sidestep the holding in *Morin v. Blevins*, in which the federal court in California addressed the exact question whether an action to construe a no-contest

---

[5] The Supreme Court explained the two prongs of the probate exception as follows: "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 311-12.

5

provision in a Trust fell within the scope of the probate exception. Case No. CV F 97-1061, 2007 U.S. Dist. LEXIS 95422 (E.D. Cal. Dec. 21, 2007). That court concluded that "[c]onstruction of trust instruments and the power to compel an accounting lie at the heart of the probate court's jurisdiction over the administration of trusts," and dismissed a diversity action in light of the probate exception. *Id.* at 8. Given the provisions in the Trust here, as well as the interlocking clauses described above, the reasoning in *Morin* is dispositive.

### 1. The Texas Probate Court Has Exclusive Jurisdiction Over the Trust Under Texas Law.

Statutory probate courts in Texas have "jurisdiction over any matter appertaining to an estate or incident to an estate." Tex. Prob. Code § 5(h). Issues "appertain to" and are "incident to" an estate when the outcome of the action will have a direct bearing on the collection, assimilation or distribution of the assets of the estate. *English v. Cobb*, 593 S.W.2d 674, 676 (Tex. 1979). Here, where the Will and Trust operate in tandem to control the "settlement, partition or distribution of the estate," Tex. Prob. Code Ann. §§ 5(h), 5A(a), the Estate cannot be settled without the Trust.[6] Thus, the construction of the Trust has a direct and inescapable bearing on the collection, assimilation, and distribution of assets of the Estate.

Contrary to Plaintiffs' myopic interpretation of it, *Bailey v. Cherokee County Appraisal Dist.* is determinative of the Texas court's jurisdiction over the issues raised in the Amended Complaint. *Bailey* held that by virtue of the ongoing administration of the estate in a county court sitting in probate, an action to collect ad valorem taxes could not be brought in district court because the county court "alone had jurisdiction over matters incident to the estate." 862 S.W. 2d 581, 585 (Tex. 1993). Here, the Petition seeks approval of the Co-Trustees' obligation under the Trust to pay the obligations accruing against the Estate from Trust assets if the Estate

---

[6] With respect to the debts of the Estate, Mr. Wheeler's Will authorizes the Personal Representative "to direct the Trustee of the Trust Agreement to pay all or any portion of taxes which my Personal Representative is directed to pay..." Sanders Aff. ¶ 7 (Exh. 5 ¶ 8A(1)(e)). The Trust, in turn, obligates the Trustee pay from the Trust assets Mr. Wheeler's debts owing at the time of his death, his funeral and burial expenses, and administration expenses. Chudy Aff. ¶ 5 (Exh. 3 ¶ 10A(4)). The Will bequeaths all residuary assets to the Trust, Sanders Aff. ¶ 7 (Exh. 5 ¶ 4), which in turn, specifies the distribution of gifts to Mr. Wheeler's heirs, Chudy Aff. ¶ 4 (Exh. 2 ¶ 2A).

were insolvent. Due to the interlocking provisions in the documents, the Trust is not merely "incident to" the Estate, it is *necessary* for an administration of the Estate.

### 2. If the Texas Probate Court Has Concurrent Jurisdiction, Such Jurisdiction Is Dominant.

Plaintiffs suggest that a district court can never exercise its concurrent jurisdiction over an inter vivos trust under section 5A(b) of the Texas Probate Code, if the court assumed dominant jurisdiction over such trust when a will was filed for probate. Opp. Br. at 6. Plaintiffs are wrong. First, not every matter involving an inter vivos trust presents a matter "appertaining to" or "incident to" an Estate. *This* Trust, however, is an integral part of Mr. Wheeler's estate plan and thus undoubtedly "appertains to" the Estate since it relates to the "collection, settlement, partition, and distribution of estates." Tex. Prob. Code 5A(b). Second, even if an inter vivos trust "appertain[ed] to" or was "incident to" an estate, the probate proceedings could have come to an end before the suit over the trust was brought. Finally, there are many instances in which a decedent's estate is not brought before the probate court at all. If all assets passed *exclusively* through a trust, there would be no need to open a probate proceeding. In such cases, the district courts and the probate courts would have concurrent jurisdiction over inter vivos trusts.[7] Again, that is not the case here. In light of the interlocking provisions, both the Will and Trust assets must be utilized together to pay Mr. Wheeler's liabilities, taxes and administration expenses, and dispose of Mr. Wheeler's property.

---

[7] Plaintiffs also claim that the Texas court could not "even exercise original jurisdiction" over the Trust. Opp. Br. p. 8. This statement is not only irrelevant, because the probate court has "appertaining to" jurisdiction over the matter, it is plainly incorrect as demonstrated by the Plaintiffs' own pleadings and affidavits. First, Plaintiffs have provided no basis for setting aside the situs designation by the Co-Trustees pursuant to the terms of the Trust. *See* Sanders Aff. ¶ 16; Chudy Aff. ¶ 5 (Exh. 3 ¶ 10B(6)) ("[T]he Trustee of each trust created under this Trust Agreement has discretion at any time or times to transfer the situs of such trust to such other state of the United States of America … After the Trustee's transfer of the situs of a trust pursuant to this Section 10B(6), the administration of such trust shall be governed by the law of the new situs of such trust, and all references to state and local law under this Trust Agreement shall be deemed to include references to the relevant law of the new situs."). Ignoring the change of situs, Plaintiffs misapply the law they cite. Plaintiffs suggest that the Court look to the "situs of administration" for the last four years to determine where it should be administered now. During his lifetime, Mr. Wheeler was the "grantor and sole lifetime trustee of the Trust." Berry Decl. ¶ 3. Under their formulation, because he was domiciled in Texas for several years prior to his death, the proper situs of administration for the Trust is Texas as well.

### 3. The Texas Probate Court Can Exercise Jurisdiction Over an Independent Administration.

Plaintiffs rely on an unsupported statement from a Texas Bar Journal article to argue that the Texas court cannot exercise jurisdiction over the Trust because the Estate is being independently administered. That article, however, is inconsistent with Texas law. While a Texas probate court's jurisdiction over an independently-administered estate is limited pursuant to Section 145(h) of the Probate Code, the court's jurisdiction is not eliminated, and Texas law does *not* preclude an independent executor from bringing an action for declaratory judgment as a matter incident to an estate pursuant to Sections 5A(b) and 5(f) of the Probate Code. *In re Estate of Bean,* 206 S.W.3d 749, 756-58 (Tex.App.—Texarkana, 2003, pet. denied); *Estate of Bertha H. Lee, deceased*, 981 S.W.2d 288, (Tex. App.—Amarillo, 1998, pet. denied); *Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 392-94 (Tex.App.—Corpus Christi, 2000, pet. denied). Pursuant to Section 5(f) of the Probate Code, "[A]ll courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate...."

### B. Plaintiffs Misapprehend the Scope of the Princess Lida Doctrine.

In *Princess Lida*, the Supreme Court held that a federal court must defer to a state court action exercising jurisdiction over a res not only when the property has been actually seized, but also to suits that "are brought to marshal assets, administer trusts, or liquidate estates . . . where to give effect to its jurisdiction, the court must control the property." *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939). In this case, the Texas probate court simply cannot accomplish administration of the Estate without exercising complete control over the Trust – *i.e.*, it *must* control the property. In keeping with the doctrine established under the *Princess Lida* case, the Trust and Estate operate in tandem and must be administered under Texas law by the Texas probate court.

Under Texas law, "the court in which suit is first filed acquires dominant jurisdiction to the exclusion of coordinate courts." *Bailey*, 862 S.W.2d at 586. Because it is undisputed that the administration of the Estate was already pending when the Petition was filed, the jurisdiction of

8

the Texas court is dominant. Moreover, section 2(e) of the Texas Probate Code provides, "[t]he administration of the estate of a decedent, from the filing of the application for probate and administration, or for administration, until the decree of final distribution and the discharge of the last personal representative, shall be considered as one proceeding for the purposes of jurisdiction." Tex. Prob. Code § 2(e). Thus, a probate court obtains jurisdiction over a decedent's estate when the administration of the estate is opened, and the court's jurisdiction continues until the administration of the estate is closed.

The Petition was not a separate action, but rather a motion within the *same* ongoing action that was filed under the same caption, as part of the docket for the probate proceedings. It was always a distinct possibility that such as action would be necessary in light of the interlocking provisions of the Will and Trust, and in fact was brought about here because the creditors of the Estate demanded repayment and Trust assets were necessary to satisfy the liability. Thus, since May 29, 2007, the Texas probate court has been exercising exclusive jurisdiction over the administration of Mr. Wheeler's Trust and Estate.

## III. PLAINTIFFS' "DUE PROCESS" CLAIMS AND *AD HOMINEM* ATTACKS ARE UNWARRANTED AND MERITLESS.

Having little to say about the merits of their position, the Opposition Brief and supporting papers go to great lengths to suggest that defense counsel conspired to deprive Plaintiffs of their "due process" rights in the Texas proceedings, and to delay the New York action to "manufacture" jurisdiction over the Trust in Texas. These claims are groundless.

*First*, Plaintiffs' suggestion that defense counsel "requested multiple extensions of time to respond to the federal complaint, so they could rush to file the Petition in Texas" is both mistaken and disingenuous. Plaintiffs fail to explain that several of the delays were attributable to scheduling conflicts of Plaintiffs' New York counsel, including adjournments based upon counsel's *unsolicited* suggestions to extend the briefing schedule. *See* Affidavit of Richard A. Martin, dated May 15, 2008, ¶¶ 11, 13 18.

*Second*, Plaintiffs' suggestion that they suffered a "due process" violation by not being

9

previously advised of the Texas probate proceedings is baseless. To begin with, Plaintiffs fail to even address Texas law applicable at the time, which did not require personal notice. Tex. Prob. Code Ann. § 128 (2007) (effective to Aug. 31, 2007).[8] To be clear, the Texas courts have specifically held that citation by posting does not offend due process.[9]

*Finally*, Plaintiffs' suggestion that Defendants were orchestrating a "secret probate proceeding" in Texas is meritless. Plaintiffs never made any suggestion to Defendants' Michigan counsel that they intended to assert any challenge to the disposition of Mr. Wheeler's assets, never asked if the Will had been offered for probate, and never made further inquiries about any Texas proceedings despite having knowledge of Mr. Wheeler's contacts with Texas. Plaintiffs have been provided with all of the materials relating to the Trust and the Petition, have made their claims in Texas, and have suffered no harm or prejudice.

---

[8] The Texas Legislature amended this section in 2007 by requiring that certain parties be notified that a will has been admitted to probate. This requirement applies only in proceedings concerning individuals who died after September 1, 2007. S.B. No. 593 Acts of the 80th Legislature, Regular Session, 2007 §§ 5-7, eff. Sept. 1, 2007.

[9] *See, e.g., Estate of Ross*, 672 S.W.2d 315 (Tex. App. 1984, writ ref'd n.r.e.), *cert. denied*, 470 U.S. 1084 (1985). Texas courts hold that posting notice of the application for probate, when a will has been produced for the court, is sufficient without giving personal notice. The order admitting the will to probate is not such a final determination of its validity as to deny appellants a remedy. Even though the burden of proof shifts to appellants, they may contest the validity of the probated will by initiating a proceeding under TEX.PROB.CODE ANN. Sec. 93 (1980). We hold that appellee's failure to obtain personal service upon appellants does not violate the due process provision of the federal constitution."); *Soto v. Ledezma*, 529 S.W.2d 847 (Tex. Civ. App.—Corpus Christi, 1975, no writ) ("[W]hen citation has been posted in accordance with TEX. PROB. CODE ANN. § 129(a) (1956), the entire world must take notice of the proceedings for probate of a will or for appointment of an administrator. By nature such proceedings are in rem and personal notice is not necessary.").

## CONCLUSION

For the reasons set forth above and in the initial motion to dismiss for lack of jurisdiction, Defendants respectfully request that this Court dismiss the action with prejudice for lack of jurisdiction, or abstain from the exercise of jurisdiction. In the alternative, Defendants respectfully request that this Court stay these proceedings so that discovery in Texas may proceed and that the Texas court may rule on its own jurisdiction over the Estate and Trust.

DATED: May 16, 2008                    Respectfully submitted,

                                       HELLER EHRMAN LLP


                                       By:    /s/ Richard A. Martin
                                              Richard A. Martin (RM 7668)
                                              Patryk J. Chudy (PC 8815)
                                              Times Square Tower
                                              7 Times Square
                                              New York, New York 10036
                                              Phone: (212) 832-8300
                                              Facsimile: (212) 763-7600
                                              richard.martin@hellerehrman.com
                                              patryk.chudy@hellerehrman.com

                                              *Attorneys for Defendants Thomas R. Wheeler, Lisa W. Huzella, Michaelon A. Wright, 43 West 64th Street LLC, and Wheeler Family Foundation, Inc.*