UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLENE ROYCE, as parent and guardian of:
TIFFANY M. WHEELER, and TIFFANY M. :
WHEELER

                         Plaintiff,

      v.

THOMAS R. WHEELER, LISA W.
HUZELLA, and MICHAELON A. WRIGHT, : Civil Action No.: 07-CV-10968 (RWS)
each individually and as acting successor trustee :
of the Thomas M. Wheeler Revocable Trust, u/a :
dated April 9, 1986, as Amended and Restated, : AFFIDAVIT OF
43 WEST 64TH STREET LLC, a Michigan : MARGARET BARGARDI
corporation, and WHEELER FAMILY
FOUNDATION, INC., a Delaware nonprofit
corporation,

                      Defendants,

    – and –

KRYSTAL WHEELER,

               Nominal Defendant.

---

STATE OF MICHIGAN  )
                ) ss:
COUNTY OF TROY     )

      Margaret Bargardi, being duly sworn, hereby deposes and says:

      1.     I was Thomas M. Wheeler's ("Mr. Wheeler") personal assistant for 17 years, and considered him to be a friend. I am familiar with where Mr. Wheeler lived during his lifetime and where he spent time on vacations and other trips.

2.    Mr. Wheeler died in West Palm Beach, Florida on February 9, 2007.

3.    I was in a waiting room in the hospital when Mr. Wheeler died. I received a call on my cell phone from hospital staff in Florida informing me of Mr. Wheeler's death and asking me to finalize the information on his death certificate.

4.    The hospital staff asked me several questions in order to complete Mr. Wheeler's death certificate. However, the hospital staff did not ask me to identify all of the information contained in the death certificate, but rather only asked certain questions that they had left blank.

5.    I never informed the hospital staff that Mr. Wheeler's address was the one listed on the death certificate or claimed to be the Executor of his Estate.

6.    When the hospital staff completed the death certificate, they handed it to me to sign. I did not review the information on the death certificate because I was upset over Mr. Wheeler's passing.

7.    Initially the funeral home used the address "Care of TMW Enterprises," with the accompanying address for the business. However, I was asked to provide a different address because it was unusual to identify a "care of" business address for a decedent. The director of the funeral home in Kalamazoo, Michigan, asked me what address should be used. The address was changed to 530 North Ocean Drive, Apt. 1003, Juno Beach, Palm Beach County. This was a vacant unit in the same building as the home of Mr. Wheeler's daughter, Michaelon A. Wright, who resided at Apt. 1002. I then signed the death certificate.

8.    Mr. Wheeler did not live in Ms. Wright's home or in the same building. He lived with Lizeth Modesto in El Paso, Texas since March 2000.

9.    Several months later, I was informed of the discrepancies in the death certificate by the Co-Trustees. Counsel for the Co-Trustees provided me with an

Affidavit of Amendment to the Certificate of Death, in order to correct the relevant information. In the amendment, I was identified as Mr. Wheeler's secretary, not the Executor. In addition, Mr. Wheeler's residence was identified as Texas.

10.    I reviewed this document and submitted an affidavit recounting the correct information. I signed the affidavit swearing that it was "true and correct" on June 10, 2007.

*        *        *        *        *

The above facts are true and correct, to the best of my knowledge, information and belief.

DATED:    Troy, Michigan
          May 15, 2008

_____
Margaret Bargardi

Sworn to and subscribed
before me this 15 day of May, 2008.

_____
Notary

TINA SMARCH
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 08, 2014
Acting in the County of _____

3